(Effective 3/2018)

# JUDGE ORRICK'S STANDING ORDER ON
# ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

Any party seeking to file material under seal must comply with this Order and Civil Local Rule 79-5. The party that has designated material as confidential also must file a declaration in support of sealing that rebuts the strong presumption in favor of public access that applies to all documents other than grand jury transcripts and pre-indictment warrant materials. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

**A.   Administrative Motions to File Under Seal**

Administrative motions to file materials under seal must contain the following information, presented in the following sequence:

1. A statement certifying that the filing party has reviewed and complied with this Order.
2. A statement certifying that the filing party has reviewed and complied with Civil Local Rule 79-5.
3. An identification of each document, documents, or portions of documents proposed to be sealed or redacted.
4. A statement identifying the entity that has designated the materials to be sealed as confidential. If a party seeks to seal numerous documents, the party shall provide a chart identifying the entity that designated each document as confidential.
5. A statement identifying the basis for sealing each document or portion of a document. If a party seeks to seal numerous documents, the party shall provide a chart identifying the basis for sealing each document or portion of a document. If the portions of documents sought to be sealed are voluminous, the Court will consider a single statement covering multiple documents if the basis for sealing those materials is the same.
6. All other materials required by the Local Rule, including courtesy copies in the correct format. *See* CIVIL L.R. 79-5(d).

**B.   Justification for Filing Under Seal**

The following requirements apply to the Administrative Motion and/or declaration filed by the entity that has designated the material as confidential.

The party seeking to seal the material must establish that the following requirements are met:

1. The document or document portion sought to be sealed is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." CIVIL L.R. 79-5(b). Supporting declarations must "'articulate [ ] reasons supported by specific factual findings'" to warrant sealing. *Kamakana*, 447 F.3d at 1178. Note that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." CIVIL L.R. 79-5(d)(1)(A). Conclusory assertions of harm are also insufficient.
2. The "strong presumption of access to judicial records" is rebutted under the appropriate legal standard, i.e., the "good cause" or "compelling reasons" standard. The standard that

(Effective 3/2018)

    applies depends on whether the underlying motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The Administrative Motion or declaration must identify the appropriate standard and articulate why the materials to be sealed satisfy that standard. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

3.    The request is "narrowly tailored to seek sealing only of sealable material" and does not indiscriminately seek to seal documents or portions of documents which do not contain sealable material. CIVIL L.R. 79-5(b).

**C.**    **Proposed Orders and Service**

1.    Proposed Orders must identify with specificity each document, documents, or portions of documents proposed to be sealed or redacted in compliance with Civil Local Rule 79-5(d)(1)(B). If a party seeks to seal numerous documents, the Proposed Order should include a chart identifying each document or portion of a document sought to be sealed and the justification for each proposed sealing.

2.    Electronic copies of proposed orders must be sent in Word format to whopo@cand.uscourts.gov.

3.    The filing party must serve the above items, this Order, and a copy of Civil Local Rule 79-5 upon (i) any party who is not on ECF, and (ii) any non-party that has designated as confidential any material to be sealed. The filing party must then file a certificate of service to confirm that it has complied.

**D.**    **E-filing**

1.    For instructions on how to e-file the Administrative Motion to File Under Seal, see the directions on the Court's homepage at http://cand.uscourts.gov/ecf/underseal.

2.    If the document sought to be filed under seal is a motion (for example, a motion to dismiss, a motion for summary judgment), counsel shall e-file, separately from the contents and attachments of the Administrative Motion to File Under Seal discussed above, a redacted version of the Motion. That separate filing will allow counsel to select a hearing date for the substantive Motion.

**FAILURE TO COMPLY WITH THIS STANDING ORDER AND THE LOCAL RULES MAY RESULT IN SUMMARY DENIAL OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL.**

Dated: March 23, 2018

                                                        William H. Orrick
                                                        United States District Judge

(Effective 1/2018)

# JUDGE ORRICK'S STANDING ORDER FOR CIVIL CASES

**1.    Conformity to Rules**

Parties shall follow the Federal Rules of Civil Procedure, the Civil Local Rules, and the General Orders of the Northern District of California, except as superseded by this Court's Standing Orders.

