1  **JASSY VICK CAROLAN LLP**
   JEAN-PAUL JASSY, Cal. Bar No. 205513
2     jpjassy@jassyvick.com
   KEVIN L. VICK, Cal. Bar No. 220738
3     kvick@jassyvick.com
   ELIZABETH BALDRIDGE, Cal. Bar No. 313390
4     ebaldridge@jassyvick.com
   800 Wilshire Boulevard, Suite 800
5  Los Angeles, CA 90017
   Telephone:   (310) 870-7048
6  Facsimile:   (310) 870-7010

7  Attorneys for Defendants Twentieth Century
   Fox Film Corp. and Lightstorm Entertainment Inc.
8

9

10
                    UNITED STATES DISTRICT COURT
11
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
12

13 | STEVE WILSON BRIGGS,                          | Case No.: 3:20-cv-01596-WHO
                                                     Hon. William H. Orrick
14 |          Plaintiff,

15 |      v.                                       | **DEFENDANTS TWENTIETH CENTURY FOX FILM CORP. AND LIGHTSTORM ENTERTAINMENT INC.'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME UNDER CIVIL L.R. 6-3**
16 | JAMES CAMERON; TWENTIETH
     CENTURY FOX FILM CORP.; NEWS
17 | CORP.; GOOGLE LLC; INTERNET
     ARCHIVE; ZERO GRAVITY;
18 | LIGHTSTORM ENTERTAINMENT INC.;
     MICHAEL PIERCE; MARK WILLIAMS;
19 | and ROBERT KAMEN,

20 |          Defendants.
                                                     Current Due Date: May 22, 2020
21                                                   Proposed New Due Date: June 22, 2020

22

23

24

25

26

27

28

---

MOTION TO ENLARGE TIME UNDER CIVIL L.R. 6-3

1

1  TO PLAINTIFF IN *PROPRIA PERSONA*, ALL OTHER PARTIES AND THEIR COUNSEL:

2       PLEASE TAKE NOTICE THAT Defendants Twentieth Century Fox Film Corp. ("Fox")
3  and Lightstorm Entertainment Inc. ("Lightstorm") hereby move for an order enlarging their time to
4  respond to Plaintiff's Complaint by one month, until June 22, 2020, pursuant to Civil Local Rule 6-3.

5       Fox and Lightstorm seek an order enlarging time because the extraordinary length of the
6  Complaint totaling ***845 pages*** plus four videos, will require additional time for analysis and response
7  beyond that typically needed to respond to a complaint. Fox and Lightstorm will be substantially
8  harmed if not granted an extension of time, and will be unable to meaningfully respond to the
9  Complaint. Counsel for Fox and Lightstorm contacted Plaintiff in *propria persona* to seek his
10 agreement to stipulate to an extension of time, but he refused to agree to an extension. There have
11 been no previous extensions of time, and the requested extension should not affect the schedule of
12 the case as the case is still at the pleadings stage and the Rule 16 scheduling conference has not yet
13 occurred.

14      Fox and Lightstorm's Motion is based on this Notice, the attached Memorandum of Points
15 and Authorities, the attached Declaration of Jean-Paul Jassy with Exhibit A, the pleadings, files, and
16 records in this case, and any other evidence or argument as may be presented.

17      This Motion is without waiver of any arguments or defenses Fox or Lightstorm might have,
18 including but not limited to failure of proper service, and they each expressly reserve all rights,
19 defenses, claims and remedies.

20 Dated: May 16, 2020       **JASSY VICK CAROLAN LLP**

21

22

23                By   /s/ Jean-Paul Jassy
                     JEAN-PAUL JASSY
24                      Attorneys for Defendants
                     Twentieth Century Fox Film Corp. and Lightstorm
25                      Entertainment Inc.

