Steve Wilson Briggs
4322 Chico Ave.,
Santa Rosa, CA 95407
510 200 3763
snc.steve@gmail.com
PLAINTIFF In Propria Persona

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| STEVE WILSON BRIGGS, | Civ No: 20-cv-1596-WHO |
|---|---|
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION'S AND LIGHTSTORM ENTERTAINMENT INC'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER** |
| vs | |
| JAMES CAMERON et al, | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION'S AND LIGHTSTORM ENTERTAINMENT INC'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER**

Plaintiff filed the Complaint in this matter on March 4, 2020.

March 23, 2020, Plaintiff sent EACH of the Defendants a Request to Waive Service of Summons (see **Exhibit A**).

Each of the 10 Defendants (**Defs**) ignored Plaintiff's Requests to Waive Service of Summons, and refused or failed to respond to or acknowledge the Request.

Thus, Plaintiff served the Defendants, conventionally.

If, as this matter progresses, Plaintiff has a valid basis to request an extension, he will do so, AND he believes that the Defendants are also entitled to do so, IF the basis and need is legitimate. However, in this case, the Defs' Motion For Extension Of Time To File Answer—and the onslaught of motions for extensions of time to file Answers that the other

Defs are likely to file—is/are not motivated by a legitimate need.

If the Defs had a legitimate need for more time, they might have contacted Plaintiff and asked if he would stipulate to an additional 30 days (on top of the time allotted by the Request to Waive) if the Defs agreed to waive service. This would have given the Defendants even more time than the Defendants now seek from the Court. But the Defendants did not do this.

Why?

Because the Defs made a mean-spirited and cynical gamble that the Plaintiff would not be able to serve them during this current Coronavirus (Covid-19) pandemic.

**Plaintiff filed his Complaint on March 4, 2020, <u>TEN (10) days before mayor London Breed's shelter-in-place order, and 15 days before Gavin Newsom's shelter-in-place order</u>. Thus, Plaintiff had no idea how difficult process service would soon become. However, by the time the Defs received Plaintiff's Request To Waive Service (March 23, 2020, <u>nine (9) days after London Breed's shelter-in-place order</u>), the Defs knew serving them would be difficult.** Thus, the Defs believed that Plaintiff would be unable to serve them under the sudden shelter-in-place orders. The Defs reasoned that once Plaintiff failed to serve them, the Court would then dismiss the unserved Defendants from the case—or maybe dismiss the entire case. This coordinated decision to ignore Plaintiff's Request to Waive Service of Summons also exposed Plaintiff to serious risk, as Plaintiff traveled (amid a pandemic) to process servers' houses in Sacramento and Santa Rosa, and to various post offices, to send packages to process servers in L.A and San Francisco.

When the Defendants' gamble failed, and the Plaintiff actually served the Defendants, on May 15, 2020, the Defendants then asked Plaintiff to agree to an extension (one day before the Defense Counsel moved the Court for an extension). Plaintiff refused this request because the Defendants all recklessly ignored his Request to Waive Service of Summons, thereby forcing Plaintiff to arrange for and pay for professional process service in the midst of this current Coronavirus pandemic.

The Complaint in this matter is **142 pages**, plus 750 pages of exhibits. This is indeed a long complaint. But it is VERY possible to respond to such a complaint in a timely manner —particularly when your clients are prominent corporations and your legal team is vast. The Defs' trouble producing an Answer in a timely manner is not because the Complaint is long, etc., it is because the Complaint's facts cannot be refuted. If this is not the reason for the delay, and the facts are easily explained or refuted, let the Defendants submit their Answer, posthaste, without an extension. But if it **is** the reason for the delay, an inability to refute a complaint's facts would never qualify as a basis for an extension.

By not agreeing to to Plaintiff's Request to Waive Service of Summons, during a pandemic, the Defendants gambled with the Plaintiff's health, and lost. This gamble should not be rewarded with an extension.

**CONCLUSION**

For all of the foregoing reasons, Twentieth Century Fox Film Corporation's and Lightstorm Entertainment Inc's Motion For An Extension Of Time To File Answer should be **denied**, and the Defendants' failure to submit their Answer by the existing deadline should result in summary judgment, in favor of Plaintiff.

Dated: May 17, 2020.

Respectfully Submitted,

By: /s/ Steve Wilson Briggs

Plaintiff, In Propria Persona