UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE KENYATTA WILSON BRIGGS,<br><br>Plaintiff,<br><br>v.<br><br>JAMES CAMERON, et al.,<br><br>Defendants. | Case No. 3:20-cv-01596-WHO<br><br>**ORDER ADDRESSING VARIOUS REQUESTS**<br><br>Re: Dkt. Nos. 4, 8, 18, 21 |

Before me are several requests. First, pro se plaintiff Steve Wilson Briggs requests permission for electronic case filing. Dkt. No. 4. That request is GRANTED.

Second, Briggs requests an indefinite extension of the deadline for service due to the COVID-19 pandemic. Dkt. No. 8. Briggs indicates that he has served the corporate defendants, although he intends to serve Lightstorm Entertainment Inc. ("Lightstorm") again because of deficiencies he has outlined. Dkt. Nos. 16, 21. As far as the individual defendants, Briggs initially indicated that serving them would be difficult and requested that I order the U.S. Marshals Service to do so. Dkt. No. 16. More recently, however, he wrote that he "intends to have all Defendants served before the service deadline (June 2, 2020)." Dkt. No. 21. It appears that Briggs's request is moot; it is therefore TERMINATED. He is free to file a further extension request if needed (but he should indicate a specific date rather than requesting an indefinite extension).

Third, defendants Twentieth Century Fox Film Corp. ("Fox") and Lightstorm move for a one-month extension of time to respond to the complaint. Dkt. No. 18. Briggs opposes because none of the defendants afforded him similar courtesy with regard to service waivers. Dkt. No. 20. Given the length of the complaint, the modest request is reasonable; it is GRANTED. Fox and

Lightstorm shall respond to the complaint on or by **June 22, 2020**.

Fourth, Briggs requests that the initial Case Management Conference (currently set for June 2, 2020) and corresponding deadlines be continued. Dkt. No. 21. That request is GRANTED; the Case Management Conference is continued to August 11, 2020 at 2 p.m.[1]

Finally, Briggs has shared via email to my chambers his correspondence with Zero Gravity, LLC, wherein Zero Gravity represents, and Briggs accepts, that it is not a proper defendant to this action. If Briggs wishes to dismiss Zero Gravity as a defendant, he must formally indicate that intention in the docket with a Notice of Voluntary Dismissal.

**IT IS SO ORDERED.**

Dated: May 19, 2020

William H. Orrick
United States District Judge

---

[1] Dkt. No. 2 sets forth the impact this new date has on the corresponding deadlines.