Steve Wilson Briggs
4322 Chico Ave.,
Santa Rosa, CA 95407
510 200 3763
snc.steve@gmail.com
PLAINTIFF In Propria Persona

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA,**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>Plaintiff,<br><br>vs<br><br>JAMES CAMERON et al,<br><br>Defendants. | Civ No: 20-cv-1596-WHO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS COMPLAINT**<br><br>Date: July 22, 2020<br>Time: 2:00 p.m.<br>Dept: Courtroom 2 - 17th Floor<br>Judge: William H. Orrick |

# PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS COMPLAINT

## INTRODUCTION

May 22, 2020, Defendant (**Def**) Google LLC submitted a Motion to Dismiss (**MTD**) Plaintiff's Complaint for "failure to state a claim upon which relief may be granted."

The prevalence of deceit and improperly applied law in the MTD belie any pretense of sincerity, and create the impression that the MTD was submitted, on the response deadline, simply to avoid default.

Plaintiff's Complaint describes shocking civil offenses (and offenses that state and federal AG's may determine are criminal in nature). Specifically, the Complaint shows: **(1)** the Defendants (**Defs**) unlawfully accessed Plaintiff's work; **(2)** the Defs tried to erase evidence of their unlawful access; **(3)** the Defs created many falsified web-articles, claiming Avatar was written in 1995 (in effort to backdate ownership of Plaintiff's ideas, and transfer ownership to the Defs); **(4)** the Defs infringed Plaintiff's work, TWICE, to make the films Avatar and Taken; **(5)** Google LLC modified its "Chrome" web-browser to display false URLs of the Defs' falsified web pages (and Internet Archive's "Wayback Machine" created falsified *crawls* of the Defs' falsified pages), deceiving Plaintiff that these web documents were valid; **(6)** Google LLC and the Defs prevented and blocked any reports or Google search results of *Briggs v Spacey* (2018), thus, the case went unreported, and placed the public at continued risk; **(7)** Google LLC manipulated its internet browser search results, to eliminate Plaintiff's film projects from Google's search results, dooming Plaintiff's film endeavors; **(8)** the Defs relied on Google LLC to infect Plaintiff PC with a virus that allowed the Defs to hack Plaintiff's computer, at will; **(9)** the Defs' hacks were so frequent and severe that Plaintiff actually inadvertently caught a hack on video. The list of unlawful actions taken by Google LLC goes on.

After engaging in all of these unthinkable offenses, with irrefutable evidentiary support, Google LLC has moved the Court to dismiss—and simply allow the tech giant to walk away.

### International Fraud Ring

The Complaint shows that Google LLC abused its status as a trusted international service to participate in a global network that fraudulently backdates websites and web-documents, to help international corporations steal intellectual property from powerless private citizens. This activity threatens the foundation of America, as our Founding Fathers specifically acted to protect American citizen's intellectual property rights in our Constitution's *Copyright Clause*. Dismissing this action, or dismissing Google LLC from this action, may do permanent harm to US and international copyright law.

### National Security Implications

Google LLC and its parent *Alphabet Inc* were founded by **Sergey Brin** and Larry Page, who resigned as Google's co-CEOs in December 2019, as Plaintiff wrote his Complaint. Plaintiff's Complaint alleges and demonstrates that Google LLC and the other Defs routinely hacked into Plaintiff's computer to spy on his progress as he wrote his Complaint.

Sergey Brin was born in Russia, and is a Russian citizen. Russia is a US adversary.

Several years after Plaintiff's screenplay revealed Plaintiff's vision of scanning a human brain, soul and body (to make perfect digital replicas, which could then be inserted into various environmental simulators) Google LLC began researching this concept.

This year, January 2020, **Google** and the Janelia Research Campus in Virginia published the most detailed brain scan ever. (See **Exhibit A**.) Plaintiff suspects that Google LLC (a world leader in personal data collection) will eventually use this technology to actualize Plaintiff's concepts (in cooperation with other tech giants), intent to predict and influence private citizen's behavior. Page 124 of the Complaint, Plaintiff explains:

> "although these ideas make for a great sci-fi plot, Plaintiff believes, in practice, these systems will foment dissent and give foreign hackers (of the systems or the data) the ability to predict US military responses and allow hackers (or the owners) to predict markets."

This was Plaintiff's succinct way of explaining that by hacking into this sort of defense system, America's adversaries could then run digital attack scenarios on the *simulated nation* of America, to predict America's strategic responses in an actual war, then design

defenses and alternate attacks. [NOTE: Plaintiff believes there are at least 2 more ways that this sort of global "simulator" based defense system could be hacked into catastrophic failure, and he worries that prospective private defense contractors (namely Microsoft and **Amazon.com\***) appear intent to sell this flawed model to the U.S. Defense Department.]

