**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal. Bar No. 205513
　jpjassy@jassyvick.com
KEVIN L. VICK, Cal. Bar No. 220738
　kvick@jassyvick.com
ELIZABETH BALDRIDGE, Cal. Bar No. 313390
　ebaldridge@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone:　(310) 870-7048
Facsimile:　(310) 870-7010

Attorneys for Defendants Twentieth Century
Fox Film Corp., Lightstorm Entertainment Inc.,
and News Corp.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES CAMERON; TWENTIETH CENTURY FOX FILM CORP.; NEWS CORP.; GOOGLE LLC; INTERNET ARCHIVE; ZERO GRAVITY; LIGHTSTORM ENTERTAINMENT INC.; MICHAEL PIERCE; MARK WILLIAMS; and ROBERT KAMEN,<br><br>　　　　Defendants. | Case No.: 3:20-cv-01596-WHO<br>Hon. William H. Orrick<br><br>**DEFENDANT NEWS CORP.'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME UNDER CIVIL L.R. 6-3**<br><br><br>Current Due Date: June 8, 2020<br>Proposed New Due Date: June 22, 2020 |

1  TO PLAINTIFF IN *PROPRIA PERSONA*, ALL OTHER PARTIES AND THEIR COUNSEL:

2  PLEASE TAKE NOTICE THAT Defendant News Corp. hereby moves for an order
3  enlarging its time to respond to Plaintiff's Complaint by fourteen days, until June 22, 2020, pursuant
4  to Civil Local Rule 6-3. Such extension would align with the Court's previous grant of an extension
5  until June 22, 2020, for Defendants Twentieth Century Fox Film Corp. ("Fox") and Lightstorm
6  Entertainment Inc. ("Lightstorm") to respond to Plaintiff's Complaint.

7  News Corp. recently retained the same counsel as Fox and Lightstorm, and it seeks an order
8  enlarging time both because of the benefit to all parties and the Court of permitting a coordinated
9  response among News Corp., Fox, and Lightstorm, and for the same reasons Fox and Lightstorm
10 sought an order enlarging time. *See* Dkt. No. 18. The extraordinary length of the Complaint
11 requires additional time for analysis and response, and News Corp. would be substantially harmed if
12 not granted an extension of time. Counsel for News Corp. contacted Plaintiff in *propria persona* to
13 seek his agreement to stipulate to an extension of time, but he refused to agree to an extension.
14 News Corp. has not previously requested any extension of time, and the requested extension should
15 not affect the schedule of the case as the case is still at the pleadings stage and the Rule 16
16 scheduling conference has not yet occurred.

17 News Corp.'s Motion is based on this Notice, the attached Memorandum of Points and
18 Authorities, the attached Declaration of Jean-Paul Jassy with Exhibit A, the pleadings, files, and
19 records in this case, and any other evidence or argument as may be presented.

20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

This Motion is without waiver of any arguments or defenses News Corp. might have, and it expressly reserves all rights, defenses, claims and remedies.

Dated:  May 28, 2020             **JASSY VICK CAROLAN LLP**

By       /s/ Jean-Paul Jassy
JEAN-PAUL JASSY
Attorneys for Defendants
Twentieth Century Fox Film Corp., Lightstorm Entertainment Inc., and News Corp.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants News Corp. seeks additional time under Civil Local Rule 6-3 to respond to Plaintiff Steve Wilson Briggs's voluminous Complaint, and its ability to meaningfully evaluate and respond to the pleading will be prejudiced if it is not afforded a fourteen-day extension to respond. News Corp. recently retained the same counsel as Twentieth Century Fox Film Corp. ("Fox") and Lightstorm Entertainment Inc. ("Lightstorm"), and News Corp. respectfully requests that it be permitted to respond to Plaintiff's Complaint on the same date as its co-defendants.  As stated in Fox and Lightstorm's motion to enlarge time, Dkt. No. 18, Plaintiff's Complaint is voluminous and extremely difficult to decipher, containing 684 paragraphs spanning 135 pages with over 150 paper exhibits, plus four "video exhibits."  The drawn-out pleading makes various allegations with respect to nearly a dozen different defendants, and therefore News Corp.'s defense would be prejudiced without the benefit of additional time to respond irrespective of its coordination with co-defendants Fox and Lightstorm.  But because the Court already granted Fox and Lightstorm an extension until June 22, 2020, Dkt. 22, News Corp. requests a modest extension of fourteen days from its current response due date so that News Corp., Fox and Lightstorm can adequately consider, and likely execute, a combined response.

