Steve Wilson Briggs
4322 Chico Ave.,
Santa Rosa, CA 95407
510 200 3763
snc.steve@gmail.com
PLAINTIFF In Propria Persona

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS<br><br>Plaintiff,<br><br>vs<br><br>JAMES CAMERON;  et al | Civ No: Civ No: 20-CV-1596-WHO<br><br>**DECLARATION OF<br>STEVE WILSON BRIGGS<br>(PLAINTIFF), IN SUPPORT OF<br>"PLAINTIFF'S AMENDED<br>OPPOSITION TO DEFENDANT<br>GOOGLE LLC'S<br>MOTION TO DISMISS COMPLAINT"** |

**DECLARATION OF STEVE WILSON BRIGGS (PLAINTIFF), IN SUPPORT OF "PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS COMPLAINT"**

I, Steve Wilson Briggs, declare the following:

1. I am over 18, I am the Plaintiff in this action, and I make this declaration of my own personal knowledge, except where stated on information and belief, and if called to testify in Court on these matters, I could do so competently.

2. On May 22, 2020, Defendant (**Def**) Google LLC submitted a motion titled "Defendant Google Llc's Notice Of Motion And Motion To Dismiss Complaint" (**MTD**).

3. In my Opposition to Google LLC's MTD, I chose to only address the misapplications of law, omissions, and misstatements that were presented in the

Declaration

1

"Arguments" section of Google LLC's motion to dismiss.

4. However, the "Introduction" of Google LLC's motion to dismiss also contained many false and misleading statements.

5. These inaccuracies speak to Google LLC's reliability.

6. Rather than requesting permission to submit a seconded amended opposition, I opted to address some of the inaccuracies in the Introduction of the motion to dismiss with this declaration.

7. On page 5 and 6 of Google LLC's motion to dismiss, under the heading "**Plaintiff's prior lawsuits**," Google expressly, and accurately, details **the nature** of the Copyright Infringement claims in my first infringement suit, *Briggs v Blomkamp* (2013), stating (p 5, MTD) "The complaint asserted a single claim for copyright infringement, alleging that the defendants' film Elysium infringes on Plaintiff's Butterfly Driver." This is accurate. However, when Google LLC describes the following two suit (which are essentially one suit, re-filed because I could not locate Kevin Spacey to serve him), Google LLC informed the Court that the second suit alleged "thirteen causes of action, including **copyright infringement**," but Google LLC said nothing of **the nature** of the infringement cause—or the other 12 causes of action; then Google LLC said of the third suit that the complaint alleged "ten causes of action, including civil conspiracy and **copyright infringement**." And, once again, Google LLC did not describe **the nature** of the infringement cause, or any of the other causes.

8. Google LLC deliberately mentioned the infringement claims in the second and third actions, but did not describe their nature, hoping that the Court might incorrectly infer that the infringement claims were the same as the first action. **They were not**.

9. In this omission, Google LLC sought to deceive the Court.

10. The second and third action (*Briggs v Universal* and *Briggs v Spacey*) made VERY different infringement allegations: alleging that Kevin Spacey and his website (TriggerStreet.com) violated copyright law by exporting my work abroad, which violated a terms-of-use clause stated that the website and materials on the site were solely for use in

Declaration

the United States of America.

11.     Similarly, on page 3, para 3 of Google LLC's motion to dismiss, Google states, "**Plaintiff alleges that "Defendants" (he does not specify which) accessed the Butterfly Driver script through ZGM and Triggerstreet.com.**" Google LLC then found a few paragraphs where I made general references to the Defendants (where it was quite appropriate), rather than naming all ten defendants.

12.     In truth, the Complaint methodically explains: (1) I sent Def ZGM a query letter, to ask if they would like to read one of my scripts; (2) Def ZGM then agreed and asked me to send my script; (3) I then emailed ZGM a copy of my script (trusting that ZGM was an honorable agency and authorized to do business; they were neither). When ZGM received my screenplay (emailed), THAT was the access. They asked for my screenplay; they received it. After that, every Defendant that came into possession of my script before the films *Avatar* and *Taken* were released were guilty of unlawfully accessing my work, because infringement begins when the work is displayed publicly. My complaint alleges and demonstrates that all of the Defendants had obtained my work before the films were released. Thus, all Defendants are accused of accessing my work.

13.     Google LLC's motion to dismiss is dishonest and inappropriate.

14.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 11th day of June, 2020, in Santa Rosa, California.

Dated:     06/11/2020               Signed: /s/ Steve Wilson Briggs
                                            Plaintiff, In Propria Persona

Declaration

3