Peter C. Catalanotti (SBN 230743)
peter.catalanotti@wilsonelser.com
Madonna Herman (SBN 221747)
Madonna.Herman@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
525 Market Street 17th Floor
San Francisco, CA  94105
Telephone:      (415) 433-0990
Facsimile:       (415) 434-1370

Attorneys for Defendant
Internet Archive

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| STEVEN WILSON BRIGGS, | ) | Case No.:  3:20-CV-01596-WHO |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | **DEFENDANT INTERNET ARCHIVE'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME UNDER CIVIL L.R. 6-3** |
| JAMES CAMERON; TWENTIETH CENTURY FOX FILM CORPORATION; NEWS CORP; GOOGLE LLC; INTERNET ARCHIVE; ZERO GRAVITY; LIGHTSTORM ENTERTAINMENT INC; MICHAEL PIERCE; MARK WILLIAMS; ROBERT KAMEN. | ) ) ) ) ) ) ) ) | |
| Defendants. | | |

TO PLAINTIFF IN PROPRIA PERSONA, ALL OTHER PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE THAT Defendant Internet Archive hereby moves for an order enlarging its time to respond to Plaintiff's Complaint to June 26, 2020, pursuant to Civil Local Rule 6-3.

Internet Archive seeks an order enlarging time because the 845 page Complaint, plus four videos, will require additional time for analysis and response beyond that typically needed to respond to a complaint. Internet Archive will be substantially harmed if not granted an extension of time, and will be unable to meaningfully respond to the Complaint. Counsel for Internet Archive contacted Plaintiff in propria persona to seek his agreement to stipulate to an extension of time, but he refused to agree to an extension, unless Internet Archive agreed to file an Answer.

1  There have been no previous extensions of time, and the requested extension should not affect
2  the schedule of the case as the case is still at the pleadings stage and the Rule 16 scheduling
3  conference has not yet occurred.
4      Internet Archive's Motion is based on this Notice, the attached Memorandum of Points
5  and Authorities, the attached Declaration of Peter C. Catalanotti with Exhibit A, the pleadings,
6  files, and records in this case, and any other evidence or argument as may be presented.
7      This Motion is without waiver of any arguments or defenses Internet Archive might have,
8  including but not limited to failure of proper service, and they each expressly reserve all rights,
9  defenses, claims and remedies.

11  Dated: June 11, 2020        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP

13          By: */s/ Peter C. Catalanotti*
        Peter C. Catalanotti
        Madonna Herman
        Attorneys for Defendant,
        Internet Archive

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **1.    INTRODUCTION**

3  Defendant Internet Archive seeks additional time under Civil Local Rule 6-3 to respond
4  to Plaintiff Steve Wilson Briggs's voluminous Complaint. Internet Archive's ability to
5  meaningfully evaluate and respond to the pleading will be prejudiced if it is not afforded extra
6  time. Plaintiff's 684-paragraph, 135-page Complaint includes over 150 paper exhibits, plus four
7  "video exhibits," totaling 845 pages plus four videos, presents an unintelligible account of what
8  Plaintiff claims gives rise to his asserted claims. Given the heft of the Complaint, and because it
9  recently retained counsel in this matter, Internet Archive needs additional time to assess and
10 respond to the Complaint. Internet Archive respectfully requests that the Court permit it an
11 extension of time to respond to June 26, 2020. Internet Archive asked Plaintiff for such an
12 extension, but he refused, unless Internet Archive agreed to file an Answer. Internet Archive has
13 not previously sought any enlargement of time in this matter. Given that the case is still at the
14 pleadings stage and the Rule 16 scheduling conference has not yet occurred, the requested
15 extension should not have any material effect on the schedule for the case. This Motion is
16 supported by the Declaration of Peter C. Catalanotti ("Catalanotti Decl.") and the concurrently-
17 filed Proposed Order per Local Rule 6-3.

