COOLEY LLP
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
KATHERINE E. GREEN (312928)
(kgreen@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

Counsel for Defendant Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES CAMERON; TWENTIETH CENTURY FOX FILM CORP.; NEWS CORP.; GOOGLE LLC; INTERNET ARCHIVE; ZERO GRAVITY; LIGHTSTORM ENTERTAINMENT INC.; MICHAEL PIERCE; MARK WILLIAMS; ROBERT KAMEN,<br><br>  Defendants. | Case No. 3:20-cv-01596-WHO<br><br>**GOOGLE LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>Date:     July 22, 2020<br>Time:    2:00 p.m.<br>Dept:    Courtroom 2 - 17th Floor<br>Judge:   William H. Orrick<br><br>Trial Date:         Not Yet Set<br>Date Action Filed: March 4, 2020 |

## I. INTRODUCTION

Plaintiff's Opposition to Google LLC ("Google")'s Motion to Dismiss fails to offer any meaningful response to Google's arguments for dismissal. Instead, Plaintiff tries to divert attention from the Complaint's many defects by improperly relying on new exhibits and new purported facts from outside of the Complaint that do nothing to remedy the deficiencies raised in Google's motion   The Court should reject Plaintiff's Opposition and dismiss the Complaint on this ground alone.

Even where Plaintiff attempts to address Google's arguments on the merits, he does so in cursory fashion and fails to justify the various pleading defects that mandate dismissal of the Complaint.  First, Plaintiff fails to meaningfully contest Google's arguments that the Complaint seeks to impose liability for conduct protected by the First Amendment and Section 230 of the Communications Decency Act (CDA).  Indeed, Plaintiff's Opposition reiterates that he seeks to hold Google liable for the manner in which it displayed search results—conduct that falls squarely within the protections of the First Amendment and the CDA.  Second, with respect to his contributory copyright infringement claim, Plaintiff makes a passing reference to the material contribution element but addresses none of the other pleading defects shown in Google's Motion, namely, Plaintiff's failure to demonstrate either a direct act of infringement or Google's knowledge thereof.  Third, Plaintiff similarly fails to address Google's argument that his allegations regarding hacking and manipulation of search results are inconsistent with his claim for intentional misrepresentation and manifestly implausible.  Fourth, Plaintiff acknowledges that Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," but offers no reasonable explanation for why his 135 page Complaint meets this standard.

Plaintiff's inability to articulate any actionable claim in the several hundred pages that comprise his Complaint and exhibits (let alone the additional exhibits and improperly raised allegations in his Opposition to this Motion), confirms there is no plausible claim he could state as to Google, and the Court should dismiss Plaintiff's Complaint with prejudice.

**II.     ARGUMENT**

    **A.     Plaintiff's Opposition Is Improper.**

Rather than addressing Google's arguments on the merits, Plaintiff's Opposition is devoted primarily to advancing new conspiracy theories based on new exhibits and purported facts from outside of the Complaint. (Opp'n (Dkt. No. 34) at 2-3.)  These new flights of fancy include allegations that Google is a member of an international fraud ring dedicated to stealing intellectual property, and that Google plans to use the fictional brain scanning technology featured in Plaintiff's screenplay to predict and influence private citizens' behavior. (*Id.* at 2.) These new allegations and exhibits get Plaintiff no closer to stating a plausible claim against Google and are, in any event, procedurally improper because they appear nowhere in the Complaint. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) ("Review is limited to the complaint; 'evidence outside the pleadings ... cannot normally be considered in deciding a 12(b)(6) motion.'") (citations omitted).

