**WEINBERG GONSER LLP**
SHAHROKH SHEIK, BAR ID #250650
shahrokh@weinberg-gonser.com
CHARANJIT SINGH, BAR ID #311609
charanjit@weinberg-gonser.com
10866 Wilshire Blvd., Suite 1650
Los Angeles, CA 90024
Telephone: (424) 239-2851
Facsimile: (424) 238-3060

Attorneys for Defendant,
MICHAEL PIERCE

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES CAMERON; TWENTIETH CENTURY FOX FILM CORP.; NEWS CORP.; GOOGLE LLC; ZERO GRAVITY; INTERNET ARCHIVE; LIGHTSTORM ENTERTAINMENT INC.; MICHAEL PIERCE; MARK WILLIAMS; ROBERT KAMEN,<br><br>　　　　Defendants. | Case No.: 3:20-CV-01596-WHO<br><br>Assigned to the Honorable Vince Chhabria<br><br>**DEFENDANT MICHAEL PIERCE'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>**FILED CONCURRENTLY WITH DECLARATION OF MICHAEL PIERCE;**<br><br>Hearing Date:<br>Time:<br>Dept.:　2 – 17th Floor |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on _____ at _____ a.m./p.m., or as soon thereafter as the matter may be heard in Courtroom 2 on the 17th floor of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant MICHAEL PIERCE ("Mr. Pierce") will and hereby does move this Honorable Court for an order striking and dismissing Plaintiff STEVE WILSON BRIGGS' ("Plaintiff") Complaint in its entirety with prejudice and without leave to amend.

This motion to dismiss is made pursuant to Federal Rules of Civil Procedure ("FRCP") § 12(b)(6) on the grounds that each cause of action alleged against Mr. Pierce in the Complaint, namely copyright infringement and misrepresentation, is frivolous in nature and overall insufficiently plead.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, Declaration of Michael Pierce, the papers and pleadings on file herein, any relevant matters that are judicially noticeable, and upon such further oral and documentary evidence as may be presented to the Court at or before the time of the hearing.

DATED: June 24, 2020    By: /s/ Shahrokh Sheik
                            SHAHROKH SHEIK
                            Attorney for Defendant,

                            MICHAEL PIERCE

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION……………………………………………………………………..5

II. FACTUAL BACKGROUND………………………………………………………… 5

III. THIS COURT SHOULD GRANT MR. PIERCE'S MOTION TO DISMISS……………....6

   a. RULE 12 (b)(6) LEGAL STANDARD……………………………………………6

   b. PLAINTIFF'S CLAIM OF COPYRIGHT INFRINGEMENT IS INSUFFICIENTLY PLED………………………………………………………………………………….7

      i. PLAINTIFF FAILS TO ESTABLISH WITH PLAUSIBILITY THAT MR. PIERCE HAD ACCESS TO HIS WORK……………………………………………7

      ii. PLAINTIFF'S *BUTTERFLY DRIVER* SCREENPLAY IS NOT SUBSTANTIALLY SIMILAR TO *AVATAR* OR *TAKEN*…………………….......8

   c. PLAINTIFF'S CLAIM OF INTENTIONAL MISREPRESENTATION IS TIME-BARRED AND INSUFFICIENTLY PLED…………………………………………...10

IV. CONCLUSION……………………………………………………………………….11

3

**DEFENDANT MICHAEL PIERCE'S MOTION TO DISMISS COMPLAINT**

# TABLE OF AUTHORITIES

**Page**

CASES

*Ashcroft v. Iqbal*, 556 U.S. 666, 677 (2009) …………………………………………………….6

*Beasley v. Conagra Brands, Inc.,* 374 F. Supp. 3d 869, 874 (N.D. Cal. 2019) ……………………7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ……………………………………………..7

*Benay v. Warner Bros. Entertainment, Inc.,* 607 F.3d 620, 625-628 (9th Cir. 2010) ……………………10

*Bissoon-Dath v. Sony Computer Entmn't Am., Inc.*, 694 F. Supp. 2d 1071, 1078 (N.D. Cal. 2010) ……7

*Campbell v. Walt Disney Co.,* 718 F. Supp. 2d 1108, 1112 (N.D. Cal. 2010) …………………………..7

*Cline v. Reetz-Laiolo,* 329 F. Supp. 3d. 1000, 1037 (N.D. Cal. 2018) ………………………..............7

