**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal. Bar No. 205513
  jpjassy@jassyvick.com
KEVIN L. VICK, Cal. Bar No. 220738
  kvick@jassyvick.com
ELIZABETH BALDRIDGE, Cal. Bar No. 313390
  ebaldridge@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone:     (310) 870-7048
Facsimile:      (310) 870-7010

Attorneys for Defendants Twentieth Century
Fox Film Corp., Lightstorm Entertainment Inc.,
News Corp. and James Cameron

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES CAMERON; TWENTIETH CENTURY FOX FILM CORP.; NEWS CORP.; GOOGLE LLC; INTERNET ARCHIVE; ZERO GRAVITY; LIGHTSTORM ENTERTAINMENT INC.; MICHAEL PIERCE; MARK WILLIAMS; and ROBERT KAMEN,<br><br>    Defendants. | Case No.: 3:20-cv-01596-VC<br>Hon. Vince Chhabria<br><br>**DEFENDANTS TWENTIETH CENTURY FOX FILM CORP., LIGHTSTORM ENTERTAINMENT INC., NEWS CORP. AND JAMES CAMERON'S COMBINED OPPOSITION TO PLAINTIFF'S AMENDED FIRST MOTION *IN LIMINE* AND REQUEST FOR JUDICIAL NOTICE [DKT. NO. 43] AND AMENDED SECOND MOTION *IN LIMINE* [DKT. NO. 52]** |

Defendants Twentieth Century Fox Film Corp., Lightstorm Entertainment Inc., News Corp., and James Cameron (collectively, "Defendants") respectfully submit the following combined Opposition to Plaintiff Steve Wilson Briggs's ("Plaintiff's") purported amended first motion *in limine* for the inclusion of new facts and evidence and request for judicial notice (Dkt. No. 43; original, superseded motion at Dkt. No. 39) and purported amended second motion *in limine* to include new evidence (Dkt. No. 52; original, superseded second motion at Dkt. No. 51).

## I.   INTRODUCTION

Plaintiff has filed purported motions *in limine* and a request for judicial notice which are not only procedurally improper, but are also nearly unintelligible. *See* Dkt. Nos. 39, 43, 51, and 52. The motions and request reflect Plaintiff's unsubstantiated theories suggesting that he has not only been wronged by the named defendants, but also by non-parties Lions Gate Entertainment, Sony Pictures, the Walt Disney Company, Pixar Entertainment, George Lucas, Paul Allen, NASA, the U.S. Department of Defense, NBCUniversal, Microsoft, and the New York Times. Defendants have a pending motion to dismiss pursuant to FRCP 12(b)(6). That motion exposes Plaintiff as a serial litigant, establishes he has no claims as a matter of law, and should end this litigation as to Defendants.

Plaintiff's recent filings compel no different conclusion and should not even be considered because they are procedurally deficient on several grounds. Plaintiff styled his first filing, which he amended at Dkt. No. 43, as a motion *in limine* and a request for judicial notice, but motions *in limine* do not serve the function he claims, and there are no facts presented of which the Court could take judicial notice. Plaintiff's second filing, which he also amended (Dkt. No. 52), is also styled as a motion *in limine*. Plaintiff failed to notice either of these purported motions for hearing dates as required under Local Rule 7-2(a). Plaintiff arbitrarily set June 25, 2020, as the date by which any defendant must oppose his amended first motion *in limine* and request for judicial notice, and his docket entry for the amended second motion *in limine* states that oppositions must be filed by July 6, 2020. Defendants file this combined Opposition accordingly. But Plaintiff's motions *in limine* and request for judicial notice are not proper filings that this Court should consider on the merits.

## II. PLAINTIFF'S AMENDED FIRST MOTION *IN LIMINE* AND REQUEST FOR JUDICIAL NOTICE AND AMENDED SECOND MOTION *IN LIMINE* ARE ALL IMPROPER, AND THE COURT SHOULD STRIKE OR DENY THE FILINGS.

Plaintiff's amended first motion *in limine* and request for judicial notice and amended second motion *in limine* are rambling, procedurally improper, and difficult to understand, but both documents appear to ask the Court to consider additional facts and evidence not included in Plaintiff's Complaint. This is not a proper basis for a motion; all allegations must be included in, referenced in, or attached to the operative pleading. *See*, *e.g.*, *Hellgren v. Providential Home Income Plan, Inc.*, No. C 06-4728, 2006 WL 8447964, at *2 (N.D. Cal. Oct. 26, 2006) ("the court is generally confined to consideration of allegations in the pleadings, [though it may also consider] attached documents"); *Woodard v. Ahern*, No. C-09-0203, 2009 WL 1299126, at *2 (N.D. Cal. May 11, 2009) (dismissing *pro se* complaint and noting, "[t]he pleading must be simple and concise and . . . [c]laims and defenses not included . . . will not be considered by the court").

Moreover, asking the Court to consider additional evidence beyond the pleadings is not the function of a motion *in limine*. "A motion in limine is a procedural mechanism to *limit* in advance testimony or evidence in a particular area." *U.S. v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (emphasis added). Nor is there any fact referenced in Plaintiff's amended first motion *in limine* and request for judicial notice that meets the requirements for judicial notice stated in the Federal Rules of Evidence. *See* Fed. R. Evid. 201(b) (permitting courts to take judicial notice of facts "generally known within the trial court's territorial discretion" or capable of "accurate[] and read[y] determin[ation] from sources whose accuracy cannot reasonably be questioned"). Plaintiff's amended first motion *in limine* and request for judicial notice presents several pages worth of purported facts and evidence, and he makes no attempt to tie those facts and evidence to the standard provided in Federal Rule of Evidence 201(b).

Lastly, Plaintiff's amended first motion *in limine* and request for judicial notice and amended second motion *in limine* are both procedurally deficient because neither is noticed for a hearing date as required under Local Rule 7-2(a). Plaintiff cites California Rule of Court 3.1112(f) in both purported motions as his basis for failing to notice a hearing date, but the California Rules of

Court are procedural law, not applicable in federal court. *See*, *e.g.*, *Florens Container, Inc. v. Cho Yang Shipping Co., Ltd.*, No. C 01-0686, 2001 WL 938988, at *1 n.1 (N.D. Cal. Feb. 26, 2001) (refusing to apply California Rules of Court to procedural question in federal court); *Valentino v. Sullivan*, No. 12-CV-917, 2014 WL 4264840, at *23 (S.D. Cal. Aug. 27, 2014) (same).

## III.   CONCLUSION

For these reasons, Defendants respectfully request that the Court strike or deny Plaintiff's purported amended first motion *in limine* and request for judicial notice (Dkt. No. 43) and his amended second motion *in limine* (Dkt. No. 52).

Dated: June 25, 2020

JASSY VICK CAROLAN LLP

*/s/ Jean-Paul Jassy*
JEAN-PAUL JASSY
Counsel for Defendants Twentieth Century Fox Film Corp., Lightstorm Entertainment Inc., and News Corp. and James Cameron