Peter C. Catalanotti (SBN 230743)
peter.catalanotti@wilsonelser.com
Madonna Herman (SBN 221747)
Madonna.Herman@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP**
525 Market Street 17th Floor
San Francisco, CA  94105
Telephone:   (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendant
Internet Archive

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| STEVEN WILSON BRIGGS, | Case No.: 3:20-CV-01596 |
|---|---|
| Plaintiff, | |
| | Judge: Hon. Vince Chhabria |
| v. | San Francisco Division |
| | |
| JAMES CAMERON; TWENTIETH CENTURY FOX FILM CORPORATION; NEWS CORP; GOOGLE LLC; INTERNET ARCHIVE; ZERO GRAVITY; LIGHTSTORM ENTERTAINMENT INC; MICHAEL PIERCE; MARK WILLIAMS; ROBERT KAMEN. | Action Filed: March 4, 2020 |
| | **DEFENDANT INTERNET ARCHIVE'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** |
| Defendants. | |

TO PLAINTIFF IN PROPRIA PERSONA, ALL OTHER PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE THAT on July 30, 2020, at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 4, 17th Floor, of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable Vince Chhabria, presiding, Defendant Internet Archive will and hereby do move this Court for an order dismissing with prejudice, and without leave to amend, the Complaint

1  filed by Plaintiff Steve Wilson Briggs ("Plaintiff").

2      Defendant brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all other matters of which this Court may take judicial notice, the pleadings, files, and records in this action, and on any argument heard by the Court.

Dated:   June 26, 2020

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:   */s/ Madonna Herman*
Peter C. Catalanotti
Madonna Herman
Attorneys for Defendant,
Internet Archive

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 7

II. BACKGROUND REGARDING INTERNET ARCHIVE ............................ 7

III. ALLEGED COPYRIGHT INFRINGEMENT AND COVER-UP ................ 8

IV. LEGAL ARGUMENT ................................................................................... 9

    A. Plaintiff Fails to State a Claim for Contributory Infringement Against IA ........................................................................................... 9

    B. Plaintiff Fails to State a Claim of Intentional Misrepresentation Against IA ......................................................................................... 11

    C. The Complaint Violates Federal Rules of Civil Procedure 8(a) and 12(b)(6) .............................................................................................. 12

    D. Plaintiff's Claims Involve Conduct Protected by the Communications Decency Act (CDA) Section 230 ........................... 14

V. CONCLUSION ............................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................... 10, 12

*Baldino's Lock & Key Serv., Inc. v. Google LLC*,
  285 F. Supp. 3d 276 (D.D.C. 2018) ......................................................................... 15

*Beasley v. Conagra Brands, Inc.*,
  374 F. Supp. 3d 869 (N.D. Cal. 2019) ..................................................................... 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 10, 12

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir.2001) .................................................................................. 11

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ................................................................................. 13

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ................................................................................... 12

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) ................................................................................... 12

*Flores v. EMC Mortg. Co.*,
  997 F. Supp. 2d 1088 (E.D. Cal. 2014) ................................................................... 14

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
  76 F.3d 259 (9th Cir. 1996) ..................................................................................... 10

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
  443 F.2d 1159 (2d Cir. 1971) .................................................................................. 10

*Gonzalez v. Google, Inc.*,
  335 F. Supp. 3d 1156 (N.D. Cal. 2018) ................................................................... 14

*Hatch v. Reliance Ins. Co.*,
  758 F.2d 409 (9th Cir.1985) .................................................................................... 13

*Hebbe v. Pliler*,
    627 F.3d 338 (9th Cir. 2010) ........................................................................................ 12

*In re iPhone Application Litig.*,
    No. 11-MD-2550-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ............ 13

*In re Napster, Inc. Copyright Litig.*,
    377 F. Supp. 2d 796 (N.D. Cal. 2005) ................................................................ 10

*Marshall's Locksmith Serv. Inc. v. Google, LLC*,
    925 F.3d 1263 (D.C. Cir. 2019) ........................................................................ 15

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir.1996) ............................................................................. 12

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008) .......................................................................... 12

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir.1993) ................................................................................. 11

*Nevijel v. North Coast Life Ins. Co.*,
    651 F.2d 671 (9th Cir.1981) ............................................................................. 13

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ............................................................................ 10

