1  Steve Wilson Briggs
2  4322 Chico Ave.,
   Santa Rosa, CA 95407
3  510 200 3763
   snc.steve@gmail.com
4  PLAINTIFF In Propria Persona
5
6
7
8  **UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA,**
9  **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 10  STEVE WILSON BRIGGS, | Civ No: 20-CV-1596-WHO |
| 11  Plaintiff, | Plaintiffs' Notice Of Motion And Motion |
| 12  vs | To Disqualify The Honorable Judge Vince Chhabria, Pursuant To 28 USC §§ 144 And 455; Affidavit Of Plaintiff |
| 13  JAMES CAMERON et al, | Steve Wilson Briggs; Certificate Of Good Faith. |
| 14  Defendants. | |
| 15 | Date:        August 4, 2020 |
| 16 | Time:        10:00 a.m. Courtroom:  4 |

17
18  TO THE DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

19      PLEASE TAKE NOTICE that, pursuant to 28 U.S. CODE §§ 144 and 455, on August

20  4, 2020, at 10:00 a.m., in Courtroom 4, the Honorable Judge Vince Chhabria at the United

21  States District Court for the Northern District of California, 17th Floor, 450 Golden Gate

22  Ave., San Francisco, CA 94102, Plaintiff Steve Wilson Briggs will, and hereby does, move

23  for the Disqualification of the Honorable Judge Vince Chhabria from presiding over this

24  action, on the basis of bias in favor of the defendants and prejudice against the Plaintiff.

25  This motion will be based on and supported by the attached Memorandum Of Points And

26  Authorities, the attached affidavit of Plaintiff, Plaintiff's signed Certificate, the attached

27  declarations of Plaintiff, the Complaint in this matter, and all pleadings and filing submitted

28  in *Briggs v Spacey*, 2018, over which the Honorable Judge Chhabria presided.

PLAINTIFFS' MOTION TO DISQUALIFY THE HONORABLE JUDGE VINCE CHHABRIA

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### Introduction

June 23, 2020, the Honorable Judge William H. Orrick unexpectedly recused himself from this action, ***Briggs v Cameron***, and Judge Chhabria was assigned to the matter.

Plaintiff has prior experience with Judge Chhabria, in *Briggs v Universal*, 2017, and in *Briggs v Spacey*, 2018. (Due to Plaintiff's inability to serve defendant Kevin Spacey in *Briggs v Universal*, 2017, the matter was dismissed and refiled in 2018 as *Briggs v Spacey*.)

In *Briggs v Spacey*, Judge Chhabria's rulings were so improper that **the Complaint in <u>this</u> matter**, Briggs v Cameron, specifically addressed Judge Chhabria's improper conduct and rulings on page *iv* (where Plaintiff actually appealed for media oversight to prevent further improper conduct), and on page 119.

During Briggs v Spacey, 2018, Judge Chhabria acted with clear prejudice against the Plaintiff and with bias for the defendants, in such clearly prejudiced and/or biased acts as:

1. **Judge Chhabria's dismissal Judgement/Order in *Briggs v Spacey* was so inappropriate, prejudiced and biased that Judge Chhabria filed the Order on SATURDAY, DECEMBER 22, 2018, <u>THREE DAYS BEFORE CHRISTMAS</u>, when no reporters would cover the story.** At the time, the case would have been a matter of public interest, because it involved celebrity Kevin Spacey, who had not been seen in public in over a year—a news story in itself. Two days after Judge Chhabria entered his Saturday Order, Spacey emerged from hiding, Dec 24, 2018, Christmas Eve, and admitted to all of Plaintiff's allegations in *Briggs v Spacey*, in a notorious and cryptic video statement, seemingly directed at one of Spacey's sexual assault victims (more on this in Argument #1). Thus, Judge Chhabria's Saturday ruling also served as a weapon to intimidate Spacey's alleged sexual assault victim.

2. **Judge Chhabria abused his authority and refused to act on Plaintiff's eight (8) valid requests for default judgement against the defendants.**

3. **Judge Chhabria arbitrarily and improperly opined that Plaintiff failed to state a claim, then grossly misstated and omitted Plaintiff's actual claims to make his**

1    improper ruling appear valid.

