# Affidavit

Affidavit Of Steve Wilson Briggs (Plaintiff in the action of *Briggs v Cameron*),
in Support of Plaintiff's/Affiant's Motion/Request to Disqualify Hon Judge Vince Chhabria.

The within named person (Affiant), **Steve Wilson Briggs**, who is a resident of Sonoma County, California, personally came and appeared before me, the undersigned Notary Public, and makes this his statement, testimony and General Affidavit under oath or affirmation, in good faith, and under penalty of perjury, of sincere belief and personal knowledge that the following matters, facts, and things set forth are true and correct, to the best of his/her knowledge:

1. My name is Steve Wilson Briggs.
2. I live at 4322 Chico Avenue, Santa Rosa California, USA. I am over 18 years old.
3. I am the Plaintiff in the matter of *Briggs v Cameron* (CV20-01596-WHO). I was also the Plaintiff in the matter of Briggs v Spacey, 2018.
4. June 23, 2020, the Honorable Judge William H. Orrick recused himself from this action (Briggs v Cameron). That same day, Hon Judge Chhabria was assigned to the case.
5. I have had prior experiences with Judge Chhabria, in *Briggs v Universal* 2017, and in *Briggs v Spacey*, 2018. Due to my inability to serve defendant Kevin Spacey in *Briggs v Universal*, 2017, the matter was dismissed by Judge Chabria, and refiled in 2018 as *Briggs v Spacey*. This affidavit is based on my personal knowledge and experience of/with Judge Chhabria, and upon my sincere belief.
6. From my prior experience with Judge Chhabria I believe he should be disqualified or recused from this current action of Briggs v Cameron.
7. In *Briggs v Spacey* (2018), Judge Chhabria's rulings were so improper that in the complaint of <u>Briggs v Cameron,</u> I specifically addressed his improper conduct on page *iv*, where I actually appealed for media oversight to prevent further improper conduct.
8. During Briggs v Spacey, 2018, I believe Judge Chhabria acted with prejudice against me, and with bias for the defendants, in such clearly prejudiced and/or biased acts as:

A. Judge Chhabria's dismissal Order in *Briggs v Spacey* was so inappropriate, prejudiced

1

and biased that he filed his Judgement/Order on Saturday, December 22, 2018, three days before Christmas, when no reporters would cover the story. At the time, the case would have been a matter of public interest, because it involved celebrity Kevin Spacey, who had not been seen in public in over a year—a news story in itself. Two days after Judge Chhabria entered his Saturday Order, Spacey emerged from hiding, Dec 24, 2018, Christmas Eve, and covertly admitted to all of my allegations in *Briggs v Spacey*, in a cryptic video statement, seemingly directed at one of Spacey's sexual assault victims.

B. Judge Chhabria abused his authority and refused to act on my eight valid requests for default judgement against the defendants.

C. Judge Chhabria arbitrarily and improperly opined that I failed to state a claim, then grossly misstated and omitted my actual claims.

D. Judge Chhabria egregiously misapplied law, opined without bothering to learn basic technological precepts at issue, and failed to apply the common "plain meaning" rule. Judge Chhabria made all of these errors willfully, and in favor of the defendants.

E. Judge Chhabria's Judgment in Briggs v Spacey showed extreme bias in favor of the defendants, as the Order did not cite any of the defendants' 20 motion to dismiss arguments. Worse, Judge Chhabria actually created one or more arguments that the defendants did not raise, showing extreme bias for the defendants.

9. If allowed to preside over this matter, it is certain that Judge Chhabria will act with prejudice against me and with bias in favor of the defendants (as the defendants in Briggs v Cameron have business partnerships and shared interests with the Briggs v Spacey defendants).

10. I believe that Judge Chhabria's final Order in Briggs v Spacey was so inappropriate and prejudiced against me that he entered the Judgement on **SATURDAY, December 22, 2018**, three days before Christmas, when no reporters would cover the story.

11. Two days after Judge Chhabria's Judgement, Spacey release a bizarre Christmas Eve video, in which he stared into the eye of the camera and said, "If I didn't pay the price for the things we both know I did do, I'm certainly not going to pay the price for the things I didn't do."

