1  Steve Wilson Briggs
2  4322 Chico Ave.,
   Santa Rosa, CA 95407
3  510 200 3763
   snc.steve@gmail.com
4  PLAINTIFF In Propria Persona
5
6
7
8              **UNITED STATES DISTRICT COURT,**
9            **NORTHERN DISTRICT OF CALIFORNIA,**
10              **SAN FRANCISCO DIVISION**

11  STEVE WILSON BRIGGS,              Civ No: 20-CV-1596-WHO
12         Plaintiff,             PLAINTIFF'S OPPOSITION TO
                                  DEFENDANT MICHAEL PIERCE'S
13            vs                  MOTION TO DISMISS COMPLAINT
14  JAMES CAMERON et al,
15         Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S OPPOSITION TO DEF MICHAEL PIERCE'S MOTION TO DISMISS

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | **Introduction** |
| 3 | June 24, 2020, Defendant (**Def**) Michael Pierce submitted a Rule 12(b)(6) Motion To |
| 4 | Dismiss (**MTD**) the Complaint. Each argument is false and remote of any concept of truth |
| 5 | or accountability. Among the MTD's failures is its omission of the ***Skidmore v Led*** |
| 6 | ***Zeppelin*** Opinion, and its odd claim that the Plaintiff's Intentional Misrepresentations |
| 7 | claims are not properly plead under <u>FRCP Rule 9(b)</u> —odd because the Plaintiff's |
| 8 | Misrepresentations claims originate, ancillarily, under California state law, whereas Rule 9 |
| 9 | pertains to federal jurisdiction. The MTD relies on obsolete citation, misrepresentations, and |
| 10 | the standard indignant tenor of a baseless motion. In the wake of *Skidmore v Led Zeppelin*, |
| 11 | announcing the 9th's intent to treat all litigants equally, the Plaintiff would still expect the |
| 12 | Court's firm rebuke if he had submitted a motion so wasteful of the Court's time. |
| 13 | Nonetheless, the Plaintiff will treat the MTD's arguments with respect they may not deserve. |
| 14 | **LEGAL STANDARD FOR DISMISSAL:** |
| 15 | ● The FRCP 12(b)(6): "accept factual allegations in the complaint as true and construe |
| 16 | the pleadings in the light most favorable to the <u>non</u>moving party." *Manzarek v. St.* |
| 17 | *Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). |
| 18 | ● "..read the complaint generously and draw all reasonable inferences in favor of the |
| 19 | plaintiff." *Knievel v. ESPN*, 393 F.3d 1068, 1080 (9th Cir. 2005). |
| 20 | ● If motion to dismiss is granted, a court should grant leave to amend unless it |
| 21 | determines the pleading could not possibly be cured by allegations of other facts. |
| 22 | *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.,* 911 F.2d 242, 247 (9th Cir. 1990). |
| 23 | **STATING THE CLAIMS** |
| 24 | ● "When there are well-pleaded factual allegations, a court should assume their |
| 25 | veracity and then determine whether they plausibly give rise to an entitlement to |
| 26 | relief. *Ashcroft v. Iqbal*, <u>556</u> <u>U.S.</u> 662 (2009)(citing Twombly (2007)) |
| 27 | ● Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must allege |
| 28 | "enough facts to state a claim to relief that is plausible on its face." |

PLAINTIFF'S OPPOSITION TO DEF MICHAEL PIERCE'S MOTION TO DISMISS

1  **PLAINTIFF'S OPPOSITION TO THE FALSE STATEMENT'S IN**

2  **DEF PIERCE'S MTD'S "INTRODUCTION"**

3    Def Pierce's MTD is loaded with plainly false statements, most of which the Plaintiff

4  will not dignify. However, the third sentence of the first paragraph of the *Memorandum*,

5  under the "Introduction" heading, Pierce and his attorney state:

6    "Indeed, <u>all of Plaintiff's prior lawsuits were **dismissed with prejudice**</u> and the

7    dismissals were affirmed through multiple rounds of appeal."

