**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal. Bar No. 205513
 jpjassy@jassyvick.com
KEVIN L. VICK, Cal. Bar No. 220738
 kvick@jassyvick.com
ELIZABETH BALDRIDGE, Cal. Bar No. 313390
 ebaldridge@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone:   (310) 870-7048
Facsimile:   (310) 870-7010

Attorneys for Defendants Twentieth Century
Fox Film Corp., Lightstorm Entertainment Inc.,
News Corp. and James Cameron

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES CAMERON; TWENTIETH CENTURY FOX FILM CORP.; NEWS CORP.; GOOGLE LLC; INTERNET ARCHIVE; ZERO GRAVITY; LIGHTSTORM ENTERTAINMENT INC.; MICHAEL PIERCE; MARK WILLIAMS; and ROBERT KAMEN,<br><br>    Defendants. | Case No.: 3:20-cv-01596-VC<br>Hon. Vince Chhabria<br><br>**DEFENDANTS TWENTIETH CENTURY FOX FILM CORP., LIGHTSTORM ENTERTAINMENT INC., NEWS CORP. AND JAMES CAMERON'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY JUDGE VINCE CHHABRIA PURSUANT TO 28 U.S.C. §§ 144, 455**<br><br>DATE: September 3, 2020<br>TIME: 10:00 a.m.<br>COURTROOM: 4 |

Defendants Twentieth Century Fox Film Corp., Lightstorm Entertainment Inc., News Corp., and James Cameron (collectively, "Defendants") respectfully submit the following Opposition to Plaintiff Steve Wilson Briggs's ("Plaintiff's") Motion to Disqualify Judge Vince Chhabria from presiding over this action, pursuant to 28 U.S.C. §§ 144 and 455 (Dkt. No. 68).  Plaintiff's motion does not meet the standard for disqualification of a judge, and Judge Chhabria should continue to preside over this action.

## I. PLAINTIFF'S MOTION DOES NOT MEET THE STANDARDS FOR DISQUALIFICATION SET FORTH IN 28 U.S.C. §§ 144 AND 455.

Plaintiff's motion to disqualify Judge Chhabria is based solely on Judge Chhabria's rulings in Plaintiff's prior cases before this Court: *Briggs v. Universal Pictures, et al.*, No. 3:17-cv-6552-VC, and *Briggs v. Spacey, et al.*, No. 3:18-cv-4952-VC.  This is insufficient to constitute the "bias or prejudice" required for disqualification under 28 U.S.C. sections 144 and 455.  "Prior judicial rulings unfavorable to a defendant are a basis for appeal, not recusal [or disqualification]." *United States v. Ford*, 293 F. Supp. 3d 1138, 1140 (E.D. Cal. 2018).  Litigants who simply do not like the way a judge has ruled in the past do not have grounds to disqualify that judge. *See id.*; *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1502 (9th Cir. 1987) (denying motion to disqualify based on allegedly biased judge; court held that even where "[t]he judge certainly exhibited animosity toward [the moving party]," this did not rise to the level of "personal bias").

The United States Supreme Court has also stated that "bias or prejudice which can be urged against a judge *must be based upon something other than rulings in the case*." *Berger v. U.S.*, 255 U.S. 22, 31 (1921) (emphasis added); *see also Liteky v. U.S.*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").  Plaintiff has failed to present any other basis for claimed bias or prejudice against him.  The Court should deny his motion, and Judge Chhabria should continue to preside over this action. *See Liteky*, 510 U.S. at 551 ("If the judge did not form judgments . . . he could never render decisions") (internal quotation marks omitted).

## II.   CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Disqualify.

Dated: July 13, 2020                              JASSY VICK CAROLAN LLP

                                                          */s/ Jean-Paul Jassy*
                                                          JEAN-PAUL JASSY
Counsel for Defendants Twentieth Century Fox Film Corp., Lightstorm Entertainment Inc., and News Corp. and James Cameron