1  Peter C. Catalanotti (SBN 230743)
   peter.catalanotti@wilsonelser.com
2  Madonna Herman (SBN 221747)
   Madonna.Herman@wilsonelser.com
3  **WILSON, ELSER, MOSKOWITZ,**
      **EDELMAN & DICKER LLP**
4  525 Market Street 17th Floor
   San Francisco, CA 94105
5  Telephone:   (415) 433-0990
   Facsimile:   (415) 434-1370
6
   Attorneys for Defendant
7  Internet Archive

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11 STEVEN WILSON BRIGGS,            ) Case No.:  3:20-CV-01596
                                    )
12             Plaintiff,           ) Judge Vince Chhabria
                                    )
13       v.                         ) **DEFENDANT INTERNET**
                                    ) **ARCHIVE'S REPLY BRIEF IN**
14 JAMES CAMERON; TWENTIETH         ) **SUPPORT OF ITS MOTION TO**
   CENTURY FOX FILM                 ) **DISMISS COMPLAINT**
15 CORPORATION; NEWS CORP;          )
   GOOGLE LLC; INTERNET             )
16 ARCHIVE; ZERO GRAVITY;           )
   LIGHTSTORM ENTERTAINMENT         )
17 INC; MICHAEL PIERCE; MARK        )
   WILLIAMS; ROBERT KAMEN.          )
18                                  )
               Defendants.          )
19 _____ )

20 **I.    INTRODUCTION**

21        Plaintiff admits that the Complaint fails to state sufficient facts to support his

22 Intentional Misrepresentation cause of action against Defendant Internet Archive

23 ("IA").  However, he fails to reference any proposed amendments in the Opposition

24 to IA's Motion to Dismiss ("Opposition") to show that a legal basis to support his

25 claim exists.

26        With regard to the Contributory Copyright Infringement cause of action,

27 Plaintiff focuses his argument on the mistaken belief that a decision issued by the

28 United States District Court for the Northern District of California is an "untested

                                    1

1  California district court citation." (Opposition, 3:11-13.)[1] Plaintiff includes several

2  allegations in the Opposition that he claims supports this cause of action, however,

3  there are no references to actual allegations made in the Complaint, nor are there any

4  allegations that IA is anything more than a search engine provider that displays

5  content created by others.

6  　　"[A] primary purpose of a Rule 12(b)(6) motion is to weed out cases that do

7  not warrant reaching the (oftentimes) laborious and expensive discovery process

8  because, based on the factual scenario on which the case rests, the plaintiff could

9  never win." (*Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 72 (1st Cir. 2014).)

10  Plaintiff's Complaint does not contain actionable claims against IA, and the

11  Opposition to IA's Motion to Dismiss Complaint fails to articulate an ability to

12  amend the Complaint with actionable claims. As such, the Court should "weed out"

13  this case and dismiss Plaintiff's Complaint with prejudice.

14  **II.　　ARGUMENT**

15  　　**A.　　Plaintiff's Intentional Misrepresentation Cause of Action Should**

16  　　　　　**be Dismissed With Prejudice**

17  　　Plaintiff admits that he failed to "specifically and briefly review the major

18  unlawful actions that Internet Archive took." (Opposition, 6:26-27.) Plaintiff admits

19  that the only factual allegation in support of his Intentional Misrepresentation cause

20  of action as to IA is that "It is impossible to know when the article was actually

21  published because it is falsified and the **Defs used the Internet Archive to produce**

22  **fraudulent crawls of the article**." (Opposition, 6:27-7:4, emphasis added.)

23  Plaintiff's claim for Intentional Misrepresentation should be dismissed due to "an

24  absence of sufficient facts alleged to support a cognizable legal theory." (*Taylor v.*

25  *Yee*, 780 F.3d 928, 935 (9th Cir. 2015).)

26

27  [1] Plaintiff's Opposition also contains an analysis of the *Skidmore v. Led Zepplin* case, which does not apply to IA, as Plaintiff admitted that that "Defs Google LLC and Internet Archives did not directly engage in the actual infringement of the Plaintiff's work." (Complaint, ¶ 621.) Nevertheless, IA joins the arguments made by

28  Defendants James Cameron, Lightstorm Entertainment Inc., News Corp, and Twentieth Century Fox Film Corp., in their Reply Brief filed July 13, 2020, with regard to the *Skidmore* case.

1    Plaintiff must provide some legal basis to support his claims.  (*See, e.g.,*

2  *Community Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 825 (7th Cir.

3  2018) ("[i]f a Rule 12 motion to dismiss is filed, plaintiffs must 'specifically

4  characterize or identify the legal basis' of their claims or face dismissal"); *see also*

5  *Robinson v. Hunt Cty., Texas*, 921 F.3d 440, 446 (5th Cir. 2019) ("district court

6  considering a motion to dismiss is not obligated to imagine potential claims that a

7  plaintiff has not raised").)

