**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal. Bar No. 205513
  jpjassy@jassyvick.com
KEVIN L. VICK, Cal. Bar No. 220738
  kvick@jassyvick.com
ELIZABETH BALDRIDGE, Cal. Bar No. 313390
  ebaldridge@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone:   (310) 870-7048
Facsimile:   (310) 870-7010

Attorneys for Defendants Twentieth Century
Fox Film Corp., Lightstorm Entertainment Inc.,
News Corp. and James Cameron

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES CAMERON; TWENTIETH CENTURY FOX FILM CORP.; NEWS CORP.; GOOGLE LLC; INTERNET ARCHIVE; ZERO GRAVITY; LIGHTSTORM ENTERTAINMENT INC.; MICHAEL PIERCE; MARK WILLIAMS; and ROBERT KAMEN,<br><br>        Defendants. | Case No.: 3:20-cv-01596-VC<br>Hon. Vince Chhabria<br><br>**DEFENDANTS TWENTIETH CENTURY FOX FILM CORP., LIGHTSTORM ENTERTAINMENT INC., NEWS CORP. AND JAMES CAMERON'S <u>RESPONSE TO PLAINTIFF'S REPEATED IMPROPER FILINGS</u>** |

Defendants Twentieth Century Fox Film Corp., Lightstorm Entertainment Inc., News Corp., and James Cameron (collectively, "Defendants") respectfully submit the following Response to Plaintiff Steve Wilson Briggs's ("Plaintiff's") recent string of repeated improper filings: his Declaration in Support of Complaint (Dkt. No. 90), his Third Motion in Limine for the Inclusion of New Facts and Evidence (Dkt. No. 91), his Amended Second Declaration in Support of Complaint (Dkt. No. 92), his Second Request for Judicial Notice (Dkt. No. 94), and his Third Request for Judicial Notice (Dkt. No. 95).  Defendants oppose and object to the aforementioned filings, and also intend, by filing this Response, to oppose and object to any similar, future improper filings by Plaintiff.

Plaintiff is harassing the parties to this action and the Court with ongoing, repeated and improper filings.  Defendants previously opposed Plaintiff's string of purported motions in limine, (*see* Dkt. No. 65), and since then, Plaintiff has filed an additional **751** pages of material purportedly in support of his Complaint, which was 846 pages long.  *See* Dkt. Nos. 1 through 1-16, 90-92, 94, 95.  The gist of these filings is that Plaintiff seeks to introduce additional facts and evidence for the Court's consideration.  The filings contain an astonishing number of completely implausible allegations that, while totally irrelevant to this action and procedurally improper in any event, further demonstrate the lack of merit of Plaintiff's Complaint.  By way of example only, Plaintiff claims without support that the U.S. Copyright Office is knowingly backdating copyright registrations to cover up alleged infringements of Plaintiff's work, that the Court is somehow complicit in threats on Plaintiff's life, that Steven Spielberg and Bill Gates, among others, are hacking his computer, and that some 65 different movies, shows, and video games not put at issue in this litigation also infringe on his works.

**I.    PLAINTIFF'S REPEATED FILINGS ARE IMPROPER, VEXATIOUS, AND SHOULD NOT BE CONSIDERED IN SUPPORT OF HIS COMPLAINT.**

Plaintiff cannot seek to include new facts and evidence through motions in limine, requests for judicial notice, and declarations.  *See*, *e.g.*, *Hellgren v. Providential Home Income Plan, Inc.*, No. C 06-4728, 2006 WL 8447964, at *2 (N.D. Cal. Oct. 26, 2006) ("the court is generally confined to consideration of allegations in the pleadings, [though it may also consider] attached documents");

*Woodard v. Ahern*, No. C-09-0203, 2009 WL 1299126, at \*2 (N.D. Cal. May 11, 2009) (dismissing *pro se* complaint and noting, "[t]he pleading must be simple and concise and . . . [c]laims and defenses not included . . . will not be considered by the court").  Currently pending before the Court is Defendants' motion to dismiss (Dkt. No. 53), which does not address Plaintiff's purported new facts and evidence, because Defendants filed their motion before Plaintiff began his string of additional filings.  The Court need not and should not consider allegations outside the pleadings; moreover, the form of these filings is improper regardless of Defendants' pending motion to dismiss.

The various formats of Plaintiff's filings do not serve the functions he claims.  "A motion in limine is a procedural mechanism to *limit* in advance testimony or evidence in a particular area." *U.S. v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (emphasis added).  The Federal Rules of Evidence permit courts to take judicial notice of facts "generally known within the trial court's territorial discretion" or capable of "accurate[] and read[y] determin[ation] from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Plaintiff's purported motions in limine and requests for judicial notice do not conform to the purposes and requirements of these types of filings in federal court.

Plaintiff's unsolicited declarations in support of his Complaint also cannot be considered as providing evidence or facts.  Courts recognize that these kinds of repeated, spontaneous filings by plaintiffs are inappropriate, waste court resources, and are not properly part of the record of a case. *See Dixon v. NPG Music Publ'g, LLC*, No. 5:17-363, 2017 WL 2469352, at \*7 (C.D. Cal. June 6, 2017) (describing plaintiff who filed "unsolicited declaration[s]" after filing his complaint, and additional declarations in briefing exceeding the court's page limits, "caus[ing] this Court . . . and Defendants many hours of unnecessary review"); *Optinrealbig.com, LLC v. Ironport Sys., Inc.*, 323 F. Supp. 2d 1037, 1038-1039 (N.D. Cal. 2004) (striking "supplemental declaration" filed by party but not requested by the court).

**II.   DEFENDANTS OPPOSE AND OBJECT TO PLAINTIFF'S FURTHER IMPROPER FILINGS, IF ANY.**

Because Plaintiff's repeated filings of motions in limine, requests for judicial notice, and unsolicited declarations are improper, Defendants hereby oppose all such motions and object to the

consideration of all improper requests for judicial notice and Plaintiff's unsolicited declarations. *See* Dkt. Nos. 90-92, 94, 95.  Further, because Plaintiff has shown a propensity for repeated filings, Defendants intend that this Response cover any further, similar filings by Plaintiff, which Defendants believe are likely.

Defendants should not be required to respond substantively each time Plaintiff submits another improper filing in this case.  Plaintiff's filings are fanciful in the extreme and not tethered to reality in any way whatsoever.  They also are completely irrelevant to the claims in the Complaint, often involving people and works not put at issue in the operative pleading.  These improper filings only further demonstrate the lack of merit to the allegations Plaintiff has actually made in his Complaint in this matter.  As a few examples of many:

- Plaintiff claims that the U.S. Copyright Office is knowingly backdating copyright registrations to cover up for Defendants' (and others') alleged infringements of Plaintiff's work.  Second Request for Judicial Notice, Dkt. No. 94, at 7:1-8:8;
- Plaintiff believes he is receiving death threats that he will "not live to see [his] next birthday."  Declaration in Support of Complaint, Dkt. No. 90, at 2:2-5.  Because his birthday is on September 24, he does not believe it is coincidental that the Court moved the Initial Case Management Conference to September 30, 2020, which was later vacated, Dkt. No. 97.  Plaintiff believes this is all part of the threat, and that he is being signaled that he would not live past September 30.  *Id.* at 2:5-15;
- Plaintiff claims that *sixty-five* different movies, shows, and video games are all infringements of his handful of screenplays and stories.  Declaration in Support of Complaint, Dkt. No. 90, chart at 3; and
- Plaintiff states that "[b]y late 2003, Steven Spielberg was obsessed with my ideas.  Thus, with the help of Bill Gates and Paul Allen (who owned 55% of Dreamworks), Spielberg was regularly hacking into my computer(s) in the early 2000s."  Declaration in Support of Complaint, Dkt. No. 90, at 9:17-19.

\*\*\*

As argued in Defendants' motion to dismiss, none of Plaintiff's claims should survive. *See*

Dkt. No. 53.  At the appropriate time, Plaintiff should be deemed a vexatious litigant.  *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1051 (9th Cir. 2007) (affirming imposition of vexatious litigant order and describing standard, including "whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts").  Particularly given the improper and unsupported allegations in Plaintiff's filings that some 65 other movies, shows, and video games all infringe Plaintiff's works, Plaintiff will continue to waste this Court's and the Defendants' resources (and resources of future defendants) if some type of sanction is not imposed for Plaintiff's improper conduct at the appropriate time.

Dated: September 3, 2020                         JASSY VICK CAROLAN LLP

                                                            */s/ Jean-Paul Jassy*
                                                      JEAN-PAUL JASSY
Counsel for Defendants Twentieth Century Fox Film Corp., Lightstorm Entertainment Inc., and News Corp. and James Cameron