Steve Wilson Briggs
4322 Chico Ave.,
Santa Rosa, CA 95407
510 200 3763
snc.steve@gmail.com
PLAINTIFF In Propria Persona

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE WILSON BRIGGS, Plaintiff, vs JAMES CAMERON et al, Defendants. | Civ No: 20-CV-1596-VC  Plaintiff's Case Management Statement  Date: September 30, 2020 Time: 10:00 a.m. Judge: Hon Vince Chhabria |

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**

**1. Jurisdiction & Service**

Jurisdiction

This Court has subject matter jurisdiction under *Federal question jurisdiction*, because it is about federal laws or rights, namely, Copyright Infringement.

Service

All parties, except Defendant Mark Williams, have been properly served. The Plaintiff has filed a motion for alternative service (by publication) for Mark Williams.

**2. Facts.**

The Compalint explains that the Plaintiff's work was acessed and infringed by numerous parties, to make the two infringing derivative motion pictures (Avatar, Taken) that are addressed in this lawsuit. However, after writing the Complaint, the Plaintiff learned that

the Defendants and their associates made many more infringing works from the Plaintiff's central screenplay (*Butterfly Driver*, AKA *Uberopolis: City of Light*), <u>and by unlawfully accessing and infringing **other** of the Plaintiff's works</u>. (The Plaintiff will address the other infringing works in future actions.) This action only involves the infringing derivatives *Avatar* and *Taken*.

To support their infringement of the Plaintiff's work, the Defendants published many fraudulent and backdated web articles, and supported these fraudulent articles with fake Internet Archive crawls, and conspired with Google LLC (subsidiary of Alphabet), and conspired with Microsoft (not a defendednt in this matter, to reveal fraudulent URLs to anyone who attempted to access the fake Intenet Archive crawls.

Because of the complexity of these matters, the Plaintiff believes it is unreasonable to delineate all of the various facts and issues at play.

### 3. Legal Issues.

The claims for relief are:

1. Copyright Infringement;
2. Vicarious Copyright Infringement;
3. Contributory Copyright Infringement;
4. Intentional Misrepresentations;
5. Breach of Contract;
6. Breach of Confidence.

**4. Motions.**

a. The Plaintiff has filed motions for default judgment against Defendants:
   1. Zero Gravity Management LLC;
   2. Robert Kamen.

   (The Clerk has also entered these Defendants into default.)

b. The Plaintiff has filed various motions in limine to include, and motions/requests for judicial notice, and a motion to serve by publication against Mark Williams.

c. The Defendants have entered four motions to dismiss.

### 5. Amendment of Pleadings.

The Plaintiff does intend to amend his Complaint by December 1, 2020.

### 6. Evidence Preservation.

The Plaintiff has reviewed the Guidelines for the Discovery of Electronically Stored Information.

The Plaintittf hopes and intends to speak with the opposing parties about preserving evidence relevant to the issues one could reasonably understand to be part of this case by or before December 1, 2020.

### 7. Disclosures.

The Parties have not yet sent each other Initial Disclosures, but the Plaintiff hopes to exchange them by January 8, 2021.

**8. Discovery**

The Plaintiff intends to investigate all communications between the Defendants and/or their ownership/officers (Rupert Murdoch, Sergey Brin, Brewster Kahle) <u>concerning the Plaintiff, or his intellectual property</u> [screenplay(s), or concepts like "aggregated data" or Earth/Universe simulation], and concerning any effort to produce fraudulent articles or fraudulent Internet Archive crawls, and concerning any effort to access the Plaintiff personal files and/or hack into the Plaintiff's computer/phone.

The Plaintiff also intends to seek information and communication between these same parties concerning any effort to fraudulently assign writing or creative credit for the Plaintiff's ideas to any other party.

### 9. Class Action

This is not a class action suit.

### 10. Related Cases.

There are currently no related cases.

### 11. Relief.

Releif sought:

1. Award Plaintiff compensatory damages in an amount to be determined at trial;

2.  Award Plaintiff exemplary or punitive damages according to proof;
3.  Award Plaintiff special damages according to proof;
4.  Award Plaintiff civil penalties as provided by law;
5.  For recovery of all profits from the films *Avatar* and *Taken* (including theatrical receipts, DVDs, video games, etc), as provided under 17 U.S.C. § 504;
6.  Award Plaintiff prejudgment interest, according to proof;
7.  Award Plaintiff's costs, and reasonable attorneys' fees, under 17 U.S.C. § 505;
8.  Impose injunctions and impounding against Defendants, as provided under 17 U.S.C. §§ 502 and 503, blocking the release of all Avatar or Taken series videos, video games, downloads, books, posters, toys or other such products.
9.  An accounting (as *Avatar* has earned $2,500,000,000 in theatres, and is projected to earn an additional $7,500,000,000 in auxiliary markets, according to conventional market analytics; similarly the *Taken* series has earned $800,000,00, and should have earned $3,200,000,000 in auxiliary markets).
10. Grant any other relief that the Court deems just and proper.

### 12. Settlement and ADR.

The Defendants have engaged in unthinkable civil and criminal (routinely hacking into the Plaintiff's computer and phone—to steal the Plaintiff's works and ideas) offenses . Thus, the Plaintiff is not open to most forms of Alternative Disputes Resolution, as the Plaintiff wants full compensation (as provided under copyright law, and serious damages, and he wants a permanent record of what the Defendants and their associates have done, so it is known by all true Americans how deeply these paties betrayed America, the Constitution and decency; this will, hopefully prevent the Defendants and their amoral underlings from betraying all descent business values and all core American values again.

Additionally, before filing this lawsuit, the Plaintiff gave all of the Defendants an opportunity to arrange settlement discussions. But, outside of formal ADR proceedings, the Defendants are welcome to contact the Plaintiff privately to arrange settlement that includes payment of all net profits and substantial damages, commensurate with the Defendants'

infractions.

Further, in support of the Plaintiff's refusal to participate in either mediation or settlement conference, page 3 of the current, May 2018, *Alternative Dispute Resolution Procedures Handook* (**ADRHB**) explains that ADR is not useful when (c) **a party needs the protections of formal litigation**; or (d) **there is an extreme imbalance of power between the parties**. Both of these conditions are present in this action.

Precedent

Page 3 of the ADRHB also states that ADR **is not useful when a party seeks to establish precedent**. The Plaint does, rightly, seek to establish precedent. The precedent that the Plaintiff seeks to establish is: If the defendant resorts to unlawful methods (hacking or fraud or false pretenses) to access and/or obtain a Plaintiff's work, special damages (doubling or tripling damages) must be implemented, to discouraging corporate infringers from effortlessly hacking into the files of all Americans, to steal their ideas. Merely returning profits (when getting a ruling against the film industry has not happened in perhaps over 30 years) is not enough of a disinsentive to stop the practice of hacking to infringe.

Thus, if ADR is required, the Plaintiff is only consents to *Early Neutral Evaluation*.

**13. Consent To Magistrate Judge For All Purposes.**

NO. The Plaintiff will NOT consent to a magistrate judge.

**14. Other References.**

Not applicable.

**15. Narrowing of Issues.**

Not applicable.

**16. Expedited Trial Procedure.**

NO. Not applicable.

**17. Scheduling.**

Given the complexity of this matter, and the large number of Defendants and many alleged infractions, the Plaintiff requests a timeline that contemplates these realities, and is

longer than average.

Plaintiff proposes the following schedule:

Discovery begins: October 1, 2020;

Discovery cutoff: November 5, 2021;

Designation of Experts: October 4, 2021;

Deadline For Filing Dispositive Motions: September 3, 2021;

Pretrial Conference: January 6, 2022;

Trial begins: March 14, 2022;

Trial ends: March 25, 2022.

### 18. Trial.

Jury Trial, as demanded on the Complaint.

Plaintiff believes that because of the density and complexity of the issues and facts, and the large number of Defendants, this case requires a 2 week (10 day trial) jury trial. The Plaintiff proposes March 14, 2022, to March 25, 2022.

### 19. Disclosure on Non-party, Interested Entities or Persons.

None.

### 20. Professional Conduct.

Plaintiff has reviewed Guidelines For Professional Conduct For The Northern District Of California.

### 21. Such Other Matters.

None.

Dated: September 24, 2020.                              Respectfully Submitted,

                                                        /s/ Steve Wilson Briggs
                                                        Plaintiff, In Propria Persona