**2.    Communication with the Court**

Unless otherwise authorized, parties shall not attempt to make *ex parte* contact with the Judge or his Chambers staff by telephone, facsimile, letter, or any other means but may contact Judge Orrick's Courtroom Deputy, Jean Davis, at whocrd@cand.uscourts.gov or 415-522-2077 with appropriate inquiries.

**3.    Scheduling**

Civil Law and Motion Calendar is generally conducted on Wednesdays at 2:00 p.m. in Courtroom 2 on the 17th floor.

Civil Case Management Conferences are generally conducted on Tuesdays at 2:00 p.m. in Courtroom 2 on the 17th floor. See Judge Orrick's Standing Case Management Conference Order for information on telephonic appearances for CMCs.

Pretrial Conferences are generally conducted on Mondays at 2:00 p.m. in Courtroom 12 on the 19th floor.

Counsel need not reserve motion hearing dates, but should check Judge Orrick's calendar (at www.cand.uscourts.gov under "Calendar" and "Judges' Weekly Calendars") or contact his Courtroom Deputy to determine the next available law and motion calendar date. Motions may be reset as the Court's calendar requires. The order of call on each calendar will be determined by the Court.

**4.    Discovery Disputes**

In the event of a discovery dispute, lead trial counsel for the parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer.

If, after a good faith effort, the parties have not resolved their dispute, they shall prepare a concise joint statement of five pages or less, stating the nature and status of their dispute, and certifying that they have met the meet-and-confer requirement. Absent an order of this Court, parties shall not file affidavits or exhibits, other than copies of the written requests for discovery and the answers or objections thereto.

If a joint statement is not possible, each side may submit a brief individual statement of two pages or less. In addition to the certification of compliance with the meet-and-confer requirement, the individual statement shall include an explanation of why a joint statement was not possible. The joint statement or individual statements shall be filed or e-filed, if in an e-filing case, and courtesy copies submitted as provided by the Civil Local Rules.

The Court will advise the parties of the need, if any, for more formal briefing or a hearing, pursuant to Civil Local Rule 7-1(b). The Court may also elect to refer the matter to a magistrate judge or special master. If a magistrate judge is assigned to a case for discovery, that judge shall handle any future discovery disputes in that case and the parties shall comply with the procedures set by that judge for discovery.

(Effective 1/2018)

5.  **Courtesy Copies**

All courtesy copies must be three-hole punched at the left margin. All courtesy copies of e-filed documents must bear the ECF stamp (case number, document number, date and page number) on the top of each page. Exhibits to motions or declarations shall be tabbed and numbered or lettered. Motions and briefs that are more than 50 pages in length, including exhibits, shall be submitted to chambers in binders. Courtesy copies are not required for certificates and proofs of service, notices of appearance, certificates of interested parties, and ADR certifications.

6.  **Summary Judgment Motions**

Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court.

7.  **Class Action Settlements**. Counsel are reminded to review and comply with the Northern District's Procedural Guidance for Class Action Settlements available on the Court's website at www.cand.uscourts.gov/ClassActionSettlementGuidance.

8.  **Service of Standing Order**

Plaintiff (or in the case of removed cases, any removing defendant) is directed to serve copies of all Judge Orrick Standing Orders at once upon all parties to the action, and upon those subsequently joined, in accordance with the provisions of Federal Rules of Civil Procedure 4 and 5 and to file with the Clerk of Court a certificate reflecting such service, in accordance with Civil Local Rule 5-5(a).

9.  **Unrepresented (Pro Se) Parties**

Parties representing themselves should visit the link titled "If You Don't Have a Lawyer" on the Court's homepage, www.cand.uscourts.gov. The link discusses the Court's "Legal Help Center" for unrepresented parties. The Legal Help Center can be reached at 415-782-8982. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the courthouse at 450 Golden Gate Avenue. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the courthouse at 1301 Clay Street.

**IT IS SO ORDERED.**

Dated: 1/18/2018

William H. Orrick
United States District Judge

# STANDING ORDER FOR ALL JUDGES
# OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. Class Actions: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

*Effective November 1, 2018*

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

20. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.