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants Twentieth Century Fox Film Corp. ("Fox") and Lightstorm Entertainment, Inc. ("Lightstorm") seek additional time under Civil Local Rule 6-3 to respond to Plaintiff Steve Wilson Briggs's voluminous Complaint, and their ability to meaningfully evaluate and respond to the pleading will be prejudiced if they are not afforded extra time. Plaintiff's enormous 684-paragraph, 135-page Complaint with over 150 paper exhibits, plus four "video exhibits," totaling *845 pages* plus four videos, ECF Nos. 1, 1-1, presents an unintelligible account of what Plaintiff claims gives rise to his asserted claims. Given the heft of the Complaint, and because they recently retained counsel in this matter, Fox and Lightstorm need additional time to assess and respond to the Complaint. Fox and Lightstorm respectfully request that the Court permit them a modest one-month extension of time to respond, until June 22, 2020. Fox and Lightstorm asked Plaintiff for such an extension, but he refused. Fox and Lightstorm have not previously sought any enlargement of time in this matter. Given that the case is still at the pleadings stage and the Rule 16 scheduling conference has not yet occurred, the requested extension should not have any material effect on the schedule for the case. This Motion is supported by the Declaration of Jean-Paul Jassy ("Jassy Decl.") and the concurrently-filed Proposed Order per Local Rule 6-3.

## II. GOOD CAUSE EXISTS TO ENLARGE FOX AND LIGHTSTORM'S TIME TO RESPOND TO THE COMPLAINT.

Plaintiff's 135-page Complaint contains 684 paragraphs and over *700* additional pages of exhibits. *See* ECF Nos. 1; 1-1 through 1-16. The huge, drawn-out pleading is extremely difficult to decipher, makes various allegations with respect to nearly a dozen different defendants, and also refers extensively to Plaintiff's own alleged source material underlying his claims. *See generally id.* Fox and Lightstorm understand Plaintiff's Complaint to be the latest in a string of at least three lawsuits based on Plaintiff's same alleged underlying screenplay, with similar cases before Judge Phyllis J. Hamilton and Judge Vince Chhabria of this District Court (*Briggs v. Universal Pictures*, No. 3:17-cv-06553; *Briggs v. Spacey*, No. 3:18-cv-04952). Jassy Decl. ¶ 4. The pleading at issue

1 requires analyzing an extraordinary amount of material to determine whether numerous potential defenses for Fox and Lightstorm may apply, which will take additional time beyond that typically needed for a response to a Complaint. *Id.* at ¶ 3.  Further, Fox and Lightstorm only recently retained counsel in this action and do not concede defenses based on defects in service. *Id.* at ¶ 3.

Given these complicating factors, counsel for Fox and Lightstorm contacted Plaintiff in *propria persona* to seek his agreement to stipulate to an extension of time, but he refused to agree to an extension. *See* Jassy Decl. ¶ 5; Ex. A.

If Fox and Lightstorm are not granted an enlargement of time to respond to Plaintiff's Complaint, they will be substantially harmed because they will be denied the reasonable benefit of an appropriate length of time for counsel to analyze and prepare a response to an exceptionally complex and voluminous pleading, which, on its face, appears to be in clear violation of Rule 8(a) of the Federal Rules of Civil Procedure. Jassy Decl. ¶ 3; Fed. R. Civ. Proc. 8(a) (requiring a "short and plain statement" of the case).  Since the case is still at the pleadings stage and the Rule 16 scheduling conference has not yet occurred, the requested extension should not have any material effect on the case schedule. Jassy Decl. ¶ 3.

## III.   CONCLUSION

For the above reasons, Fox and Lightstorm respectfully request an order enlarging their time to respond to the Complaint pursuant to Local Rule 6-3, and allowing them until June 22, 2020, to respond.

Respectfully submitted,

Dated: May 16, 2020                              JASSY VICK CAROLAN LLP

                                                                 */s/ Jean-Paul Jassy*
                                                                 JEAN-PAUL JASSY
                                                                 Counsel for Defendants Twentieth Century
                                                                 Fox Film Corp. and Lightstorm Entertainment Inc.

# DECLARATION OF JEAN-PAUL JASSY

1. I am a partner of Jassy Vick Carolan LLP, counsel for Defendants Twentieth Century Fox Film Corp. ("Fox") and Lightstorm Entertainment Inc. ("Lightstorm"). The following facts are true of my own personal knowledge.

2. Plaintiff Steve Wilson Briggs's Complaint, including exhibits, contains 845 pages of written material plus four videos, which counsel for Fox and Lightstorm will need to evaluate and analyze in order to respond to the Complaint, and properly defend Fox and Lightstorm.

3. Fox retained Jassy Vick Carolan LLP in this matter on May 13, 2020, and Lightstorm asked Jassy Vick Carolan LLP to serve as its counsel on May 15, 2020. In addition to analyzing Plaintiff's voluminous and difficult-to-decipher Complaint and exhibits, Fox and Lightstorm are considering the availability of other procedural defenses, including possible defects in service of process. These issues in combination with the fact that Fox and Lightstorm recently retained counsel necessitate the enlargement of time to properly evaluate and respond to the Complaint. Fox and Lightstorm accordingly seek a one-month extension of time, until June 22, 2020 to respond to the Complaint. Without this extension, Fox and Lightstorm's time in which to respond to the Complaint will be grossly incongruous with the length and complexity of the Complaint, and Fox and Lightstorm will be substantially harmed in their ability to evaluate and defend against Plaintiff's suit. Given that the case is still at the pleadings stage, the requested extension should not have any material effect on the schedule for the case.

4. Based on my preliminary assessment of this case, I understand Plaintiff's Complaint to be the latest in a string of at least three lawsuits based on Plaintiff's same alleged underlying screenplay, with similar cases before Judge Phyllis J. Hamilton and Judge Vince Chhabria of this District Court (*Briggs v. Universal Pictures*, No. 3:17-cv-06553; *Briggs v. Spacey*, No. 3:18-cv-04952).

5. Given these complicating factors, on May 15, 2020, I contacted Plaintiff in *propria persona* via email and asked if he would agree to an extension of time for Fox to respond to the Complaint. He responded the same day, refusing to grant an extension. Later that day, after Jassy Vick Carolan LLP had been asked to also defend Lightstorm in this action, I emailed Plaintiff again

to inform him of Jassy Vick Carolan LLP's representation of Lightstorm. I asked him to let me know if his answer regarding a stipulated extension of time would be different for Lightstorm. Again, Plaintiff refused the requested extension. A true and correct copy of our email correspondence on the subject as of the filing of this Declaration is attached as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles County, California, on May 16, 2020.

/s/ *Jean-Paul Jassy*
Jean-Paul Jassy

# EXHIBIT A



Jean-Paul Jassy <jpjassy@jassyvick.com>

## Briggs v. Cameron, et al, N.D. Cal., Case No. 20-CV-1596-WHO

**Jean-Paul Jassy** <jpjassy@jassyvick.com>  Fri, May 15, 2020 at 8:52 PM
To: Steve Wilson Briggs <snc.steve@gmail.com>

Dear Mr. Briggs,

Thank you for your email.  Lightstorm will waive any defects in service if you will agree to an extension for both Fox and Lightstorm to respond to the Complaint until June 22, 2020.  That would save you the trouble and expense of sending out a process server on Lightstorm.  If that is not acceptable, Lightstorm reserves the right to contest service, and Fox and Lightstorm will ask the Court for an extension.  I look forward to your response.

Thank you,
JP Jassy


**Jean-Paul Jassy**

Jassy Vick Carolan LLP | 310-870-7048 | jpjassy@jassyvick.com
800 Wilshire Boulevard, Suite 800 | Los Angeles, CA 90017
jassyvick.com



This e-mail may contain confidential and/or privileged material.  Any review or distribution by anyone other than the intended recipient is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies of this e-mail immediately.  This email does not establish an attorney-client relationship.

---

 Virus-free. www.avast.com

On Fri, May 15, 2020 at 5:43 PM Steve Wilson Briggs <snc.steve@gmail.com> wrote:
> Mr. Jassy,
>
> After speaking again with the person who served Lightstorm (a person who is not a professional process server), your apparent position that Lightstorm was not properly served is reasonable. Therefore, I intend to serve Lightstorm again, just to be safe. Moving forward, Lightstorm, Cameron, and all other California-based parties who have not yet been served will be served by professional process servers.
> As for your question about granting Lightstorm an extension... The answer is the same. Because none of the Defendants responded to my request to waive service, I will NOT agree to an extension for any Defendant, including Lightstorm.
> Moving forward, at such point that the Defendants show a willingness to be cooperative, of course, I will respond in kind.
> Thanks.
>
> Steve Wilson Briggs
>
>
> On Fri, May 15, 2020 at 4:55 PM Jean-Paul Jassy <jpjassy@jassyvick.com> wrote:
>> Dear Mr. Briggs,

Although I would have preferred a different response, I do appreciate that you responded promptly. Thank you for that. Since sending my last email to you, we have also been asked to represent defendant Lightstorm Entertainment. Without conceding that Lightstorm was properly served, I gather that your position on an extension for Lightstorm is the same as for Twentieth Century Fox Film Corp ("Fox"). If I am incorrect, please let me know. We intend to ask the Court for relief for Fox and Lightstorm, and reserve all rights.

Best regards,
JP Jassy

**Jean-Paul Jassy**

Jassy Vick Carolan LLP | 310-870-7048 | jpjassy@jassyvick.com
800 Wilshire Boulevard, Suite 800 | Los Angeles, CA 90017
jassyvick.com



This e-mail may contain confidential and/or privileged material. Any review or distribution by anyone other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies of this e-mail immediately. This email does not establish an attorney-client relationship.

On Fri, May 15, 2020 at 3:53 PM Steve Wilson Briggs <snc.steve@gmail.com> wrote:
> Mr Jassy,
>
> (I appreciate the courteous tone of your email.)
> Ordinarily, I might be agreeable to such an extension. However, in this case, about seven weeks ago, I sent ALL 10 Defendants, including Twentieth Century Fox Film Corporation, a request to waive service of summons (which would have given your client a 30-day extension); but ALL 10 Defendants ignored my request. Thus, I was forced to print about 10,000 pages of documents, and arrange service for all 10 Defendants (a considerable expenditure of my money and time). I interpret this uniform non-reply to my request to waive service as a coordinated and decidedly adversarial response. Thus, I am NOT willing to grant your client an extension.
> Again, just for clarity, I am NOT willing to grant your client an extension.
> Thanks.
>
> Steve Wilson Briggs
>
> On Fri, May 15, 2020 at 12:59 PM Jean-Paul Jassy <jpjassy@jassyvick.com> wrote:
>> Dear Mr. Briggs,
>>
>> We have just been hired to represent Twentieth Century Fox Film Corp. in your lawsuit referenced in the subject line of this email.
>>
>> I am writing to ask if we can please have an extension of time to respond to the Complaint. We request a one month extension, such that the new response deadline would be June 22, 2020.
>>
>> I would appreciate if you could please let me know at your earliest convenience.
>>
>> Thank you,
>> JP Jassy
>>
>>
>> **Jean-Paul Jassy**
>>
>> Jassy Vick Carolan LLP | 310-870-7048 | jpjassy@jassyvick.com
>> 800 Wilshire Boulevard, Suite 800 | Los Angeles, CA 90017

jassyvick.com

# JASSY VICK CAROLAN
#### LOS ANGELES  SAN FRANCISCO

This e-mail may contain confidential and/or privileged material.  Any review or distribution by anyone other than the intended recipient is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies of this e-mail immediately.  This email does not establish an attorney-client relationship.

 Virus-free. www.avast.com

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over the age of eighteen years and not a party to this action.  My business address is 800 Wilshire Blvd., Suite 800, Los Angeles, CA 90017.

On May 16, 2020, I served true copies of the following document(s) described as:

**DEFENDANTS TWENTIETH CENTURY FOX FILM CORP. AND LIGHTSTORM ENTERTAINMENT INC.'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME UNDER CIVIL L.R. 6-3**

on the interested party(ies) in this action as follows:

Steve Kenyatta Wilson Briggs
681 Edna Way
San Mateo, California 94402
510-200-3763
snc.steve@gmail.com

☑   **BY ELECTRONIC MAIL (E-MAIL):**  I caused the said document(s) to be transmitted by e-mail to the person(s) at the email address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☑   **BY FIRST-CLASS MAIL:**  I deposited said document(s) in a sealed envelope(s) in a United States Postal Service mailbox in Los Angeles County, California, for delivery, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 16, 2020, at Los Angeles, California.

*/s/ Jean-Paul Jassy*
Jean-Paul Jassy