     April 8, 2020, US officials allowed Google to turn on a high-speed undersea internet link between the U.S. and Taiwan, **but refused to permit Google to turn on access to the Chinese territory of Hong Kong.** The DOJ explained, "<u>...the grant of a direct cable connection between the United States and Hong Kong would seriously jeopardize the national-security and law-enforcement interests of the United States.</u>" (**See Exhibit B**.)

     Four years earlier, in 2016, **Google** and **Facebook** teamed up to lay this high-speed internet cable between California and Hong Kong, **without getting US federal approval** <u>to use this system</u>. (**See Exhibit C,** p 2 para 5.)

     Plaintiff shares these seemingly unrelated details about brain scan imaging and high-speed internet cables **(1)** because Google LLC's MTD displays the same reckless and self-interested tendencies that Google displayed in laying a international internet cable without first securing US permission (content to subvert the interests of justice with plainly meritless arguments;) **(2)** to remind the Court that this matter has broader ramifications than most IP case, and prematurely dismissing Google LLC may have serious consequences; **(3)** because numerous luminaries, like Google's Page and Brin, Jeff Bezos (Amazon), Richard Branson (Virgin Galactic), seem intent to actuate some of Plaintiff's ideas. Plaintiff worries these moguls' dishonesty and lack of ethics imperil project safety.

---

\*Page 122 of the Complaint explains that in 2006, 3.5 months after ZGM accessed Plaintiff's script, Richard Branson formed his space tourism company, **Virgin Galactic**. Following Branson, September 2006 (**9 months after** ZGM accessed Plaintiff's script) Amazon.com's CEO Jeff Bezos formed his space tourism company, **Blue Origin, LLC**; registered in California in Feb 2007. [**See Exhibit E**, Blue Origin's 2007 CA business entity statement (**BES**).] By examining the second page of this filing (A 2006 Washington state BES for *Blue Origin, LLC*), one sees Bezos improperly backdated his company to Sept **2000**. But the UBI number on *Blue Origin*'s *LLC*'s BES was originally for a company called <u>*Blue Operations, LLC*</u>, formed Sept 8, 2000. (**See Exhibit F.**) But *Blue Operations, LLC* was not owned by Bezos before Sept 2006. It was owned by a person named Ian Thompson.

PLAINTIFF'S OPPOSITION TO GOOGLE LLC'S MTD
3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**LEGAL STANDARD**

DISMISSAL

- FRCP 12(b)(6) instructs the court must "accept factual allegations in the complaint as true and construe the pleadings <u>in the light most favorable to the **nonmoving** party</u>." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

- The court must: "read the complaint generously and draw all reasonable inferences in favor of the plaintiff." *Knievel v. ESPN*, 393 F.3d 1068, 1080 (9th Cir. 2005).

- If motion to dismiss is granted, a court should grant leave to amend unless it determines the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

STATING THE CLAIMS

- Understanding that some cases are more complicated, and involve many parties, many charges, and many moving parts, there is no maximum or minimum length limit for a Complaint. But the <u>Fed. R. Civ. P. 8(a)(2)</u> does, at a minimum require: "a short and plain statement of the claim[s] showing that the pleader is entitled to relief".

- In 1957, <u>Conley v. Gibson, 355 U.S. 41 (1957)</u> established the current standard stating: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"

- <u>Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)</u> modified Conley v. Gibson, as Twombly specified that a complaint need not contain detailed factual allegations, but only allege "enough facts to state a claim to relief that is plausible on its face."

**ARGUMENT**:

I. **DEFENDANT GOOGLE LLC'S PRIMARY ARGUMENT:**
Google LLC Claims The Complaint Is Deficient Due To Its Failure To State A Claim Upon Which Relief May Be Granted.

Plaintiff's Opposition Argument

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), requires that:

"A claim has facial when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

Plaintiff has met and surpassed the *Ashcroft v. Iqbal* demand. Plaintiff has pled factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, and Plaintiff has demonstrated that there is far more than a mere possibility that Google LLC and the other Defendants acted unlawfully.

Further, the Supreme Court has determined that deciding if a complaint states a plausible claim for relief is **"a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."** (Id. at 679.)

Thus, it is for the Court, alone, to decide a claim's plausibility. Plaintiff believes his Complaint makes plausible claims, upon which relief may be granted.

II. **DEFENDANT GOOGLE LLC'S ARGUMENT "A":**
Plaintiff's Complaint Violates Basic Rule 8 Requirements. "Plaintiff's Complaint should be dismissed because its excessive lengthy and confusing (often incoherent) allegations violate Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff's Opposition Argument

With this argument, Google LLC seeks to recklessly mislead the court and bring two requirements of law into conflict, when no actual conflict exists.

Federal and California State law (CCP § 438) require that a complaint **"state facts sufficient to constitute a cause of action."** This requirement has been part of California law for almost **150 years**, and part of federal law for untold generations. Plaintiff

meticulously endeavored to meet this demand.

However, in **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544 (<u>2007</u>), in an effort to reduce frivolous lawsuits, the Supreme Court ruled that a complaint must make "a short and plain statement of the claim showing that the pleader is entitled to relief." But, understanding that the new requirement was subordinate to the long established requirement to "state facts sufficient to constitute a cause of action," the Supreme Court expressly stated that complaints must still include "<u>sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face</u>." LexisNexis addresses this as follows:

> "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Twombly, 550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929, **but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face**."

Beyond the need to "state facts sufficient to constitute a cause of action," each of Plaintiff's Causes has **specific** elemental pleading requirements (for example, Copyright Infringement requires some comparative analysis to show substantial similarity, and the elements of Fraud must be demonstrated with "particularity").

Further, in a complex case, such as this, with many defendants who have hatched an array of schemes (e.g., falsifying web pages, producing fraudulent web articles and fake stories, hacking, backdating documents, using Google's Chrome browser to make falsified web documents appear valid…) it is impossible to submit a brief Complaint.

Plaintiff's Complaint meets the pleading requirements of each Cause of Action, and meets the Federal and State requirement to **"state facts sufficient to constitute a cause of action,"** and it meets both Rule 8(a)(2) requirements of **(1) "a short and plain statement of the claim showing that the pleader is entitled to relief";** and (2) to **"state a claim to relief that is plausible on its face."**

III. <u>**DEFENDANT GOOGLE LLC'S ARGUMENT "B":**</u>
<u>Plaintiff's claims should be dismissed under First Amendment principles because they seek to impose liability for a form of protected speech. As multiple courts have found, an Internet search engine's display... involves "editorial judgments..."</u>

Plaintiff's Opposition Argument

This argument is impossible. The Complaint makes no effort to deny Google LLC's right to free speech. The Complaint seeks to hold Google LLC responsible for committing the following offenses (also outlined on page 1 of this Opposition), and more:

1. Google LLC's participated in the infringement of the Plaintiff's copyrights;
2. Google LLC's hacked of Plaintiff's computer and storage (on his laptop and in Google "Docs") to help the Defendants steal Plaintiff's screenplays, and to monitor Plaintiff's work on his Complaint;
3. Google LLC modified its "Chrome" web-browser to display false URLs of the Defs' falsified web page;
4. Google LLC prevented *Briggs v Spacey* (2018) from appearing in any web searches, thus, the case went unreported, and kept the public unaware;
5. Google LLC manipulated search results, to eliminate Plaintiff's film projects from Google's search results;
6. The Defs relied on Google LLC to infect Plaintiff PC with a virus that allowed the Defs to hack Plaintiff's computer, at will.

These offenses, claims and allegations are far more serious than an effort to infringe upon Google LLC's right to free speech. This argument is false and wasteful of the Court's time.

IV. **DEFENDANT GOOGLE LLC'S ARGUMENT "C":**
Plaintiff's Claims Involve Conduct Protected by the Communications Decency Act (CDA) Section 230… Plaintiff's theory of liability is precluded by the CDA, 47 U.S.C. § 230... 230 provides broad immunity to online service providers where a party seeks to hold the provider liable for the content of others…

Plaintiff's Opposition Argument

Google LLC's argument is categorically incorrect and improper.

The Communications Decency Act (**CDA**) applies only to actions that are executed in **good faith** (Google LLC actions were not taken in good faith), and the CDA does not apply to criminal, intellectual property, state, or privacy law.  47 USC § 230(c)(2)(A) & (B) read:

   **(2) Civil liability:** No provider or user of an interactive computer service shall be held liable on account of—

  **(A)** any action voluntarily taken in **good faith** to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected; or

  **(B)** any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph (1).

  47 U.S. Code § 230 (e)(1)(2)(3) & (4) state:

**(1) No effect on criminal law**
Nothing in this section shall be construed to impair the enforcement of section 223 or 231 of this title, chapter 71 (relating to obscenity) or 110 (relating to sexual exploitation of children) of title 18, or any other Federal criminal statute.

**(2) No effect on intellectual property law**
Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property.

**(3) State law**
Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.

**(4) No effect on communications privacy law**
Nothing in this section shall be construed to limit the application of the Electronic Communications Privacy Act of 1986 or any of the amendments made by such Act, or any similar State law.

   As the Court can see, nothing about the Communications Decency Act applies to this matter, as the CDA is not intended to supersede criminal, intellectual property, state, or privacy law, and is only applicable when providers act in good faith. The CDA has no application in this matter.

V.   **DEFENDANT GOOGLE LLC'S ARGUMENT "D":**
Plaintiff Fails to State Any Claim for Contributory Infringement Against Google (Third Claim for Relief).3 Contributory copyright infringement occurs when "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another."

Plaintiff's Opposition Argument

Page 125 of the Complaint makes all necessary re-allegations and makes clear Copyright Infringement claims against ALL Defendants, Google LLC included.

Page 127 of the Complaint makes all necessary re-allegations, then makes clear claims of Contributory Copyright Infringement against Google LLC and Internet Archive.

Paragraph 621 states "<u>Although Defs Google LLC and Internet Archives did not directly engage in the actual **infringement** of the Plaintiff's work, Google LLC and Internet Archive had clear knowledge of the **infringing** Defendants' **infringement** of Plaintiff's work</u>." In stating this, Plaintiff was careful to use a lowercase "i" in the word "infringement" and "infringing". This was done to distinguish the act of writing producing a substantially similar work (creating an "infringing" work, or creating an "infringement"), from the legal claim or Cause of "Infringement". The Defense Counsel *must* have realized this.

By stating that "Google LLC and Internet Archives did not directly engage in the actual infringement of the Plaintiff's work," Plaintiff did NOT state or suggest that Google LLC did NOT "induce, **cause** or **materially contribute** to the infringing conduct of another," as required for Contributory Copyright Infringement.

The Defense hopes to stretch logic and law, to reason that because Google did not actually write or contract the infringing films, they did not materially contribute to the infringement. But, as the Complaint alleges, Google LLC did, indeed, materially contribute to the infringing conduct. The Defense Counsel's argument is wrong.

VI. **DEFENDANT GOOGLE LLC'S ARGUMENT "E":**
> "Plaintiff's Intentional Interference Claim Is Plagued by Additional Defects... First, the claim is premised on an alleged Google statement that: "We provide our Services using a commercially reasonable level of skill and care."...

Plaintiff's Opposition Argument

Pages 57, 58 and 96 to 109 of the Complaint (among other pages) shows that Google LLC abused its station as a resource that Plaintiff **trusted**, to deceive Plaintiff and gain access to Plaintiff's computer and personal writings. This is clearly NOT acting with "skill and care". Rather, this is acting with reckless disregard for law and business ethics.

Additionally, Plaintiff interpretation of Google's "Terms of Service," is in concert with Google LLC's "Code of Conduct" (in effect from 2000 to 2018), which included a widely praised phrase **"Don't be evil."** Wikipedia explains how Google LLC's founders (Sergey Brin and Larry Page) viewed their "Don't be evil" commitment:

> In their 2004 founders' letter[14] prior to their initial public offering, Larry Page and Sergey Brin argued that their "Don't be evil" culture prohibited conflicts of interest, and required objectivity and an absence of bias:
> Google users <u>trust</u> our systems to help them with important decisions: medical, financial and many others. Our search results are the best we know how to produce. <u>They are unbiased and objective</u>, and we do not accept payment for them or for inclusion or more frequent updating. We also display advertising, which we work hard to make relevant, and we label it clearly. This is similar to a well-run newspaper, where the advertisements are clear and the articles are not influenced by the advertisers' payments. We believe it is important for everyone to have access to the best information and research, not only to the information people pay for you to see.        —Wikipedia

Again, this Code of Conduct was in play from 2000 to 2018, when most of Google LLC's offenses against Plaintiff were committed.

Further, in the Wikipedia article cited above, Brin and Page confirm that Plaintiff's view of Google's "Terms of Service" agreement is proper, as they admit Google's users "**<u>trust</u> our systems to help them with important decisions: medical, financial and many others.**" Brin and Page then propagate the false conception that "**Our search results… <u>are unbiased and objective</u>**". Although this "unbiased and objective" claim is widely believed, it is false. The Complaint shows Google LLC routinely sent Plaintiff false and manipulated search results, hacked Plaintiff's computer, gave Plaintiff improper URL readings, and did not include Plaintiff projects in Google's search results, among many other abuses.

## **CONCLUSION**

For all of the foregoing reasons Goggle LLC's Motion To Dismiss should be denied.

Dated: <u>May 26, 2020</u>       Respectfully Submitted,

By : <u>/s/  Steve Wilson Briggs</u>
        Plaintiff, In Propria Persona

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28