Counsel for News Corp. asked Plaintiff to agree to such an extension, but he refused.  News Corp. has not previously sought any enlargement of time in this matter.  Given that the case is still at the pleadings stage and the Rule 16 scheduling conference will not occur until August 11, 2020, the requested extension should not have any material effect on the schedule for the case.  In fact, the requested extension would streamline the schedule of this matter, as it would likely result in a coordinated response date among Fox, Lightstorm, and News Corp.

## II. GOOD CAUSE EXISTS TO ENLARGE NEWS CORP.'S TIME TO RESPOND TO THE COMPLAINT.

Plaintiff purportedly served News Corp. later than it served Fox and Lightstorm, and after being served, News Corp. retained the same counsel as Fox and Lightstorm.  *See* Dkt. No. 27; Jassy

Decl. ¶ 3.  News Corp. faces the same challenges in responding to Plaintiff's Complaint as do Fox and Lightstorm.[1]  As stated in Fox and Lightstorm's motion to enlarge time, Dkt. 18, Plaintiff's 135-page Complaint contains 684 paragraphs and over *700* additional pages of exhibits.  *See* ECF Nos. 1; 1-1 through 1-16.  The huge pleading is generally unintelligible, makes various untethered allegations with respect to nearly a dozen different defendants, and also refers extensively to Plaintiff's own alleged source material underlying his claims.  *See generally id.*  This pleading will require analyzing an extraordinary amount of material to determine whether numerous potential defenses for News Corp. may apply, which will take additional time beyond that typically needed for a response to a Complaint.  Jassy Decl. ¶¶ 2-3.  Further, News Corp. only recently retained counsel in this action—after Fox and Lightstorm had already been granted an enlargement of time.  *Id.* at ¶ 3.

Given these complicating factors and the existing, court-ordered extended deadline of June 22, 2020, for Fox and Lightstorm to respond to the Complaint, counsel for News Corp. contacted Plaintiff in *propria persona* to seek his agreement to stipulate to an extension of time, but he refused to agree to an extension.  *See* Jassy Decl. ¶ 4; Ex. A.

If News Corp. is not granted an enlargement of time to respond to Plaintiff's Complaint, it will be substantially harmed because it will be denied the reasonable benefit of an appropriate length of time for counsel to analyze and prepare a response to an exceptionally complex and voluminous pleading, which, on its face, appears to be in clear violation of Rule 8(a) of the Federal Rules of Civil Procedure.  Jassy Decl. ¶ 3; Fed. R. Civ. Proc. 8(a) (requiring a "short and plain statement" of the case).  News Corp. will also be prejudiced by having to respond to the Complaint earlier than its co-defendants Fox and Lightstorm, and all parties and the Court will be denied the benefit of a likely coordinated response.  *Id.* at ¶ 3.  Since the case is still at the pleadings stage and the Rule 16 scheduling conference has not yet occurred, the requested extension should not have any material effect on the case schedule.  Jassy Decl. ¶ 3.

### III. CONCLUSION

For the above reasons, News Corp. respectfully requests an order enlarging its time to

---

[1] News Corp. does not concede defenses based on defects in service.

1 | respond to the Complaint pursuant to Local Rule 6-3, and allowing it until June 22, 2020, to respond.

3 | Respectfully submitted,

Dated: May 28, 2020                                        JASSY VICK CAROLAN LLP

*/s/ Jean-Paul Jassy*
JEAN-PAUL JASSY
Counsel for Defendants Twentieth Century
Fox Film Corp., Lightstorm Entertainment Inc., and
News Corp.

**DECLARATION OF JEAN-PAUL JASSY**

1. I am a partner of Jassy Vick Carolan LLP, counsel for Defendants Twentieth Century Fox Film Corp. ("Fox"), Lightstorm Entertainment Inc. ("Lightstorm"), and News Corp. The following facts are true of my own personal knowledge.

2. Plaintiff Steve Wilson Briggs's Complaint, including exhibits, contains 845 pages of written material plus four videos, which counsel for News Corp. will need to evaluate and analyze in order to respond to the Complaint, and properly defend News Corp.

3. Jassy Vick Carolan LLP was asked to represent News Corp. in this matter on May 22, 2020, after Fox and Lightstorm had already been granted an extension of time by the Court, until June 22, 2020, to respond to the Complaint. Without an enlargement of time to properly evaluate and respond to the Complaint, News Corp. would have to respond to the Complaint sooner than its co-defendants Fox and Lightstorm, and would not have the ability to fully evaluate the lengthy Complaint and likely coordinate a response with Fox and Lightstorm. News Corp. accordingly seeks a modest fourteen-day extension of time, until June 22, 2020 to respond to the Complaint to coincide with the response date that the Court granted Fox and Lightstorm. Dkt. 22. Without this extension, News Corp.'s time in which to respond to the Complaint will be grossly incongruous with the length and complexity of the Complaint, and News Corp. will be substantially harmed in its ability to evaluate and defend against Plaintiff's suit. Because the case is still at the pleadings stage, and the scheduling conference is not set to occur until August 11, 2020, the requested extension should not have any material effect on the schedule for the case.

4. Given these complicating factors, on May 22, 2020, I contacted Plaintiff in *propria persona* via email and asked if he would agree to an extension of time for News Corp. to respond to the Complaint, such that News Corp.'s response date would fall on the same date as Fox and Lightstorm's response date of June 22, 2020. Plaintiff responded on May 23, 2020, refusing to grant an extension unless News Corp. would agree not to file a motion to dismiss in response to the Complaint. Later that day, I responded to Plaintiff's email to clarify that News Corp. was seeking an extension to respond to Plaintiff's Complaint in any manner News Corp. determined appropriate, whether by answer, motion to dismiss or some other response. He did not reply to my May 23, 2020

email. A true and correct copy of our email correspondence on the subject as of the filing of this Declaration is attached as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles County, California, on May 28, 2020.

<div style="text-align: right;">

/s/ *Jean-Paul Jassy*
Jean-Paul Jassy

</div>

# EXHIBIT A

   Elizabeth Baldridge <ebaldridge@jassyvick.com>

## Briggs v. Cameron, et al, N.D. Cal., Case No. 20-CV-1596-WHO

**Jean-Paul Jassy** <jpjassy@jassyvick.com>  Sat, May 23, 2020 at 5:07 PM
To: Steve Wilson Briggs <snc.steve@gmail.com>
Cc: "Kevin L. Vick" <kvick@jassyvick.com>, Elizabeth Baldridge <ebaldridge@jassyvick.com>

Dear Mr. Briggs,

Thank you for your reply to my email. We are requesting an extension to respond to the complaint in the manner we determine is appropriate, be it an answer, motion to dismiss or some other response, without limitation. It seems clear from your reply to my email below that you will not stipulate to the requested extension. If I am incorrect, please let me know soon; otherwise, we will ask the Court for relief along the same lines that we did previously.

Thank you,
JP Jassy


**Jean-Paul Jassy**
Jassy Vick Carolan LLP
800 Wilshire Blvd., Suite 800
Los Angeles, CA 90017
310-870-7048 x. 101
jpjassy@jassyvick.com
jassyvick.com


On May 23, 2020, at 1:14 PM, Steve Wilson Briggs <snc.steve@gmail.com> wrote:

> Since your email used the term "response", I need to be clear about what I will stipulate to... I will stipulate to an extension ONLY if News Corp is submitting an Answer (which I surmise is the plan). Meaning: I will not stipulate to an extension if News Corp will submit a motion to dismiss. I would also expect that you will inform the court of this agreement.
> I'm texting this reply, so if it seems uncharacteristically "casual", please understand.
> Thanks.
>
> Steve Wilson Briggs
>
> On Fri, May 22, 2020, 5:15 PM Jean-Paul Jassy <jpjassy@jassyvick.com> wrote:
>> Dear Mr. Briggs,
>>
>> Earlier today, we were asked to represent News Corp. in your lawsuit referenced above. Will you please stipulate to an extension of time, until June 22, 2020, for News Corp. to respond to the Complaint? That will put News Corp.'s deadline on the same day as the response for Twentieth Century Fox Film Corp. and Lightstorm Entertainment Inc., as previously ordered by the Court. Please let me know about the proposed stipulation.
>>
>> Thank you,
>> JP Jassy
>>
>>
>> **Jean-Paul Jassy**
>>
>> Jassy Vick Carolan LLP | 310-870-7048 | jpjassy@jassyvick.com
>> 800 Wilshire Boulevard, Suite 800 | Los Angeles, CA 90017

jassyvick.com



This e-mail may contain confidential and/or privileged material. Any review or distribution by anyone other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies of this e-mail immediately. This email does not establish an attorney-client relationship.