18 **2.    GOOD CAUSE EXISTS TO ENLARGE INTERNET ARCHIVE'S TIME TO
         RESPOND TO THE COMPLAINT.**
19

20 Plaintiff's 135-page Complaint contains 684 paragraphs and over 700 additional pages of
21 exhibits. *See* ECF Nos. 1; 1-1 through 1-16. The huge, drawn-out pleading is extremely difficult
22 to decipher, makes various allegations with respect to nearly a dozen different defendants, and
23 also refers extensively to Plaintiff's own alleged source material underlying his claims. *See*
24 *generally id*. Internet Archive understand Plaintiff's Complaint to be the latest in a string of at
25 least three lawsuits based on Plaintiff's same alleged underlying screenplay, with similar cases
26 before Judge Phyllis J. Hamilton and Judge Vince Chhabria of this District Court (*Briggs v.*
27 *Universal Pictures*, No. 3:17-cv-06553; *Briggs v. Spacey*, No. 3:18-cv-04952). Catalanotti Decl.
28 ¶ 4. The pleading at issue requires analyzing an extraordinary amount of material to determine

1  whether numerous potential defenses for Internet Archive may apply, that will take additional
2  time beyond that typically needed for a response to a Complaint. *Id.* at ¶ 3. Further, Internet
3  Archive only recently retained counsel in this action and does not concede defenses based on
4  defects in service. *Id.* at ¶ 3.
5       Given these complicating factors, counsel for Internet Archive contacted Plaintiff in
6  propria persona to seek his agreement to stipulate to an extension of time, but he refused to agree
7  to an extension, unless Internet Archive agreed to file an Answer. *See* Catalanotti Decl. ¶ 5;
8  Ex. A.
9       If Internet Archive is not granted an enlargement of time to respond to Plaintiff's
10 Complaint, it will be substantially harmed because it will be denied the reasonable benefit of an
11 appropriate length of time for counsel to analyze and prepare a response to an exceptionally
12 complex and voluminous pleading, which, on its face, appears to be in clear violation of Rule
13 8(a) of the Federal Rules of Civil Procedure. Catalanotti Decl. ¶ 3; Fed. R. Civ. Proc. 8(a)
14 (requiring a "short and plain statement" of the case). Since the case is still at the pleadings stage
15 and the Rule 16 scheduling conference has not yet occurred, the requested extension should not
16 have any material effect on the case schedule. Catalanotti Decl. ¶ 3.

## 3. CONCLUSION

For the above reasons Internet Archive respectfully requests an order enlarging its time to respond to the Complaint pursuant to Local Rule 6-3, and allowing it until June 26, 2020, to respond.

Respectfully submitted,

Dated: June 11, 2020

                WILSON, ELSER, MOSKOWITZ,
                EDELMAN & DICKER LLP

By: */s/ Peter C. Catalanotti*
    Peter C. Catalanotti
    Madonna Herman
    Attorneys for Defendant,
    Internet Archive

### DECLARATION OF PETER C. CATALANOTTI

1. I am a partner of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, counsel for Defendant Internet Archive. The following facts are true of my own personal knowledge.

2. Plaintiff Steve Wilson Briggs's Complaint, including exhibits, contains 845 pages of written material plus four videos, which counsel for Internet Archive will need to evaluate and analyze in order to respond to the Complaint, and properly defend Internet Archive.

3. Internet Archive retained Wilson, Elser, Moskowitz, Edelman & Dicker LLP in this matter on June 5, 2020. In addition to analyzing Plaintiff's voluminous and difficult-to-decipher Complaint and exhibits, Internet Archive are considering the availability of other procedural defenses, including possible defects in service of process. These issues in combination with the fact that Internet Archive recently retained counsel necessitate the enlargement of time to properly evaluate and respond to the Complaint. Internet Archive accordingly seeks an extension of time until June 26, 2020 to respond to the Complaint. Without this extension, Internet Archive's time in which to respond to the Complaint will be grossly incongruous with the length and complexity of the Complaint, and Internet Archive will be substantially harmed in its ability to evaluate and defend against Plaintiff's suit. Given that the case is still at the pleadings stage, the requested extension should not have any material effect on the schedule for the case.

4. Based on my preliminary assessment of this case, I understand Plaintiff's Complaint to be the latest in a string of at least three lawsuits based on Plaintiff's same alleged underlying screenplay, with similar cases before Judge Phyllis J. Hamilton and Judge Vince Chhabria of this District Court (*Briggs v. Universal Pictures*, No. 3:17-cv-06553; *Briggs v. Spacey*, No. 3:18-cv-04952).

5. Given these complicating factors, on June 9, 2020, I contacted Plaintiff in propria persona via email and asked if he would agree to an extension of time for Internet Archive to respond to the Complaint. He responded the same day, refusing to grant an extension unless Internet Archive agreed to file an Answer. A true and correct copy of our email correspondence on the subject as of the filing of this Declaration is attached as Exhibit A.

///

1     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2

3 Executed at San Francisco County, California, on June 11, 2020.

4

5                                             */s/ Peter C. Catalanotti*
                                             Peter C. Catalanotti

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

## Folger, Michael

| | |
|---|---|
| **From:** | Steve Wilson Briggs <snc.steve@gmail.com> |
| **Sent:** | Tuesday, June 09, 2020 6:05 PM |
| **To:** | Catalanotti, Peter |
| **Subject:** | Re: Briggs . Cameron, et al. (representation) |

**[EXTERNAL EMAIL]**

I'm texting from my phone, so forgive me if this email is abrupt. If you will specifically agree that the responsive pleading that you submit will be an Answer (capital A), and not a motion to dismiss, I will agree to make the stipulation. And I would expect to see that language in the stipulation. Otherwise, I will not. Thanks.

Steve

On Tue, Jun 9, 2020, 11:12 AM Catalanotti, Peter <Peter.Catalanotti@wilsonelser.com> wrote:

> Mr. Briggs:
>
> I was retained to represent Defendant Internet Archive in the above-referenced lawsuit.  Would you be willing to agree to an extension of time for my client to file a responsive pleading in this lawsuit?  I request an extension until June 26 to respond.  If this is acceptable, I will prepare the stipulation.  Please let me know.
>
> Best,
>
> PETE
>
> Peter Catalanotti
> Attorney at Law
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 525 Market Street - 17th Floor
> San Francisco, CA 94105-2725
> 415.625.9347 (Direct)
> 415.433.0990 (Main)
> 415.434.1370 (Fax)
> peter.catalanotti@wilsonelser.com
>
> ```
> CONFIDENTIALITY NOTICE: This electronic message is intended to be
> viewed only by the individual or entity to whom it is addressed.
> It may contain information that is privileged, confidential and
> exempt from disclosure under applicable law. Any dissemination,
> ```

1

```
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.
Thank you.
```

2

# PROOF OF SERVICE

*Briggs vs. Twentieth Century Fox Film Corp, et al.*
United States District Court Case No. 3:20-CV-01596

At the time of service I was over 18 years of age and not a party to this action. I am employed by in the County of San Francisco, State of California. My business address is 525 Market Street, 17th Floor, San Francisco, California 94105. My business Facsimile number is (415) 434-1370. On this date I served the following document(s):

**DEFENDANT INTERNET ARCHIVE'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME UNDER CIVIL L.R. 6-3**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☒: **By United States Mail**. I placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒: **BY E-MAIL OR ELECTRONIC TRANSMISSION** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on June 11, 2020, at San Francisco, California.

*/s/ Michael Folger*
Michael Folger

## SERVICE LIST

*Briggs vs. Twentieth Century Fox Film Corp, et al.*
United States District Court Case No. 3:20-CV-01596

| | |
|---|---|
| Steven Wilson Briggs<br>4322 Chico Avenue,<br>Santa Rosa CA, 95407<br>(510) 206-3763<br>snc.steve@gmail.com | Plaintiff In Propria Persona |