    **B.     Google's search results are protected by the First Amendment.**

Plaintiff fails to address Google's argument that its search results are protected by the First Amendment, beyond stating in passing that the argument is "false and wasteful of the Court's time." (Opp'n at 7.)  Plaintiff makes no effort to address the multiple district court decisions consistently applying First Amendment protections to an Internet search engine's search results. *See e.g., Zhang v. Baidu.com, Inc.*, 10 F. Supp. 3d 433, 435 (S.D.N.Y. 2014); *Langdon v. Google*, 474 F. Supp. 2d 622, 629–30 (D. Del. 2007); *Search King, Inc. v. Google Tech., Inc.*, No. CIV-02-1457-M, 2003 WL 21464568, at *3–4 (W.D. Okla. May 27, 2003). Although Plaintiff claims he is not attempting to deny Google's First Amendment rights, his allegations closely track those deemed to be protected speech in these cases. Indeed, Plaintiff's opposition confirms that he seeks to hold Google liable for the manner in which it displayed search results. (*See, e.g.,* Opp'n at 7 (emphasizing the Complaint's allegations that Google purportedly hid information about a prior lawsuit from "appearing in any web searches" and "manipulated search results" about Plaintiff's film projects)). The Court need go no further in its analysis to dismiss Plaintiff's Complaint with prejudice.

### C. Google Search Results Are Immune Under The Communications Decency Act (CDA) Section 230.

Yet there are still more reasons the Court can (and should) dismiss Plaintiff's Complaint with prejudice. Notably, Plaintiff fails to meaningfully contest that his claims related to Google's display of search results are precluded by Section 230 of the CDA. The CDA provides broad immunity to online service providers where a party seeks to hold the provider liable for the content of others. (*See* Motion (Dkt. No. 31) at 10.) Here, the elements of the test for CDA immunity are met because: (1) Google is undeniably "an interactive computer service" under the statute (*see Baldino's Lock & Key Serv., Inc. v. Google LLC*, 285 F. Supp. 3d 276, 280 (D.D.C. 2018) ("search engine providers" like Google are a "quintessential example" of an interactive computer service provider); *Goddard v. Google, Inc.*, No. C 08-2738 JF (PVT), 2008 WL 5245490, at *2 n.2 (N.D. Cal. Dec. 17, 2008) (same)); and (2) Plaintiff seeks to hold Google liable for content created by others. Plaintiff does not plead any facts to show that Google created any of the allegedly fraudulent websites and fake crawls that form the basis of his Complaint, only that these websites were shown in "Google/Chrome search results" and allegedly helped to further other defendants' interests in "display[ing] results [they] wanted Plaintiff to see …." (Compl. ¶ 654.)

Plaintiff appears to argue that CDA immunity does not apply to his state law claims (Opp'n at 8.), but this is patently untrue; state law claims are routinely dismissed based on CDA immunity. *See, e.g., Caraccioli v. Facebook, Inc.*, 700 F. App'x 588, 590 (9th Cir. 2017) (upholding dismissal of state law claims for defamation, libel, false light, public disclosure of private facts, intrusion upon seclusion, intentional and negligent infliction of emotional distress, negligent supervision and retention, and California's Unfair Competition Law barred by CDA immunity). Plaintiff also seems to suggest that CDA immunity is not applicable here because Google did not act in good faith when displaying search results. Whatever that may mean, it certainly does not overcome the broad protections afforded by CDA 230, and Plaintiff cites no authority to the contrary.

Once again, the Court should dismiss Plaintiff's Complaint with prejudice.

### D. Plaintiff fails to allege contributory copyright infringement.

In response to Google's arguments regarding contributory copyright infringement, Plaintiff agrees that Google is not liable for any acts of primary infringement, and states only that Google "did, indeed, materially contribute to the infringing conduct" of other defendants. (Opp'n at 9.) Beyond making this cursory reference to the material contribution requirement, Plaintiff does not attempt to address any of the other defects of his claim. As Google showed in its Motion, the Complaint fails to plead facts plausibly showing: (1) direct infringement by a third party and (2) actual or constructive knowledge by Google of the direct infringement, both of which are needed to state a claim for contributory infringement. *In re Napster, Inc. Copyright Litig.*, 377 F. Supp. 2d 796, 801 (N.D. Cal. 2005). Because Plaintiff cannot point to any facts establishing these necessary elements of his claim, Plaintiff's claim for contributory copyright infringement must be dismissed with prejudice.

### E. Plaintiff fails to allege intentional misrepresentation.

Finally, Plaintiff's Opposition does nothing to connect Plaintiff's inconsistent allegations to his claim for intentional misrepresentation. Plaintiff's misrepresentation claim is based on his alleged reliance on Google's terms of service which states: "We provide our Services using a commercially reasonable level of skill and care." (Compl. (Dkt. No. 1) ¶ 653.) Plaintiff alleges that Google manipulated search engine results and helped co-Defendants hack into his computer so they could steal his screenplay, which clearly falls outside Google's provision of "Services." Perhaps to save this defect, Plaintiff appears to advance a new theory of misrepresentation by pointing to a Wikipedia article discussing Google's unofficial motto: "Don't be evil." (Opp'n at 9-10.) As discussed above, this is improper and should be ignored by the Court.

Additionally, Plaintiff's allegations regarding Google's conduct are unsupported by any facts that make his claims remotely plausible. Plaintiff's video exhibits do not show anything other than normal internet browsing activity and Plaintiff doesn't allege any facts that connect Google to the other Defendants or otherwise shed light on why Google would help them steal Plaintiff's screenplay. To defend the plausibility of his Complaint, Plaintiff merely restates the

federal pleading standard, and correctly concludes that the Court may decide whether the claims are plausible or not and should "draw on its judicial experience and common sense." (Opp'n at 5.) Under this standard, even if the Court reads the Complaint generously and draws all reasonable inferences in favor of Plaintiff, Plaintiff's claims against Google should be dismissed with prejudice as they are inherently implausible.

### F. Plaintiff's Complaint Violates Rule 8.

As Plaintiff concedes in his Opposition, Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong," and excessively lengthy or convoluted pleadings from pro se plaintiffs are subject to dismissal on this ground. *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also McDaniel v. United States*, No. 2:18-CV-2306 JAM DB PS, 2018 WL 5316161, at *2 (E.D. Cal. Oct. 26, 2018) (dismissing pro se complaint under Rule 8 because "plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief" and was instead "comprised of vague and conclusory allegations.").

Plaintiff defends his Complaint, which comprises 685 paragraphs and attaches over 150 paper exhibits and four video exhibits, by stating that this a "complex case. (Opp'n at 6.) This is no justification. Plaintiff's Complaint is excessive in any context and includes confusing and unintelligible forays into events and conspiracies that have no apparent relationship to Plaintiff's claims by Plaintiff's own characterization. *(E.g.*, Compl. ¶ 321 ("The Defs helped their associates (Lionsgate, NBCU, Sony, Disney) execute this hack to steal three of the Plaintiff's screenplays and a detailed outline of a preteen book series (***all unrelated to this action***).") (emphasis added)). Plaintiff's unwieldy complaint imposes an improper burden on this Court and the defendants in this case, and must be dismissed.

Apart from the Complaint's length, Plaintiff's pleading is also defective because it contains repeated allegations regarding a collective group of "defendants" without differentiating

who allegedly did what. (*E.g.*, Compl. ¶ 110 ("Defendants released several falsified articles…"); ¶ 173 ("Defendants unlawfully monitored Plaintiff's composition of this Complaint.")). Plaintiff makes no effort to address this additional violation of basic Rule 8 standards. *See Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) ("A plaintiff 'must identify what action each Defendant took that caused Plaintiffs' harm, without resort[ing] to generalized allegations against Defendants as a whole.'") (quoting *In re iPhone Application Litig.*, No. 11-MD-2550-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011 ).

### III. CONCLUSION

Plaintiff's claims are fatally flawed and the Complaint should be dismissed against Google without leave to amend.

Dated: June 12, 2020                                                COOLEY LLP

                                                                    By: */s/ Whitty Somvichian*
                                                                    Whitty Somvichian

                                                                    Attorneys for Defendant Google LLC

227262058