*Daniels-Hall v. Nat'l Educ. Ass'n*., 629 F.3d 992, 998 (9th Cir. 2020) ………………………………….7

*Engalla v. Permanente Medical Group*, Inc. 15 Cal.4th 951 (1997) ……………………………………13

*Funky Films, Inc. v. Time Warner Entmn't, Inc.* 462 F. 3d 1072, 1077 (9th Cir. 2006) ……………...7

*Goldberg v. Cameron*, 787 F.Supp.2d 1013, 1020 (N.D. Cal. 2011) ……………………………………9

*Jason v. Fonda*, 698 F.2d 966 (9th Cir. 1982)……………………………………………………………….8

*Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 48 (9th Cir. 2003)… ………………..…………………..8

*Marcus v. ABC Signature Studio*, 279 F. Supp 3d at 1069 (C.D. Cal. 2017).. …………………………..9

*Mattel, Inc. v. MGA Entertainment, Inc*., 616 F.3d 904 (9th Cir. 2010)………………………………….8

*Sid & Marty Krofft TV Prods. Inc., v. McDonalds's Corp.,* 562 F.2d 1157, 1164 (9th Cir. 1977……..…7

*Zella v. The E.W. Scripps Co.,* 529 F. Supp. 2d 1124, 1128-1129 (C.D. Cal. 2007)… ………………... 7

FEDERAL RULES OF CIVIL PROCEDURE

Section 12(b)(6)… ……………………………………………………………………………………..6

Section 9(b) ……………………………………………………………………………………………11

STATE STATUTES

California Code of Civil Procedure Section 338(d) …………………………………………………...10

**DEFENDANT MICHAEL PIERCE'S MOTION TO DISMISS COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Steve Wilson Briggs alleges in his Complaint that the films *Avatar* and *Taken* infringed upon his *Butterfly Driver* screenplay. Plaintiff's Complaint is incoherent and without merit, and it is just another lawsuit in a series of frivolous lawsuits with no purpose but to waste valuable judicial resources and incur significant legal fees for innocent alleged defendants. Indeed, all of Plaintiff's prior lawsuits were dismissed with prejudice and the dismissals were affirmed through multiple rounds of appeal.

Here, Mr. Pierce is alleged to have infringed on Plaintiff's copyright and committed misrepresentation; however, Mr. Pierce has never worked on or was affiliated in any way with *Avatar* or *Taken* and has never heard of Plaintiff or his screenplay *Butterfly Driver* until he was served with the Complaint at issue.

This is one of now four lawsuits brought forth by Plaintiff in this Honorable Court alleging infringement of *Butterfly Driver*. *See Briggs v. Blomkamp, et al.* No. 4:13-cv-4679-PJH, *Briggs v. Universal, et al.* No. 3:17-cv-6552-VC, *Briggs v. Spacey, et al.* No. 3:18-cv-4952-VC. This Court dismissed two of these cases in 2018, and Plaintiff appealed the third all the way up to the Supreme Court, which ultimately denied review. Plaintiff is clearly a serial and brash litigant.

Plaintiff is unable to overcome dismissal of his claims against Mr. Pierce because his claims of copyright infringement and misrepresentation, in addition to being wholly false, are insufficiently pled and time-barred. The fact that Mr. Pierce and other named defendants must incur fees in defending such a baseless and rambling complaint is unjust. Mr. Pierce respectfully moves this Honorable Court for an order dismissing Plaintiff's Complaint in sum with prejudice and without leave to amend.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint asserts two claims, namely copyright infringement and misrepresentation, against Mr. Pierce in connection with Plaintiff's screenplay *Butterfly Driver*. Specifically, Plaintiff claims that the films *Avatar* and *Taken* infringe upon said screenplay, and that Mr. Pierce in some way used ideas contained within said screenplay without compensating Plaintiff. (Compl. ¶¶ 333-446; 453-502; 640-684.) In fact, Mr. Pierce was never associated in any way with the films *Avatar* or *Taken,* and has never heard of

Plaintiff or *Butterfly Driver* until he was served with the Complaint at issue. (Pierce Decl. ¶ 2.)

Mr. Pierce worked at ZGM during the years of 2003-2007. (Pierce Decl. ¶ 3.) Plaintiff alleges that he contacted Zero Gravity Management ("ZGM"), a literary agency, <u>unsolicited</u> in 2006 to send the agency a script. (Compl. ¶ 2.) Plaintiff further claims without any detail or clarity that individuals at ZGM were "close friends" with individuals at 20th Century Fox, and that 20th Century Fox somehow ended up with the script. (Compl. ¶ 108.) Mr. Pierce has no knowledge of any of these facts.

As further evidence of Plaintiff's lack of honesty, clarity and intelligibility in his own fact pattern, Plaintiff alleges that ZGM went out of business on September 12, 2005. However, inexplicably, Plaintiff alleges he submitted his script to ZGM in January 2006. (Compl. ¶¶ 2-6.) In his Complaint, Plaintiff provides a Certificate of Cancellation from the California Secretary of State dated December 20, 2005 to prove that ZGM went out of business; however, this Certificate was in the name of an entirely different and unaffiliated entity called "Zero Gravity Internet Group." (Compl. ¶¶ 2-10; Decl. ¶ 6.) ZGM never went out of business. (Pierce Decl. ¶ 4.)

Further, Plaintiff claims falsely that six days later, ZGM opened a new company called "Future Service, Inc." (Compl. ¶¶ 2-10.) In fact, "Future Service, Inc." was opened by a completely separate film entity called "Future Films" with whom ZGM happened to share offices and for whom it co-produced a movie. (Pierce Decl. ¶ 5.) ZGM had no affiliation otherwise with Future Films, or Future Service, Inc. or Zero Gravity Internet Group (Pierce Decl. ¶ 4 and 7.)

Plaintiff's Complaint is based upon false allegations which are ultimately insufficiently pled and time-barred, and as such should be dismissed in whole with prejudice and without leave to amend.

## III. THIS COURT SHOULD GRANT MR. PIERCE'S MOTION TO DISMISS

### a. RULE 12(b)(6) LEGAL STANDARD

In order to overcome a motion for failure to state a claim pursuant to FRCP 12(b)(6), Plaintiff's complaint "must contain sufficient factual matter[s], accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff must state concrete facts that allows a court to reasonably conclude a claim to relief is plausible, not merely speculative. *Ashcroft v. Iqbal*, 556 U.S. 666, 677 (2009). Further, a court does not need to accept allegations as true that

are in direct contradiction of common sense, judicially noticed facts and merely conclusory allegations. *Beasley v. Conagra Brands, Inc.,* 374 F. Supp. 3d 869, 874 (N.D. Cal. 2019); *Daniels-Hall v. Nat'l Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2020), Some examples of items, which a court may take judicial notice of, include creative works. *Zella v. The E.W. Scripps Co*., 529 F. Supp. 2d 1124, 1128-1129 (C.D. Cal. 2007). In cases where the copyrighted work and alleged infringement are both before the court, "noninfringement can be determined on a motion to dismiss." *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d. 1000, 1037 (N.D. Cal. 2018).

### b. PLAINTIFF'S CLAIM OF COPYRIGHT INFRINGEMENT IS INSUFFICIENTLY PLED

To succeed on a copyright infringement claim, Plaintiff must show 1) ownership of a copyright in a work and 2) copying by a defendant of original elements of the work. *Funky Films, Inc. v. Time Warner Entmn't, Inc.* 462 F. 3d 1072, 1076 (9th Cir. 2006). Plaintiff can establish the second prong by either showing direct evidence of copying or showing that, in the absence of direct evidence, that the defendant had access to the work and that the works at issue are substantially similar. *Bissoon-Dath v. Sony Computer Entmn't Am., Inc.*, 694 F. Supp. 2d 1071, 1078 (N.D. Cal. 2010).

For purposes of a motion to dismiss, the Ninth Circuit looks to an *extrinsic test* to analyze prong two. *Sid & Marty Krofft TV Prods. Inc., v. McDonalds's Corp.,* 562 F.2d 1157, 1164 (9th Cir. 1977). Under this test, the court is to analyze objectively comparable similarities between the "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events" to determine whether substantial similarities in fact do exist. The court is to compare the actual concrete elements that make up the events and relationships between main characters in the works. *Funky Films, Inc.,* 462 F. 3d at 1077. The court is to determine in its analysis "only whether the protectable elements standing alone are substantially similar." *Id*. If the underlying works are not similar as a matter of law, courts will grant motions to dismiss infringement claims, and such a defect cannot be cured by an amendment. *Campbell v. Walt Disney Co.,* 718 F. Supp. 2d 1108, 1116 (N.D. Cal. 2010)

#### 1. Plaintiff Fails to Establish with Plausibility that Mr. Pierce had Access to His Work.

Here, because Plaintiff's Complaint does not allege a direct copy of *Butterfly Driver* and instead

7

**DEFENDANT MICHAEL PIERCE'S MOTION TO DISMISS COMPLAINT**

alleges an unauthorized borrowing, Plaintiff must show with plausibility that Mr. Pierce had a reasonable possibility of access to the original work, not just a bare possibility that an alleged infringer had the chance to view the protected work. *Jason v. Fonda*, 698 F.2d 966 (9th Cir. 1982). Plaintiff must allege facts establishing more than a bare possibility of access by Mr. Pierce, but also must identify more than "potential intermediaries" through whom he could have gotten access to the underlying work. Plaintiff fails to do so. Furthermore, "corporate receipt of unsolicited work," as is the case in this instant matter, is insufficient "where there is no evidence of any connection between the individual recipients and the alleged infringers." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 48 (9th Cir. 2003). Even this Honorable Court in one of Plaintiff's previous cases held that Plaintiff cannot attempt to claim access through a speculative chain of events. *Briggs v. Blomkamp*, Dkt. No. 86 at 14-15.

In this instant matter, Mr. Pierce never laid eyes on the script, never heard of the script, and never heard of the writer. Plaintiff merely alleges vague, unspecific, hypothetical, and theoretical intermediaries and routes by which Mr. Pierce could have gained access to *Butterfly Driver*. As cited above, a mere speculative chain of events with a bare possibility of access is insufficient to establish access with plausibility. As such, Plaintiff's allegations fail to state a claim of infringement and should be dismissed on this basis alone.

**2. Plaintiff's *Butterfly Driver* Screenplay is Not Substantially Similar to *Avatar* or *Taken***

As a matter of law, Plaintiff fails to meet his burden to show access, and further fails to meet his burden to show substantial similarity between his screenplay *Butterfly Driver* and either *Avatar* or *Taken*.

Random similarities between works that do not display the originality are not protected by copyright law- Plaintiff must show that the works are substantially similar. *Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904 (9th Cir. 2010). Plaintiff's Complaint refers only to random similarities and generic elements that should be filtered out from this Court's analysis. The generic elements to which Plaintiff refers in his Complaint are elements that appear in most stories, i.e. an overall mood that is dark with a hopeful ending (Compl. ¶¶ 424), car chases (Compl. ¶¶ 478-479), divisions within society (Compl. ¶¶ 436-439), corporations and a corrupt government operating as villians (Compl. ¶¶ 414-416), a hero that is a visionary dreamer (Compl. ¶ 346.4), combating pollution (Compl. ¶352), the idea of a secondary hero saving the

primary hero who is near death (Compl. ¶¶ 389-395), and the importance of family (Compl. ¶343). It is well-established copyright law that such generic ideas are not protected but are the common property of humankind. Such elements that are not protected by law should be filtered out of the Court's analysis before it analyzes the facts in applying the *extrinsic test*.

Courts regularly grant motions to dismiss claims of infringement as a matter of law in cases that involve works that are much more similar than the works at issue in this instant matter.

The specific similarities that have been ruled unprotected over the years prove to be immensely more similar than the similarities Plaintiff alleges in this matter at issue. *Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1062 (C.D. Cal. 2017). *Butterfly Driver* is not even mildly similar to either *Avatar* or *Taken*. Mr. Pierce respectfully requests that this Court take judicial notice of the films *Avatar* and *Taken*.

After filtering out the elements that are unprotected, the Court must then analyze the plot, themes, dialogue, mood, setting, place, characters, and sequence of events. *Goldberg v. Cameron*, 787 F.Supp.2d 1013, 1020 (N.D. Cal. 2011). Here, *Butterfly Driver* is neither substantially similar to *Avatar* nor to *Taken* in any of these capacities.

*Butterfly Driver* is a noir/action/science-fiction script without a love story that centers on a protagonist in a fictional city that orbits by satellite above earth which serves as both a privately-owned prison and upper-class neighborhood, whose owner is a corrupt manufacturer of pharmaceutical drugs. The protagonist is wrongly accused of a crime, escapes custody, and ultimately goes on a journey to find medicine for his ailing child.

*Avatar* is a fantasy/science-fiction film and love story set in the future on a fictional moon called Pandora in a faraway galaxy filled with lush nature and exotic creatures that interact with humans, which centers on the fight against corporate greed and the protection of the environment. A young, unmarried main character with no children is sent to work on a fictional moon for a corrupt corporation, he transforms into an alien, falls in love with another alien, and helps save the moon from the corrupt corporation. Its theme is one of interconnectedness and romance. It shares no identical dialogue with *Butterfly Driver* and any similarity of phrases are only stock phrases which do not amount to substantial similarity among the

two works.

*Taken* is an action-thriller film that takes place in France and the United States, which centers on a father's attempt to save his daughter and her friend after human traffickers have kidnapped them. Its plot is fast, unlike *Butterfly Driver*, and steady from the very beginning. Its sequence of events is distinct and the details and themes of the film are profoundly different than that of *Butterfly Driver*. The two films have no similarity in dialogue or mood. *Taken* is a dark and fast-paced thriller that takes place over the span of four days, whereas *Butterfly Driver* meanders and takes place over the course of several months.

Here, not only does *Butterfly Driver* share no substantial similarity in its general premise, themes, pace, mood, setting, characters, and dialogue with *Avatar* and *Taken,* but the stories are told in completely different ways as well. *See Benay v. Warner Bros. Entertainment, Inc.,* 607 F.3d 620, 625-628 (9th Cir. 2010) (finding no substantial similarity between two works that share the premise of an American war veteran going to Japan to help the Imperial Army by training it in methods of modern Western warfare). There are no substantial protected similarities at play here, and thus the Plaintiff's copyright claims should be dismissed as a matter of law.

### c. PLAINTIFF'S CLAIM OF INTENTIONAL MISREPRESENTATION IS TIME-BARRED AND INSUFFICIENTLY PLED

Pursuant to the California Code of Civil Procedure Section 338(d), the statute of limitations for intentional misrepresentation is three years. According to Plaintiff's Complaint, the intentional misrepresentation occurred in 2006. (Compl. ¶¶ 2, 6, 11.) The works which underlie the basis of Plaintiff's claim of intentional misrepresentation, namely *Taken* and *Avatar*, were released in 2008 and 2009 respectively. (Compl. ¶¶ 307, 331, 451.) Furthermore, Plaintiff himself admits he was on notice of his alleged claims as early as 2009 but chose not to inquire further. (Compl. ¶ 25.) Therefore, the statute of limitations has expired on this claim and Plaintiff's claim must fail.

Furthermore, courts regularly dismiss ancillary claims where there is no substantial similarity among the underlying works that form the basis of the claim. Such ancillary claims as intentional misrepresentation are based on the allegation that Mr. Pierce used Plaintiff's ideas without compensation. However, as outlined above, *Avatar* and *Taken* are not substantially similar to *Butterfly Driver* and Mr.

Pierce did not take Plaintiff's idea, much less without compensation. As such, this should constitute an independent ground for dismissal of Plaintiff's ancillary claim.

Finally, Plaintiff does not properly plead his claim of intentional misrepresentation. A claim for intentional misrepresentation must be pled with specificity and peculiarity under FRCP 9(b) and requires that one show 1) a misrepresentation, 2) with knowledge of its falsity, 3) with the intent to induce another's reliance on the misrepresentation, 4) actual and justifiable reliance, and 5) resulting damage. *Engalla v. Permanente Medical Group*, Inc. 15 Cal.4th 951 (1997).

Here, Plaintiff does not specifically and properly allege even one single necessary element outlined above with respect to Mr. Pierce. Indeed, Plaintiff does not allege any representation made by Mr. Pierce at any time in any manner, and certainly no representation in which Plaintiff relied on to his detriment. Plaintiff merely vaguely alleges that Mr. Pierce is responsible for initiating the harm against Plaintiff. (Compl. ¶ 639.) As such, Plaintiff's intentional misrepresentation claim must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Mr. Pierce for copyright infringement and intentional misrepresentation have no basis. Therefore, Mr. Pierce respectfully requests that this Honorable Court dismiss Plaintiff's entire Complaint against him with prejudice and without leave to amend.

DATED: June 24, 2020                          By:   /s/ Shahrokh Sheik
                                                    SHAHROKH SHEIK
                                                    Attorney for Defendant,

                                                    MICHAEL PIERCE

**DEFENDANT MICHAEL PIERCE'S MOTION TO DISMISS COMPLAINT**