*Schmidt v. Herrmann*,
    614 F.2d 1221 (9th Cir.1980) ........................................................................... 13

*Sebastian Brown Prods., LLC v. Muzooka, Inc.*,
    143 F. Supp. 3d 1026 (N.D. Cal. 2015) ............................................................ 13

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .......................................................................... 11

*Yee v. Select Portfolio, Inc.*,
    No. 18-CV-02704-LHK, 2018 WL 6173886 (N.D. Cal. Nov. 26, 2018) .......... 13

**Statutes**

47 U.S.C. § 230 ............................................................................................... 7, 14

47 U.S.C. § 230(b) .............................................................................................. 14

47 U.S.C. § 230(c)(1) .................................................................................................... 14, 15

47 U.S.C. § 230(e)(3) ......................................................................................................... 14

47 U.S.C. § 230(f) .............................................................................................................. 15

**Other Authorities**

5 Charles A. Wright & Arthur R. Miller,
 Federal Practice & Procedure § 1217 (3d ed. 2010) ............................................. 13

**Rules**

Federal Rule of Civil Procedure § 8 .............................................................. 7, 12, 14

Federal Rule of Civil Procedure § 8(a) ........................................................ 11, 12, 13

Federal Rule of Civil Procedure § 9(b) ...................................................................... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff alleges that two movies, *Avatar* and *Taken*, infringe on a screenplay he wrote entitled *Butterfly Driver*.[1] The claims for relief alleged against IA are Copyright Infringement, Contributory Copyright Infringement, and Intentional Misrepresentation.

The Complaint against IA should be dismissed for several reasons. First, Plaintiff does not, and cannot, allege any facts in support of the claims against IA. The Complaint does not contain any factual allegations regarding IA that would support a Copyright Infringement claim. In fact, Plaintiff admits that "Defs Google LLC and Internet Archives did not directly engage in the actual infringement of the Plaintiff's work." (Complaint, ¶ 621.) The bare allegation that IA "had clear knowledge of the infringing Defendants' infringement of Plaintiff's work" is insufficient to support of Plaintiff's Contributory Copyright Infringement claim. (*Id.*) Finally, although named in the claim for Intentional Misrepresentation, the Complaint does not contain a single factual allegation against IA.

Also, Plaintiff's Complaint violates Federal Rule of Civil Procedure 8 requirements, and the allegations against IA involve activity that is protected from liability under Section 230 of the Communications Decency Act, 47 U.S.C. § 230.

IA respectfully requests that the Court dismiss all claims against it with prejudice to avoid further burden on the court.

## II. BACKGROUND REGARDING INTERNET ARCHIVE

Defendant Internet Archive ("IA") is a nonprofit internet archival library. Similar to a paper library, it provides free access to the general public, but instead of paper, IA is a digital library of internet sites and other cultural artifacts in digital form. IA was founded in 1996 to preserve the content published on the World Wide

---

[1] This is Plaintiff's fourth lawsuit related to alleged copyright infringement of his *Butterfly Driver* script. Each has been dismissed.

Web.  It digitally preserves books and historical documents, as well as cached versions of websites captured over a long period of time. Its most famous project is the Wayback Machine, a digital collection of roughly 390 billion pages dating back to 1996. It's the deepest archive of internet history in existence.

Anyone with a free account can upload media to IA.  The archive contains 330 billion web pages, 20 million books and texts, 4.5 million audio recordings, 4 million videos, 3 million images and 200,000 software programs. IA is funded through donations, grants, and by providing web archiving and book digitization for its partners.

Recently, the Association of Research Libraries issued a statement regarding IA: "For nearly 25 years," the Association's statement reads, "the Internet Archive (IA) has been a force for good by capturing the world's knowledge and providing barrier-free access for everyone, contributing services to higher education and the public, including the Wayback Machine that archives the World Wide Web, as well as a host of other services preserving software, audio files, special collections, and more."

### III. ALLEGED COPYRIGHT INFRINGEMENT AND COVER-UP

Plaintiff alleges that he completed a script for a movie called *Butterfly Driver* or *Uberopolis: City of Light* ("*Butterfly Driver*") in 2005. (Complaint, ¶ 1.) He claims he sent the script to literary agency ZGM, owned by Defendants Michael Pierce and Mark Williams on January 20, 2006, (*Id.*, ¶¶ 2, 131.), and posted a revised version of the script on the website Triggerstreet.com in December 2006 or January 2007. (*Id.*, ¶ 287.)

In the Complaint, Plaintiff alleges that "Defendants" (he does not specify which) accessed the *Butterfly Driver* script through ZGM and Triggerstreet.com. (*Id.* ¶¶ 47, 176, 264, 290.) Plaintiff alleges that Defendants Twentieth Century Fox and Robert Kamen copied *Butterfly Driver* to make the 2008 movie *Taken,* (*Id.* ¶ 447),

and Defendants Twentieth Century Fox and James Cameron copied *Butterfly Driver* to make the 2009 movie *Avatar*. (*Id.* ¶¶ 1, 47.)

Plaintiff claims that his research into the origins of *Avatar* revealed allegedly fraudulent articles, dated February 3, 2006, which claimed that James Cameron wrote a scriptment for *Avatar* sometime in 1995, and that it was leaked online in 1996. (Complaint, ¶¶ 3, 20, 27, 47.) Plaintiff claims this article was fabricated to create the false impression that Cameron's *Avatar* script came before Plaintiff's work on *Butterfly Driver*. (*Id.*, ¶ 181.) He claims that "Defendants" published 14 other articles discussing Cameron's progression on *Avatar*, and created two webpages that were the alleged source of the leaked *Avatar* scriptment. This was supposedly all in an effort by "Defendants" to support the idea that *Avatar* was developed long before Plaintiff's work on *Butterfly Driver*. (*Id.*)

Without any factual support whatsoever, Plaintiff claims that IA produced fake "crawls" of the aforementioned fraudulent webpages. (Complaint, ¶ 3.) As stated above, IA is the deepest archive of internet history in existence. It preserves content published on the web, caching versions of websites captured over a long period of time. Plaintiff bases his spurious allegations on his belief that he "noticed a few of these IA crawls changed." (Complaint, ¶ 55.) Again and again, Plaintiff alleges that "Defendants" used IA for fraudulent purposes. (Complaint, ¶¶ 13, 24, 206, 226.) Yet, Plaintiff does not allege any actual fraudulent actions taken by IA.

## IV.   LEGAL ARGUMENT

### A.   Plaintiff Fails to State a Claim for Contributory Infringement Against IA[2]

Contributory copyright infringement occurs when "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing

---

[2] As stated above, Plaintiff's direct copyright infringement claim (first claim for relief) is directed at "all defendants." However, Plaintiff admits that "Defs Google LLC and Internet Archives did not directly engage in the actual infringement of the Plaintiff's work." As admitted, Plaintiff has no viable claim for direct infringement against IA. (Complaint. ¶ 621.)

9
DEFENDANT INTERNET ARCHIVE'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

2408188v.1

conduct of another." (*Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971).) To state a claim, a plaintiff must allege facts showing (1) direct infringement by a third party; (2) actual or constructive knowledge by the defendant that third parties were directly infringing; and (3) a material contribution by the defendant to the infringing activities. (*In re Napster, Inc. Copyright Litig.*, 377 F. Supp. 2d 796, 801 (N.D. Cal. 2005).)

Plaintiff's contributory infringement claim fails because he has alleged no facts showing that IA had knowledge of any infringing activity involving Plaintiff's *Butterfly Driver* script. Instead, without any factual support whatsoever, Plaintiff asserts that IA "had clear knowledge of the infringing Defendants' infringement of Plaintiff's work." (Complaint, ¶ 621.) Such a conclusory assertion is not enough. (*See Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do"); *Iqbal,* 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff also fails to allege that IA materially contributed to any act constituting infringement. Instead, Plaintiff's allegations regarding IA involve fake "crawls" of allegedly fraudulent webpages. (Complaint, ¶ 3.) This activity has no "direct connection" to the actual alleged infringement of Plaintiff's script. (*See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 796 (9th Cir. 2007).) In *Perfect 10, Inc.,* Plaintiff alleged that credit card companies contributorily infringed its copyrighted images by processing credit card charges incurred by customers to acquire infringing images posted on other websites. (*Id.* at 796-97.) The dismissal of the contributory infringement claim was upheld, and the court explained that infringement rested on the "reproduction, alteration, display and distribution" of plaintiff's images, which the credit card companies played no part in. (*Id.*)

In this matter, Plaintiff's copyright infringement claim rests on the alleged use

of Plaintiff's work in the movies *Taken* and *Avatar*. None of the actions alleged by Plaintiff against IA in the Complaint induced or facilitated the creation or "reproduction, alteration, display and distribution" of those two movies. (*Id.*) Further, Plaintiff's contributory infringement claim fails because he does not allege an underlying claim for direct infringement of his copyrighted work. Plaintiff's copyright infringement claim is based on the same *Butterfly Driver* script that was the subject of his prior failed copyright infringement actions, and cannot support a viable claim here for similar reasons. Here, Plaintiff's copyright infringement claim is based on many of the same elements that this court has already deemed unworthy of copyright protection.

### B. Plaintiff Fails to State a Claim of Intentional Misrepresentation Against IA

Plaintiff's intentional misrepresentation claim against IA must be dismissed, as Plaintiff has failed to allege that IA made *any* representation, let alone a misrepresentation, regarding Plaintiff or any party, individual or organization. (*See* Complaint, ¶¶ 624-662.)

With respect to fraud-based claims, Rule 9(b) demands that the allegations of the purported fraud be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." (*Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.1993).) Rule 9(b) requires plaintiffs to plead "'the who, what, when, where, and how' of the misconduct charged." (*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).)

Plaintiff has failed to plead misrepresentation with requisite specificity. This failure mandates dismissal.

**C. The Complaint Violates Federal Rules of Civil Procedure 8(a) and 12(b)(6)**

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. P. 8(a).) A complaint "must be dismissed" when a plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Twombly*, 550 U.S. at 555.)

In applying these standards, a court should reject "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and focus on well-pled allegations to "determine whether they plausibly give rise to an entitlement to relief." (*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (citation omitted).) Further, the court should apply its "judicial experience and common sense," to determine whether allegations amount to a "plausible" claim. (*Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 874 (N.D. Cal. 2019) (citation omitted).) A court should not "accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (*Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).)

Pro se pleadings should be construed liberally. (*Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010).) However, a complaint should be dismissed when it lacks a cognizable legal theory or lacks sufficient facts to support a cognizable legal theory. (*Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008).)

1    Plaintiff's Complaint should be dismissed because the lengthy and confusing
2 allegations violate Rule 8's requirement of "a short and plain statement of the claim
3 showing that the pleader is entitled to relief." (Fed. R. Civ. P. 8(a).) The Ninth Circuit
4 has routinely affirmed dismissal of similar complaints. (*See, e.g., McHenry v. Renne*,
5 84 F.3d 1172, 1177-80 (9th Cir.1996) (upholding a Rule 8(a) dismissal of a
6 complaint that was "argumentative, prolix, replete with redundancy, and largely
7 irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir.1985) (upholding
8 dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and
9 conclusory"); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir.1981)
10 (holding that Rule 8(a) is violated when a complaint is excessively "verbose,
11 confusing and almost entirely conclusory"); *Schmidt v. Herrmann*, 614 F.2d 1221,
12 1224 (9th Cir.1980) (upholding dismissal of "confusing, distracting, ambiguous, and
13 unintelligible pleadings").)

> "While 'the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'"

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1217 (3d ed. 2010)).

Plaintiff's 135 page Complaint, with 684 paragraphs and approximately 700 pages of exhibits—is "needlessly long" by any conceivable standard.

In addition, Plaintiff lumps allegations against the "defendants" as a collective group, without identifying what each individual defendant is alleged to have done. As this Court has explained, grouping multiple defendants together in this way is "problematic because it fails to put each respective Defendant on notice of the basis of the Plaintiff's claims." (*Yee v. Select Portfolio, Inc.*, No. 18-CV-02704-LHK, 2018 WL 6173886, at *7 (N.D. Cal. Nov. 26, 2018).) (*See also*, e.g., *Sebastian*

1  *Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) ("A plaintiff 'must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole.'") (quoting *In re iPhone Application Litig.*, No. 11-MD-2550-LHK, 2011 WL 4403963, at *3 (N.D. Cal. Sept. 20, 2011 ); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) ("The rambling complaint lacks facts of defendants' specific wrongdoing to provide fair notice as to what each defendant is to defend.").)

Plaintiff has failed to put IA on notice of the specific allegations being made against it, as required by Rule 8 by directing his Complaint against a collective group of "defendants." The generalized allegations are particularly problematic because IA has no relationship at all with most of the other defendants and is left to guess at what potential connections Plaintiff may be imagining. IA has searched the Complaint for the handful of specific allegations directed at it, however, the failure to identify the specific allegations being directed at each defendant in itself mandates dismissal of the Complaint.

### D.  Plaintiff's Claims Involve Conduct Protected by the Communications Decency Act (CDA) Section 230.

Plaintiff's theories against IA is barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230" or "CDA"). Section 230 provides broad immunity to online service providers where a party seeks to hold the provider liable for the content of others. Congress passed the CDA to promote "the continued development of the Internet and other interactive computer services" and "preserve the vibrant and competitive free market that presently exists for the Internet." (47 U.S.C. § 230(b).) The CDA provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." (*Id.* § 230(c)(1).) Where CDA immunity applies, "[n]o cause of action may be brought and no liability may be

imposed under any State or local law that is inconsistent with this section." (*Id*. § 230(e)(3).) In applying Section 230(c)(1), courts in this District utilize a three-part test that looks to whether a plaintiff's claim involves "(a) a provider or user of an interactive computer service (b) that the plaintiff seeks to treat as a publisher or speaker (c) of information provided by another information content provider." (*Gonzalez v. Google, Inc*., 335 F. Supp. 3d 1156, 1173 (N.D. Cal. 2018).) All three elements for immunity are met here.

The IA services at issue in the Complaint are "an interactive computer service." Section 230(f) defines an "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet." (See, e.g., *Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1268 (D.C. Cir. 2019) (search engines "fall within th[e] statutory definition" of an "interactive computer service"); *Baldino's Lock & Key Serv., Inc. v. Google LLC*, 285 F. Supp. 3d 276, 280 (D.D.C. 2018) ("search engine providers" are a "quintessential example" of an interactive computer service provider).)

The second and third elements of Section 230(c)(1) immunity are met because Plaintiff seeks to hold IA liable for content created by others. In *Marshall's Locksmith Service Inc. v. Google, LLC*, the court applied Section 230(c)(1) to a complaint alleging that Google enabled the fraudulent scheme of certain businesses by "deliberately flood[ing]" search results with business listings that it knew to be "seriously inaccurate or even nonexistent." (925 F.3d at 1266.) The court affirmed dismissal of all claims pursuant to Section 230(c)(1) because the claims were based on third-party content. (*See also Baldino's Lock & Key Serv.*, 285 F. Supp. 3d at 280 (dismissing similar claims).) Plaintiff does not and cannot allege any facts to show that IA created the purported fraudulent websites that are at the heart of the

DEFENDANT INTERNET ARCHIVE'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

2408188v.1

Complaint.

Plaintiff's claims against IA should be dismissed in their entirety because they seek to hold IA liable for the content of others, in contravention of the immunity conferred under Section 230(c)(1).

## V. CONCLUSION

For the reasons explained above, IA requests that the Court dismiss all claims against it with prejudice.

Dated:   June 26, 2020                              WILSON, ELSER, MOSKOWITZ,
                                                                          EDELMAN & DICKER LLP


                                                                  By:   */s/ Madonna Herman*
                                                                             Peter C. Catalanotti
                                                                             Madonna Herman
                                                                             Attorneys for Defendant,
                                                                             Internet Archive

# PROOF OF SERVICE

*Briggs vs. Twentieth Century Fox Film Corp, et al.*
United States District Court Case No. 3:20-CV-01596

At the time of service I was over 18 years of age and not a party to this action. I am employed by in the County of San Francisco, State of California. My business address is 525 Market Street, 17th Floor, San Francisco, California 94105. My business Facsimile number is (415) 434-1370. On this date I served the following document(s):

**DEFENDANT INTERNET ARCHIVE'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☒: By United States Mail. I placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

## SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on June 26, 2020, at San Francisco, California.

Michael Folger

# **SERVICE LIST**

*Briggs vs. Twentieth Century Fox Film Corp, et al.*
United States District Court Case No. 3:20-CV-01596

Steven Wilson Briggs                    Plaintiff In Propria Persona
4322 Chico Avenue,
Santa Rosa CA, 95407
(510) 206-3763
snc.steve@gmail.com

DEFENDANT INTERNET ARCHIVE'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

2408188v.1