2    **4. Judge Chhabria egregiously misapplied law, opined without bothering to learn**

3    **basic technological precepts at issue, and failed to apply the common "plain**

4    **meaning" rule. And all of these errors were made in favor of the defendants.**

5    **5. Judge Chhabria's Judgment in Briggs v Spacey showed extreme bias in favor of**

6    **the defendants, as the Judgment did not cite one of the defendants' 20**

7    **arguments in their 3 motions to dismiss. Worse, Judge Chhabria actually**

8    **created one or morel arguments that the defendants did not raise (Judge**

9    **Chhabria's arguments were both wrong and improper).**

10   **6. When duly notified by the Plaintiff in the pleadings, Judge Chhabria failed to**

11   **take action on any of the defendants documented false and fraudulent court**

12   **filings, false and fraudulent business filings, or their improper business**

13   **relationships.**

14   If allowed to preside over this matter, it is certain that Judge Chhabria will act with

15   prejudice against the Plaintiff and with bias in favor of the defendants (as the defendants in

16   this matter have business partnerships and shared interests with the Briggs v Spacey

17   defendants).

18   **1. GOVERNING LAW**

19   Motions for judicial disqualification are governed by 28 U.S. Code §§ 144 and 455.

20   28 U.S. Code § 144

21   28 U.S. Code § 144. Bias or prejudice of judge

22   Whenever a party to any proceeding in a district court makes and files a
     timely and sufficient affidavit that the judge before whom the matter is pending

23   has a personal bias or prejudice either against him or in favor of any adverse
     party, such judge shall proceed no further therein, but another judge shall be

24   assigned to hear such proceeding.

25   The affidavit shall state the facts and the reasons for the belief that bias or
     prejudice exists, and shall be filed not less than ten days before the beginning

26   of the term at which the proceeding is to be heard, or good cause shall be
     shown for failure to file it within such time. A party may file only one such

27   affidavit in any case. It shall be accompanied by a certificate of counsel of

28   record stating that it is made in good faith.

PLAINTIFFS' MOTION TO DISQUALIFY THE HONORABLE JUDGE VINCE CHHABRIA

| | |
|---|---|
| 1 | <div align="center">28 U.S.C. § 455</div> |
| 2 | 28 U.S.C. § 455(a) states: "Any justice, judge, or magistrate judge of the United States |
| 3 | shall disqualify himself in any proceeding in which his impartiality might reasonably be |
| 4 | questioned." |
| 5 | <div align="center">CENTRAL CASE LAW AND PRECEDENCE</div> |
| 6 | <div align="center">Reiffin v. Microsoft Corp</div> |
| 7 | A motion to disqualify a judge under 28 U.S.C. § 144 (per Reiffin v. Microsoft Corp., |
| 8 | 158 F.Supp.2d 1016, 1022 (N.D. Cal. 2001)) must meet three requirements: |
| 9 | 1.  The facts must be material and stated with particularity; |
| 10 | 2.  The facts, if true, would convince a reasonable person that a bias exists; |
| 11 | 3.  The facts show that the bias or prejudice is personal, and not judicial, in nature. |
| 12 | <div align="center">Martinez-Catala and United States v. Kelley</div> |
| 13 | Martinez-Catala 129 F.3d 213 (1997) re-affirms that "Section 144 is unusual because it |
| 14 | requires that the district judge **accept the affidavit as true even though it may contain** |
| 15 | **averments that are false and may be known to be so to the judge**. *See United States v.* |
| 16 | *Kelley*, 712 F.2d 884, 889 (1st Cir.1983)." |
| 17 | <div align="center">United States v. Tucker</div> |
| 18 | Re 28 U.S.C. § 455, United States v. Tucker, 78 F.3d 1313, 1324 (8th Cir. 1996), |
| 19 | established that,  **"it is the appearance of bias or partiality that matters here, not actual** |
| 20 | **bias."** |
| 21 | <div align="center">Melendres</div> |
| 22 | More recently, Melendres affirmed the need for judges to recuse themselves and **avoid** |
| 23 | **the slightest appearance of impropriety**. "No Court should tolerate even the slightest |
| 24 | chance that its continued participation in a high profile lawsuit could taint the public's |
| 25 | perception of the fairness of the outcome. Certainly, this Court is unwilling to take such a |
| 26 | risk." (See Melendres, 2009 WL 2132693, at *15, 2009 U.S. Dist. LEXIS 65069, at |
| 27 | *52-53.) |
| 28 | |

PLAINTIFFS' MOTION TO DISQUALIFY THE HONORABLE JUDGE VINCE CHHABRIA

**2. ARGUMENT**

<u>Argument #1</u>**: Judge Chhabria's final Order in Briggs v Spacey, dismissing the matter, was so inappropriate, prejudiced and biased that Judge Chhabria filed the Order on SATURDAY, December 22, 2018, three days before Christmas.**

Judge Chhabria's final Order in Briggs v Spacey, was so improper and prejudiced against Plaintiff that Judge Chhabria entered the Judgement on **SATURDAY, December 22, 2018**, three days before Christmas, when no reporters would cover the story. At the time, this story would have been a matter of true public interest because it involved celebrity Kevin Spacey, who, at the time, had not been seen in public in over a year.

Spacey Covertly Admits To All Of Plaintiff's Allegations

Two days after Judge Chhabria's improper Judgement, Spacey release a bizarre Christmas Eve video, in which he menacingly stared into the eye of the camera and said, **"If I didn't pay the price for the things we both know I did do, I'm certainly not going to pay the price for the things I didn't do."**

In plain sight, Spacey used Chhabria's Saturday Judgment to admit to all of Plaintiff's allegations, and to intimidate the alleged victim of his criminal sexual assault case pending in Nantucket, Massachusetts; arraignment then set for January 7, 2019. When Spacey said, **"If I didn't pay the price for the things we both know I did do…,"** he was referring to the irrefutable facts that the Plaintiff made in Briggs v Spacey, which were:

1. In 2002, Spacey created the TriggerStreet.com (**TS**), an online social network where Plaintiff posted his script (2007);
2. Nov 2014, six days after Plaintiff filed Notice Of Appeal, Spacey destroyed TS;
3. TS claimed the TS social network was **solely for use in the USA**;
4. Spacey travelled to England in 2002, Spain in 2009, to recruit new TS members;
5. In Spain, Spacey boasted TS had over 400,000 members **around the world**.

These facts confirm Plaintiff's Breach of Contract and Infringement claims against Spacey, yet, Judge Chhabria's Order cleared Spacey of all charges. Thus, when Spacey said, "If I didn't pay the price for the things we both know I did do, I'm certainly not going to pay

PLAINTIFFS' MOTION TO DISQUALIFY THE HONORABLE JUDGE VINCE CHHABRIA

1   the price for the things I didn't do," he was telling his sexual assault victim that if Judge

2   Chhabria would not make Spacey **pay the price** for his undeniably unlawful actions in

3   *Briggs v Spacey*, then Spacey would certainly not pay for the murkier sexual assault

4   charges.

5          At the time that Judge Chhabria entered his December 2018 *Saturday* ruling, the

6   #MeToo movement was waning. (#MeToo was/is a national movement against men who

7   sexually abuse women and children.) If Judge Chhabria had released his ruling on a

8   conventional weekday, and not a Saturday before Christmas, the ruling may have attracted

9   media attention, as the world was intrigued by Spacey and his disappearance, AND because

10  in 2017, after several reports that Spacey sexually assaulted underage boys, Spacey became

11  one of the #MeToo movement's most reviled figures. Thus, the potential attention that may

12  have come if Judge Chhabria had released his Judgment on a conventional weekday may

13  have re-focused public discourse back on the rights of sexually abused women and children.

14  Thus, Judge Chhabria's prejudiced Judgment also undermined the fight against sexual

15  abuse.

16          Although legal, Saturday rulings are very uncommon, and widely believed to be done,

17  most commonly, when courts wish to avoid scrutiny. Judge Chhabria made this Saturday

18  Order to prejudicially subvert the Plaintiff's right to a fair hearing and a fair judge.

19          <u>Argument #2</u>: **Judge Chhabria abused his authority and refused to act on**

20          **Plaintiff's EIGHT (8) requests for default judgement against the defendants.**

21          During Briggs v Spacey, Plaintiff filed five (5) motions/requests for default judgments

22  against the defendants: Kevin Spacey (four times), Matt Damon (once), Ben Affleck (once),

23  Neill Blomkamp (once), and Dana Brunetti (at least once), for failing to respond to service,

24  and other service response failures. But Judge Chhabria did not allow any of these motion

25  requests, although all of them were appropriate, and most of them were filed properly, with

26  the proper supporting documents. This is inarguable evidence of prejudice against the

27  Plaintiff and bias for the defendants —because in *Briggs v Universal* (the original name of

28  *Briggs v Spacey*) judge Chhabria immediately used his discretion to dismiss the Plaintiff's

PLAINTIFFS' MOTION TO DISQUALIFY THE HONORABLE JUDGE VINCE CHHABRIA

1    case when the Plaintiff could not serve Spacey (who, of course, was in hiding), yet, in

2    *Briggs v Spacey*, when the Defendants did not timely respond to service, Judge Chhabria did

3    not exercise his discretion to default them.

4        In Briggs v Spacey, Judge Chhabria refused to act on any of the following, duly filed,

5    requests and motions for default Plaintiff filed:

6       1.  December 4, 2018, Plaintiff moved the District Court for a default judgement against

7           Spacey and Brunetti, for returning mail service marked "refused" [FRCP Rule 4

8           provides and advises for default judgment when Summons and Complaint are

9           returned marked "refused".]

10      2.  From November 2018 to December 2018. Plaintiff filed three requests with the Clerk

11          to enter Kevin Spacey into default, for failing to timely respond to service. The first

12          two requests were appropriate but lacking various supporting papers. But the third

13          request was air tight. No action taken by Judge Chhabria.

14      3.  December 4, 2018, Petitioner (Plaintiff) also moved for a default judgment against

15          Defendants Damon, Affleck and Blomkamp, for failing to timely respond to proper

16          service under Rule 4(e)(2)(C), and CCP 415.20(a), which provides 21 days, plus an

17          additional 10 days for alternative service of a Defendant's office, and supplemental

18          service by certified USPS mail. No action taken by Judge Chhabria.

19       In each of these instances, Judge Chhabria set reason and fairness aside, to act against

20   the Plaintiff and in favor of the defendants.

21      <u>Argument #3</u>: **Judge Chhabria willfully misstated fact, falsely reported facts,**

22      **omitted facts, improperly edited clauses, improperly opined that Plaintiff failed**

23      **to state a claim, then omitted and misstated Plaintiff's actual claims.**

24       Judge Chhabria improperly edited, then falsely interpreted a central passage in the

25   *Briggs v Spacey* Order. Citing the *Submissions* section, Judge Chhabria wrote:

26      "Moreover, the agreement states that any material posted on the website "may

27      be used by [Trigger Street] throughout the world in perpetuity for any purpose
whatsoever, including, but not limited to, reproduction, disclosure,

28      transmission, publication, broadcast, posting and sublicensing.""

PLAINTIFFS' MOTION TO DISQUALIFY THE HONORABLE JUDGE VINCE CHHABRIA

1    However, Judge Chhabria improperly omitted the first 39 words of the sentence he

2  quoted. And the 39 omitted words he omitted totally changed the meaning of the sentence.

3  The full *Submissions* passage makes a clear exemption for screenplays. The full passage

4  reads (the words Judge Chhabria omitted in **bold**):

5    **"Any material (other than the Material [as defined and more fully**

6    **addressed in the Triggerstreet Screenplay Forum Participation**
     **Agreement]) that you transmit to us or post anywhere on the Site or**

7    **through the Services, including, without limitation, the Shorts,** may be used

8    by [Trigger Street] throughout the world in perpetuity for any purpose
     whatsoever, including, but not limited to, reproduction, disclosure,

9    transmission, publication, broadcast, posting and sublicensing."

10    By selectively editing and omitting imperative facts, Judge Chhabria willfully

11 misapplied law and fact, and totally misrepresented a central contract's meaning. This was

12 an abuse of power, and against all norms of judicial conduct. Judge Chhabria willfully and

13 prejudicially acted to deny the Plaintiff any semblance of justice, and his actions went far

14 beyond the accepted boundaries of judicial conduct.

15    Again, in this same Briggs v Spacey Order, Judge Chhabria arbitrarily ruled that the

16 Plaintiff failed to state a claim, and ruled that Briggs v Spacey the was an attempt to

17 relitigate Briggs v Blomkamp (a prior suit). Judge Chhabria then supported this improper

18 judgment by grossly misstating known facts. For instance, *Briggs v Blomkamp* was a simple,

19 single-issue Copyright Infringement matter which claimed that 5 defendants infringed on

20 the Plaintiff's screenplay **and adapted it into a film**. Whereas, Briggs v Spacey was a very

21 complex matter, with 13 Defendants, and 11 causes of action, including Conspiracy, Breach,

22 Fraud, Negligence, Spoliation, and the Copyright Infringement—which **had NOTHING**

23 **TO DO with adapting a screenplay into a film**.  Yet somehow, in his dismissal Order,

24 Judge Chhabria decreed that "most of his [Plaintiff's] claims seek to relitigate issues decided

25 by Chief Judge Hamilton in Briggs v. Blomkamp, No. 4:13-046790-PJH."

26    But any fair analysis of the facts would conclude that the cases are unrelated.

27    In these deliberate transgressions of process, Judge Chhabria prejudicially resolved to

28 deny the Plaintiff a just and fair process.

PLAINTIFFS' MOTION TO DISQUALIFY THE HONORABLE JUDGE VINCE CHHABRIA

<u>Argument #4</u>: **Judge Chhabria showed great prejudice toward the Plaintiff, by:**

1. **Judge Chhabria opined without understanding the technology at issue;**

2. **Judge Chhabria's Order ignores the common "plain meaning" rule;**

3. **Judge Chhabria raised one or more independent (false) arguments that were not raised in the defendants motions to dismiss.**

4. **Judge Chhabria's Order failed to cite any of the 20 dismissal arguments made in the defendants three motions to dismiss;**

Page 1, paragraph 2 of the Briggs v Spacey dismissal Order, Judge Chhabria falsely stated: "Briggs cites to the section titled "International Use" as a promise on the website's behalf to not make the site available to people outside the United States… No reasonable reading of that section could give rise to that obligation."

This argument, not raised in any of the Briggs v Spacey defendants' three motions to dismiss, revealed Judge Chhabria's nescience of universal ccTLD internet protocols (which make it effortless to identify and block foreign accessors) underpinning the issue. By making this argument, Judge Chhabria abnegated his responsibility to act as a neutral arbiter of law and fact, and improperly rescued the defense counsel from their failed arguments.

Further, by contrasting Judge Chhabria's words with the known facts, it is clear that Judge Chhabria failed to apply the universally accepted "plain meaning" rule, and prejudicially ruled that the Plaintiff simply took the ""International Use" clause as a promise not to make the site available outside the US," when, in fact, Plaintiff arrived at this correct conclusion from the plain language of the *Terms*. TS's International Use clause read:

> "**<u>International Use:</u>** Unless otherwise specified, the materials on the Site and in the Services are presented solely for…the **United States of America**. We control and operate the Site and the Services **from within the United States**. We make no representation that materials on the Site or the Services are appropriate or available for use in locations outside the **United States**…"

A plain language reading of this clause clearly implies that TS was intended solely for the USA. Yet, somehow Judge Chhabria departs from the plain meaning rule to insist that the passage does not mean what it means.

PLAINTIFFS' MOTION TO DISQUALIFY THE HONORABLE JUDGE VINCE CHHABRIA

1       Finally, in a stunning departure from protocol, Judge Chhabria's Briggs v Spacey

2 Judgment did not cite any of the 20 defeated arguments raised in the defendants' 3 motion to

3 dismiss —a strident decree that Judge Chhabria was acting with open bias in favor of the

4 defendants, and he would make no pretense of any intent to give the Plaintiff a fair process.

5                             **SUMMATION**

6       Per Reiffin v. Microsoft Corp., the preceding facts are material and were stated with

7 particularity. The preceding facts, if true, would convince a reasonable person that a bias

8 exists. And the preceding facts show that the bias and prejudice is personal in nature.

9       All of the preceding facts also show that in Briggs v Spacey, Judge Chhabria acted

10 prejudicially against the Plaintiff, in such actions as:

11    1. He entered an improper Saturday Judgment, three days before Christmas.

12    2. He refused to act on Plaintiff's eight requests for default against the defendants.

13    3. He willfully misstated fact, omitted facts, and improperly edited central clauses.

14    4. He improperly opined that Plaintiff failed to state a claim.

15    5. He inaccurately reported Plaintiff's claims.

16    6. He opined without understanding the technological precepts at issue.

17    7. He ignored the common "plain meaning" rule.

18    8. He failed to cite any of the defendants 20 dismissal arguments.

19    9. He raised independant (false) arguments, not raised by the defendants.

20      In closing, the Plaintiff reminds the Court that: (1) *Martinez-Catala*re established that

21 judges "accept the affidavit as true even though it may contain averments that are false and

22 may be known to be so to the judge." (2) United States v. Tucker held that "it is the

23 appearance of bias or partiality that matters here, not actual bias." **(3)** And Melendres

24 instructs judges to recuse themselves to avoid the slightest appearance of impropriety.

25                            **<u>CONCLUSION</u>**

26    For the foregoing reasons, Judge Chhabria should be disqualified.

27    Dated: June 29, 2020.            Signed:    <u>   /s/ Steve Wilson Briggs    </u>

28                                    Plaintiff, In Propria Persona

PLAINTIFFS' MOTION TO DISQUALIFY THE HONORABLE JUDGE VINCE CHHABRIA