12. In plain sight, Spacey used Chhabria's Saturday Judgment to admit to all of my allegations against him, and to intimidate the alleged victim of his criminal sexual assault case

pending in Nantucket, Massachusetts; arraignment then set for January 7, 2019. When Spacey said, "If I didn't pay the price for the things we both know I did do...," he was referring to the irrefutable facts that I revealed in Briggs v Spacey, which were:

    A. Spacey created the TriggerStreet (TS) social network, where I posted my script in 2002;

    B. Nov 2014, six days after Plaintiff filed Notice Of Appeal, Spacey destroyed TS;

    C. TS claimed TS was solely for use in the USA;

    D. Spacey travelled to England in 2002, Spain in 2009, to recruit new TS members;

    E. In Spain, Spacey boasted TS had over 400,000 members around the world.

    13. These facts confirm my Breach of Contract and Infringement claims against Spacey, yet, Judge Chhabria's Order cleared Spacey of all charges. Thus, when Spacey said, "If I didn't pay the price for the things we both know I did do, I'm certainly not going to pay the price for the things I didn't do," he was telling his sexual assault victim(s) that if Judge Chhabria would not make Spacey pay the price for his undeniably unlawful actions in *Briggs v Spacey*, then Spacey would certainly not pay for the murkier sexual assault charges.

    14. As I recall, at the time that Judge Chhabria entered his December 2018 *Saturday Judgment*, the #MeToo movement was waning. (#MeToo was/is a national movement against men who sexually abuse women and children.) If Judge Chhabria had released his ruling on a conventional weekday, and not a Saturday before Christmas, the ruling may have attracted media attention, as the world was intrigued by Spacey's disappearance, AND because in 2017, after several reports that Spacey sexually assaulted underage boys, Spacey became one of the #MeToo movement's most reviled figures. Thus, the potential attention that may have come if Judge Chhabria had released his Judgment on a conventional weekday may have re-focused public discourse back on the rights of sexually abused women and children. Thus, I believe that Judge Chhabria's prejudicial Judgment also undermine the fight against sexual abuse.

    15. Judge Chhabria made this Saturday Order to prejudicially subvert my right to a fair hearing and a fair judge.

    16. During Briggs v Spacey, I filed eight valid motions/requests for default judgments to default Kevin Spacey (four times), Matt Damon (once), Ben Affleck (once), Neill Blomkamp (once), and Dana Brunetti (at least once), for their various service response failures. But Judge

Chhabria did not allow any of these motion requests, although all of them were appropriate. I believe this is inarguable evidence of Judge Chhabria's prejudice against me and bias for the defendants, because in *Briggs v Universal* (originally "*Briggs v Spacey*") Judge Chhabria immediately used his discretion to dismiss my case, when I could not serve Spacey (who, of course, was in hiding); yet, in *Briggs v Spacey*, when the Defendants did not timely respond to service, Judge Chhabria did not exercise his discretion to default them.

17. In Briggs v Spacey, Judge Chhabria refused to act on any of the following valid requests and motions for default that I filed against the defendants:

A. December 4, 2018, I moved for a default judgement against Spacey and Brunetti, for returning mail service marked "refused".

B. From November 2018 to December 2018, I filed three requests with the Clerk to enter Kevin Spacey into default, for failing to timely respond to service. The first two were valid but lacked supporting papers. But the third request was air tight. No action was taken by Judge Chhabria.

C. Dec 4, 2018, I moved for default judgment against Defendants Blomkamp, Damon, and Affleck, for failing to timely respond to service, per Rule 4(e)(2)(C), and CCP 415.20(a).

18. In each instance, Judge Chhabria set reason and fairness aside to act against me.

19. Judge Chhabria improperly edited, then falsely interpreted a central passage in the *Briggs v Spacey* Order. Citing the *Submissions* section, Judge Chhabria wrote:

> "Moreover, the agreement states that any material posted on the website "may be used by [Trigger Street] throughout the world in perpetuity for any purpose whatsoever, including, but not limited to, reproduction, disclosure, transmission, publication, broadcast, posting and sublicensing.""

20. However, Judge Chhabria improperly omitted the first 39 words of the sentence he quoted. The 39 omitted words totally changed the meaning of the sentence. The full *Submissions* passage makes a clear exemption for screenplays, it reads (the words Judge Chhabria omitted in bold):

> "Any material (other than the Material [as defined and more fully addressed in the Triggerstreet Screenplay Forum Participation Agreement]) that you transmit to us or post anywhere on the Site or through the Services, including, without limitation, the Shorts, may be used by [Trigger Street] throughout the world in perpetuity for any purpose whatsoever, including, but not limited to, reproduction, disclosure,

transmission, publication, broadcast, posting and sublicensing."

21. By selectively editing out imperative facts, Judge Chhabria willfully misapplied law and fact, to totally misrepresent the sentence's meaning. This was dishonest and an abuse of power. Judge Chhabria willfully and prejudicially acted to deny me any chance of justice.

22. Judge Chhabria also arbitrarily ruled that I failed to *state a claim*, and ruled that *Briggs v Spacey* was an attempt to relitigate prior suit *Briggs v Blomkamp*. Judge Chhabria supported this improper judgment by grossly misstating known facts. For instance, *Briggs v Blomkamp* was just a simple, single issue Copyright Infringement matter that claimed that 5 defendants infringed on my screenplay, then adapted it into a film. Whereas, *Briggs v Spacey* was a very complex matter, with 13 defendants and 11 causes of action, including Conspiracy, Breach, Fraud, Negligence, Spoliation, and Copyright Infringement—which had NOTHING TO DO with adapting a screenplay into a film. Yet Judge Chhabria decreed that *Briggs v Spacey* was a relitigation of *Briggs v Blomkamp*.

23. A fair analysis of the facts would conclude that the cases are unrelated.

24. Page 1, paragraph 2 of the *Briggs v Spacey* dismissal Order, Judge Chhabria falsely stated: "Briggs cites to the section titled "International Use" as a promise on the website's behalf to not make the site available to people outside the United States… No reasonable reading of that section could give rise to that obligation."

25. This argument, not raised in any of the *Briggs v Spacey* defendants' three motions to dismiss, revealed Judge Chhabria's nescience of ccTLD internet protocols (which make it effortless to identify and block foreign accessors) underlining this issue. By making this improper argument, Judge Chhabria abnegated his responsibility to act as a neutral arbiter of law and fact, and improperly rescued the defense counsel from their failed arguments.

26. Judge Chhabria failed to apply the universally accepted "plain meaning" rule, and improperly and prejudicially ruled that the Plaintiff simply took the ""International Use" clause as a promise not make the site available outside the US," when, in fact, Plaintiff arrived at this correct conclusion from the plain language of the *Terms*. TS's International Use clause read:

> "International Use: Unless otherwise specified, the materials on the Site and in the Services are presented solely for…the United States of America. We control and operate the Site and the Services from within the United States. We make no representation that materials on the Site or the Services are appropriate or available

for use in locations outside the United States…"

27. I believe that a plain language reading of this clause clearly implies that TS was intended solely for the USA. Yet, somehow Judge Chhabria departs from the plain meaning rule to insist that the passage does not mean what it means.

28. Finally, in a marked departure from protocol, Judge Chhabria's Briggs v Spacey Judgment did not cite any of the 20 defeated arguments raised in the defendants' 3 motion to dismiss. This was a strident decree that Judge Chhabria was acting with absolute bias in favor of the defendants and prejudice against me, and that he would make no pretense of having any intent of giving me a fair hearing.

I hereby state that the above and preceding information is true, to the best of my knowledge. I also confirm that the information here is both accurate and complete, and relevant information has not been omitted.

Dated this __29th__ day of __June__, 20__20__,

_____ Signature of Affiant.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to wich this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Notary Public _____
Title And Rank __Notary Public__
Date Of Commission Expiry __Dec 20, 2023__

GIL ALCAZAR OLIVARES
Notary Public - California
Sonoma County
Commission # 2313497
My Comm. Expires Dec 20, 2023

6