8    <u>**IN TRUTH:**</u> the Plaintiff filed 3 previous suits, and only one was dismissed with

9  prejudice. **(1)** In the first case, ***Briggs v Blomkamp***, the Plaintiff lost on summary judgment

10  (which Plaintiff is hopeful the Court will file a Rule 60 motion to remand, due to the ruling's

11  vast and egregious failings, outlined on page 120 of the Complaint in this action).

12  **(2)** In the second case, ***Briggs v Universal***, Plaintiff could not find def Kevin Spacey to

13  serve him (Spacey went into hiding for 13 months on the day the suit was filed, Nov 2017).

14  Thus, the court dismissed <u>without</u> prejudice. Plaintiff re-filed the suit as *Briggs v Spacey*.

15  **(3)** <u>Only the third suit, ***Briggs v Spacey***, was dismissed with prejudice</u>. In Briggs v Spacey

16  the defs used 7-10 defense attorneys, then filed three simultaneous motions to dismiss. The

17  Plaintiff defeated all 20 of the defs' motion arguments. But Dec 22, 2018, on a Saturday,

18  three days before Christmas, the district dismissed the suit, with prejudice, without citing

19  any of the defendants' 20 arguments. Plaintiff's Complaint, and other filings, showed

20  corrupt ties between Universal, Ari Emanuel, MRC and Sony Pictures, and showed that the

21  defs submitted fraudulent documents to the court and the state of California, and had many

22  secret subsidiaries—seemingly configured to launder money. The district took no action

23  against the defendants. The Plaintiff still contends that the Briggs v Spacey dismissal was

24  improper.

25    From the preceding, <u>Pierce's claim that "all of Plaintiff's prior lawsuits were dismissed

26  with prejudice," is false</u>. Further, this argument shows either a willingness to make false

27  statements to the Court, or a failure to do the rudimentary research necessary to determine

28  how the Plaintiff's previous suits were resolved.

PLAINTIFF'S OPPOSITION TO DEF MICHAEL PIERCE'S MOTION TO DISMISS

# I.  PLAINTIFF'S OPPOSITION TO
## DEFENDANT PIERCE'S MTD ARGUMENTS

**1.** <u>PLAINTIFF'S OPPOSITION TO DEFENDANT PIERCE'S FIRST ARGUMENT:</u>
**"Plaintiff's Claim Of Copyright Infringement Is Insufficiently Pled"**

There are three fatal flaws with Defendant Pierce's first argument:

1. The argument improperly cites old obsolete law (***Funky Films, Inc. v. Time Warner Ent. Co., L.P.***, 462 F.3d 1072, 1077 (9th Cir. 2006)), and does not contemplate the prevailing substantial similarity cases ***Skidmore v Led Zeppelin*** or ***L.A. Printex Indus., Inc. v. Aeropostale, Inc.***, 676 F.3d 841, 850–51 (9th Cir. 2012)).

2. The argument grossly misleads the Court, as it provides a list of copyrightable elements that Def Pierce says must be analyzed in a copyright suit, but the list omits the most essential element (*selection and arrangement of unprotectable elements*).

3. The argument's substantial similarity guidance is improper and unreliable because it excludes the 9th's seminal substantial similarity testing tool "*The Total Concept and Feel*" test (*Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106 (9th Cir. 1970).

The Def's invalid analysis misinformed the Court by providing a list of elements to analyze, which omitted the most important element(s): *selection and arrangement of unprotectable elements*. This is established in countless cases: *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*; *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002); *Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003); United States v. Hamilton, 583 F.2d 448, 452 (9th Cir. 1978); and *Feist Publications, Inc., v. Rural Telephone Service Co.*, 499 U.S. 340 (1991). But the final word on the importance of *selection and arrangement of unprotectable elements* is ***Skidmore v Led Zeppelin*** (March 9, 2020).  In *Skidmore v Led Zeppelin* a panel of 11 Ninth Circuit judges declared the following:

> "We have extended copyright protection to **"a combination of unprotectable elements** . . . only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." Satava, 323 F.3d at 811. Put another way, what a selection

1      and arrangement copyright protects is the particular way <u>in which the artistic</u>

2      <u>elements form a coherent pattern</u>, synthesis, or design. See **L.A. Printex**

3      **Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 850–51 (9th Cir. 2012)**

     **("original selection, coordination, and arrangement** that result in the

4      overall "design" are protectable)." Metcalf, 294 F.3d at 1074 ("Each note in a

     scale . . . is not protectable, but a pattern of notes in a tune may earn copyright

5      protection."); United States v. Hamilton, 583 F.2d 448, 452 (9th Cir. 1978); see

     also Feist, 499 U.S. at 350–51; Rentmeester, 883 F.3d at 1119...   **(Page 44-45)**

6        "The fatal flaw in Skidmore's argument that he was entitled to a selection and

7      arrangement instruction is that he did not present that as a separate theory at

     trial. **To be sure, a copyright plaintiff may argue "infringement . . . based**

8      **on original selection and arrangement of unprotected elements**." Metcalf,

9      294 F.3d at 1074 (quoting Apple Computer, 35 F.3d at 1446).   **(Page 43)**

10      Skidmore v Led Zeppelin also makes it clear that the a substantial similarity test can

11 be based on a combination of both the conventional elements (plot, themes, mood,

12 character…) and the *selection and arrangement of unprotectable elements*:

13      "A finding of such similarity may be based on the overlap of unprotectable as

14      well as protectable elements. Rentmeester, 883 F.3d at 1117."

15      Also, to make their argument, the Defendant improperly relied on an old and

16 outdated legal citation, *Funky Films, Inc. v. Time Warner Entertainment*, 2006, which, for

17 the past 15 years, has consistently been cited by the film industry, because *Funky* improperly

18 used an Abstraction-Filtration-Comparison (**AFC**) test (also known as "dissection analysis"

19 test), which was created in the 2nd Circuit for computer code infringement testing. After

20 citing *Funky*, Def Pierce improperly recommended an AFC test, and instructed the Court to

21 exclude unprotectable elements. The 2nd Circuit has rejected AFC for creative works:

22      "...the Second Circuit has rejected the argument that, "in comparing [fabric]

23      designs for copyright infringement," a court must "dissect them into their

     separate components, and compare only those elements which are in

24      themselves copyrightable." Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996,

     1003 (2d Cir.1995) ("[I]f we took this argument to its logical conclusion, we

25      might have to decide that there can be no originality in a painting because all

26      colors of paint have been used somewhere in the past." The court's dissection,

     by definition, could not compare arrangements, or consider the "objective

27      similarities in protectable elements".

28                        *L.A. Printex v. Aeropostale, Inc.*

PLAINTIFF'S OPPOSITION TO DEF MICHAEL PIERCE'S MOTION TO DISMISS

The Defendant's argument is also invalid, improper and unreliable because it fails to inform the Court of the Ninth's seminal testing tool *The Total Concept And Feel* (**TCF**) test —which the 2nd  and 7th Circuits now use to assess substantial similarity. (Given that in *Skidmore v Led Zeppelin* Opinion the Ninth expressed an interest in greater alignment with other circuits, the Ninth should consider consistently using the TCF test for creative works, and saving AFC exclusively for computer code infringement.)

In conclusion, **the Defendant's argument fails because**:

1. It improperly cites old, obsolete law and does not contemplate the prevailing *Skidmore v Led Zeppelin* Order (or *L.A. Printex Indus., Inc. v. Aeropostale, Inc*.).

2. The Def's argument failed to contemplate *selection and arrangement of unprotectable elements*. T

**2.** PLAINTIFF'S OPPOSITION TO DEFENDANT PIERCE'S SECOND ARGUMENT**: "Plaintiff Fails To Establish With Plausibility That Mr. Pierce Had Access To His Work"**

This argument failed and died before it was born, because, as the Court is aware, on March 9, 2020, the Ninth Circuit drastically rewrote Ninth Circuit "access" guidelines with the *Skidmore v Led Zeppelin* Opinion; as the Court declared on the subject of *access:*

> "As a practical matter, the concept of "access" is increasingly diluted in our digitally interconnected world. Access is often proved by the wide dissemination of the copyrighted work. See Loomis v. Cornish, 836 F.3d 991, 995 (9th Cir. 2016). Given the ubiquity of ways to access media online, from YouTube to subscription services like **Netflix** and Spotify, **access may be established by a trivial showing that the work is available on demand.** To the extent "access" still has meaning, the **inverse ratio rule** unfairly advantages those whose work is most accessible by lowering the standard of proof for similarity. Thus the rule benefits those with highly popular works, like The Office, which are also highly accessible. But nothing in copyright law suggests that a work deserves stronger legal protection simply because it is more popular or owned by better-funded rights holders."

PLAINTIFF'S OPPOSITION TO DEF MICHAEL PIERCE'S MOTION TO DISMISS

1        A reasonable person would read the Ninth's new perspective on *access* and conclude

2    that any *reasonable* access theory is valid now. As it should be, because the original

3    guidance on *access*, before Skidmore v Led Zeppelin (and before corporate defense

4    attorneys obfuscated matters) was "a reasonable possibility of access."

5        The Plaintiff's Complaint claims that the Defs accessed his work at least **twice**:

6    1.  by sending the Plaintiff an email asking the Plaintiff to submit his screenplay;

7    2.  by downloading the screenplay when Plaintiff posted it on TriggerStreet.com.

8    ●   Plaintiff also claims the defendants hacked into his computers and email many times

9         over a 14 year period (and he attached to the Complaint video evidence of a *hacking*

10        incident, and other *hacking* evidence).

11                                    FIRST ACCESS

12       The Complaint explains that in January 2006, after finding an online listing saying that

13   a literary talent agency, *Zero Gravity Management* (**ZGM**), was looking for screenplays, the

14   Plaintiff emailed ZGM to ask if they would like to read one of his screenplays. ZGM asked

15   Plaintiff to send them "City of Light" ("Uberopolis: City of Light", later renamed "Butterfly

16   Driver"). Plaintiff sent ZGM his script. ZGM did not explain that they went out of business

17   four months earlier. Six days later, ZGM filed a new CA business registration and went back

18   in business. By the end of that year (2006), a new ZGM entity, named *Future Service Inc*

19   (**FSI**), was on the first Avatar copyright and would soon be on 12 more Avatar copyrights.

20        In addition to these facts, the Complaint explains (and proves with irrefutable

21   California Secretary of State business entity statements attached to the complaint) that

22   Defendant Pierce was the co-founder and co-CEO of *Zero Gravity Management LLC*.

23        In 2008, 17 months before Avatar was released, Def Michael Pierce opened a

24   "production company" named ***212 Fahrenheit Degrees Corporation***—an unknown

25   company that claims Defendant Google LLC and Microsoft as clients.

26       Page 122 of the Complaint explains how Plaintiff's script may have influenced NASA,

27   Amazon, and billionaire Richard Branson, and shows that Defendant Michael Pierce

28   purchased Richard Branson's Formula 1 racing team.

PLAINTIFF'S OPPOSITION TO DEF MICHAEL PIERCE'S MOTION TO DISMISS

| |  |
|---|---|
| 1 | SECOND ACCESS |
| 2 | The Complaint explains that from around Dec 2006 until around Sept 2007, Plaintiff's |
| 3 | script was on *TriggerStreet.com*, which, at that time, was the web address of Kevin Spacey's |
| 4 | social network for screenwriters and filmmakers, "***Trigger Street***," which, in 2009, Spacey |
| 5 | claimed had 400,000 members. TriggerStreet attracted large numbers of *users* by advertising |
| 6 | to undiscovered writers that film industry pros might read their work. |
| 7 | The Defendant's Argument Fails |
| 8 | According to the Ninth's new access guidelines (1. access may be established by a |
| 9 | trivial showing that the work is available on demand; 2. "to the extent "access" still has |
| 10 | meaning") the Plaintiff's two primary access theories are very valid (and the Ninth would |
| 11 | likely accept his "hacking" theory as well). Therefore, Def Pierce's access argument is false. |
| 12 | |
| 13 | **3.** PLAINTIFF'S OPPOSITION TO DEFENDANT PIERCE'S FOURTH |
| 14 | ARGUMENT**: "Plaintiff's Butterfly Driver Screenplay Is Not Substantially** |
| 15 | **Similar To Avatar Or Taken** |
| 16 | (This argument is very similar Pierce's first argument; thus, please, refer to #1.) |
| 17 | The Defendant's "substantial similarity" argument fails, incurably, because the |
| 18 | Defendant's argument did not not contemplate the prevailing Ninth Circuit *substantial* |
| 19 | *similarity* cases: *Skidmore v Led Zeppelin* and *L.A. Printex v Aeropostale*, neither of which |
| 20 | are cited anywhere in the Defendant's MTD. |
| 21 | In addition to failing to cite or consider the prevailing cases, Pierce's MTD omits any |
| 22 | consideration of *selection and arrangement of unprotectable elements*. In *this* matter, failing |
| 23 | to compare the *selection and arrangement of unprotectable elements* is an incurable failure; |
| 24 | because many of the Plaintiff's claims are original ideas and original story structures that |
| 25 | had not been executed before. And many of these original story structures are composed of |
| 26 | many elements. Thus, these story structures are individually copyrightable. Ergo, given the |
| 27 | unprecedented nature of the Plaintiff's story structures, any recurrence of these aspects in |
| 28 | the Defendants' work is copyright infringement. |

1    In addition to these glaring failures, the Defendant's argument fails to consider or

2  inform the Court about *Broad* and *Thick* protection, which Plaintiff's work would receive as

3  a highly creative work. Defendant Pierce also failed to inform the Court, or execute, a "Total

4  Concept and Feel" substantial similarity test.

5    For all of these reasons Defendant Pierce's *substantial similarity* argument is false.

6

7    **4.**  PLAINTIFF'S OPPOSITION TO DEFENDANT PIERCE'S FIFTH ARGUMENT**:**

8    **"Plaintiff's Claim Of Intentional Misrepresentation Is Timebarred And**

9    **Insufficiently Pled"**

10    This argument is both false and surprising—because it is so wrong, and because

11  Def Pierce and his Counsel are <u>both</u> attorneys, who should have seen the obvious errors.

12    **Argument #4's First Problem (Re: Intentional Misrepresentations)**

13    In the body of this argument (p 11, para 2) Defendant Pierce argues:

14    "Finally, Plaintiff does not properly plead his claim of intentional

15    misrepresentation. A claim for intentional misrepresentation must be pled with
     specificity and peculiarity under **FRCP 9(b)** and requires that one show 1) a

16    misrepresentation, 2) with knowledge of its falsity, 3) with the intent to induce
     another's reliance on the misrepresentation, 4) actual and justifiable reliance,

17    and 5) resulting damage. Engalla v. Permanente Medical Group, Inc. 15 Cal.4th
     951 (1997).

18
     "Here, Plaintiff does not specifically and properly allege even one single

19    necessary element outlined above with respect to Mr. Pierce. Indeed,..."

20

21    The fatal flaw with the Intentional Misrepresentations portion of Def Pierce's

22  argument is: <u>The Plaintiff did not make his Intentional Misrepresentation claims under</u>

23  <u>federal law (FRCP Rule 9); rather, the Plaintiff made his Intentional Misrepresentation</u>

24  <u>claims under California **Civil Code of Procedure 3294**</u>, as stated in Plaintiff's *Claims For*

25  *Relief.* (See Complaint, paragraphs 638, 652, 662.)  It seems the Defense Counsel failed to

26  read the Complaint's actual Intentional Misrepresentation claims. If they had, they would

27  have noticed that the claims were made under California CCP 3294. It is possible that Def

28  Pierce and his Counsel mistakenly thought that all of Complaint's Claims were federal.

PLAINTIFF'S OPPOSITION TO DEF MICHAEL PIERCE'S MOTION TO DISMISS

1  If, somehow, the Defendant and his attorney are unaware that this Court has jurisdiction

2  because of the *Infringement* claims, and if they are also unaware of how the Intentional

3  Misrepresentations and Breach claims are made under California CCP, the Plaintiff advises

4  them to look into "***Ancillary Jurisdiction***." Ancillary Jurisdiction empowers federal courts

5  to dispose of state claims, under state guidelines, if the federal court has jurisdiction of one

6  or more of the claims.

7       California law requires *particularity* in the allegation of Intentional Misrepresentation

8  claims. *The Judicial Council of California Civil Jury Instructions* (**CACI**, 2017) #1900

9  explains the pleading requirements for Intentional Misrepresentations. It reads:

10                     1900.Intentional Misrepresentation
11  [Name of plaintiff] claims that [name of defendant] made a false
    representation that harmed [him/her/it]. To establish this claim, [name of
12  plaintiff] must prove all of the following:
13      1. That [name of defendant] represented to [name of plaintiff] that a
           fact was true;
14      2. That [name of defendant]'s representation was false;
15      3. That [name of defendant] knew that the representation was false
           when [he/she] made it, or that [he/she] made the representation
16         recklessly and without regard for its truth;
17      4. That [name of defendant] intended that [name of plaintiff] rely on
           the representation;
18      5. That [name of plaintiff] reasonably relied on [name of defendant]'s
           representation;
19      6. That [name of plaintiff] was harmed; and
20      7. That [name of plaintiff]'s reliance on [name of defendant]'s
           representation was a substantial factor in causing [his/her/its] harm.
21

22       All of the preceding requirements of CACI 1900 were met in Plaintiff's Intentional

23  Misrepresentation claims (see Complaint ¶¶ 623-662).

24          The Defendant's argument that the Intentional Misrepresentation claims are

25  improperly pled is false and mistaken.

26              **Argument #4's Second Problem (Re: Time Barred)**

27       Regarding Def Pierce's secondary argument, that the Intentional Misrepresentation

28  claim is time barred: As explained in the Complaint, Defendant Pierce (and his company,

PLAINTIFF'S OPPOSITION TO DEF MICHAEL PIERCE'S MOTION TO DISMISS

1   ZGM) committed the first Intentional Misrepresentation and Breach violations in 2006, but

2   **the Plaintiff did not learn of the Intentional Misrepresentations until the fall of 2019**,

3   when, after Plaintiff began researching the Complaint's *Copyright Infringement* claims, in

4   order to establish "access", the Plaintiff read all of his old emails to see whom he emailed

5   his script to between 2005 and 2008. This is how Plaintiff re-discovered that in 2006 ZGM

6   requested his script. <u>All of the other *access*</u>, **Intentional Misrepresentations** and **Breach**

7   <u>facts were discovered after the Plaintiff re-discovered the ZGM email exchange</u>, **in 2019**.

8        Per Cal. CCP § 338(d), tolling for Intentional Misrepresentations does not begin "until

9   the discovery, by the aggrieved party." Plaintiff did not learn of the misrepresentations until

10  **2019**. Thus, Plaintiff has until 2022 to bring Misrepresentation claims against Pierce.

11       Ergo, Plaintiff's Intentional Misrepresentation claim(s) are not time-barred, and

12  Defendant Pierce's *time-barred* argument is false.

13                          Argument #4 Summation

14      From the foregoing, Defendant Pierce's argument that "Plaintiff's Claim Of Intentional

15  Misrepresentation Is Timebarred And Insufficiently Pled" is false, and fails because:

16  1.  Plaintiff Misrepresentation claims arise under California law, not federal law.

17  2.  Tolling on Plaintiff's Misrepresentation claim did not begin until 2019; thus, Plaintiff

18      has until 2022 to take action.

19

20                              **CONCLUSION**

21       For the foregoing reasons, the Plaintiff respectfully requests that the Court deny

22  Defendant Michael Pierce's Motion To Dismiss Complaint.

23

24  Dated: July 8, 2020.                    Respectfully Submitted,

25                                          /s/ Steve Wilson Briggs
                                            Plaintiff, In Propria Persona
26

27

28

PLAINTIFF'S OPPOSITION TO DEF MICHAEL PIERCE'S MOTION TO DISMISS