8    In his Opposition, Plaintiff fails to identify a single additional factual

9  allegation he intends to rely upon if given the opportunity to amend the complaint.

10  Instead, he admits the pleading lacks sufficient factual averments and relies instead

11  upon a misguided effort to incorporate each allegation made in his 135-page, 684-

12  paragraph Complaint.  It is noteworthy that Plaintiff is unable to refer the Court to a

13  single allegation contained therein which would support the Intentional

14  Misrepresentation cause of action.  Further, although IA does not take the position

15  that Plaintiff has supported any cause of action against any defendant, Plaintiff

16  admits that IA was "used" by other "Defs . . . to produce fraudulent crawls of the

17  article."  (Opposition, 6:27-7:4.) Plaintiff cannot now contend that IA is anything

18  more than a search engine provider that displays content created by others.  As such,

19  the Court should grant the motion to dismiss without prejudice.

20    **B.    Plaintiff's Contributory Copyright Infringement Cause of Action**

21    **Should be Dismissed With Prejudice**

22    IA's motion to dismiss Plaintiff's Contributory Copyright Infringement cause

23  of action is appropriate because the claim is not supported by any "cognizable legal

24  theory."  *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).  Claims should be

25  dismissed under Rule 12(b)(6) "on the basis of a dispositive issue of law." *Neitzke*

26  *v. Williams*, 490 U.S. 319, 326 (1989); *Walker v. Beaumont Indep. Sch. Dist.*, 938

27  F.3d 724, 734 (5th Cir. 2019).

28    Plaintiff grossly misinterprets the Communications Decency Act, 47 U.S.C. §

1  230 ("CDA"), by arguing that it does not apply to this matter.  However, the CDA

2  provides immunity to online service providers where a party seeks to hold the

3  provider liable for the content of others:  "No provider or user of an interactive

4  computer service shall be treated as the publisher or speaker of any information

5  provided by another information content provider."

6  ## C.    Plaintiff's Complaint Violates Rule 8

7  Plaintiff's arguments regarding IA's motion to dismiss based on Rule 8 are

8  also unconvincing.  An overly long claim is subject to a motion for dismissal

9  "independent of Rule 12(b)(6)."  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.

10  1996); *see Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) ("district court

11  acts within its discretion when it dismisses an excessively prolix and overlong

12  complaint, particularly where a plaintiff declines an express invitation to better tailor

13  her pleading").  When a complaint is not "short and plan" a court has the authority—

14  sua sponte or by motion—to dismiss the complaint.  A court should exercise its

15  discretion under Rule 8 in "those cases in which the complaint is so confused,

16  ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well

17  disguised."  *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).  Plaintiff's

18  Complaint illustrate a confused, ambiguous, vague and unintelligible pleading.

19  The Court should therefore dismiss Plaintiff's Complaint with prejudice.

20  ## III.   CONCLUSION

21  Plaintiff's Opposition fails to articulate an ability to amend the Complaint

22  with factual and legal support for his causes of action against IA.  As such, the Court

23  should grant IA's motion to dismiss Plaintiff's Complaint without leave to amend.

24  Dated:  July 22, 2020                    WILSON, ELSER, MOSKOWITZ,
                                            EDELMAN & DICKER LLP

25

26                                    By: */s/ Madonna Herman*
                                          Peter C. Catalanotti

27                                        Madonna Herman
                                          Attorneys for Defendant,

28                                        Internet Archive

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

*Briggs vs. Twentieth Century Fox Film Corp, et al.*
United States District Court Case No. 3:20-CV-01596

  At the time of service I was over 18 years of age and not a party to this action. I am employed by in the County of San Francisco, State of California.  My business address is 525 Market Street, 17th Floor, San Francisco, California 94105.   My business Facsimile number is (415) 434-1370.  On this date I served the following document(s):

**DEFENDANT INTERNET ARCHIVE'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☒:  By United States Mail.  I placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

## SEE ATTACHED SERVICE LIST

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

  EXECUTED on July 22, 2020, at San Francisco, California.


          */s/ Michael Folger*
          ———————————————————
          Michael Folger

DEFENDANT INTERNET ARCHIVE'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **SERVICE LIST**

*Briggs vs. Twentieth Century Fox Film Corp, et al.*
United States District Court Case No. 3:20-CV-01596

Steven Wilson Briggs                    Plaintiff In Propria Persona
4322 Chico Avenue,
Santa Rosa CA, 95407
(510) 206-3763
snc.steve@gmail.com

DEFENDANT INTERNET ARCHIVE'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT