UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE KENYATTA WILSON BRIGGS, Plaintiff, v. JAMES CAMERON, et al., Defendants. | Case No. 20-cv-01596-VC **ORDER DISMISSING LAWSUIT AND RESOLVING ALL PENDING MOTIONS** Re: Dkt. Nos. 31, 53, 63, 67, 86, 91, 105 |

This is the latest in a series of lawsuits by pro se plaintiff Steve Wilson Briggs against Hollywood figures, alleging conspiracies relating to the theft of his screenplay, Butterfly Driver. *See, e.g.*, *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155 (N.D. Cal. 2014), *affirmed as Briggs v. Sony Pictures Entertainment, Inc.*, 714 F. App'x 712 (9th Cir. 2018); *Briggs v. Universal Pictures, et al.*, No. 3:17-cv-6552-VC (N.D. Cal. Apr. 25, 2017); and *Briggs v. Spacey, et al.*, No. 3:18-cv-4952-VC (N.D. Cal. Dec. 22, 2018), *affirmed*, 793 F. App'x 634 (9th Cir. 2020). In the first lawsuit, Briggs sued Neil Blomkamp, among others, alleging that the film Elysium infringed Butterfly Driver. In the second, he again alleged that Elysium infringed Butterfly Driver, but added some new defendants, including Kevin Spacey, Matt Damon, and Ben Affleck. In the third lawsuit, Briggs made similar claims about Elysium and Butterfly Driver. In this lawsuit, Briggs sues James Cameron and others, claiming that two other films, Avatar and Taken, infringed Butterfly Driver.

Among the numerous defendants sued in this case, most have responded, and all that have responded have done so with motions to dismiss. Those motions are granted, and dismissal is with prejudice. As for the defendants that have not responded to the complaint, Briggs moves

for default judgment. That motion is denied, and the claims against those defendants are dismissed with prejudice as well. Briggs's motion to disqualify is denied, and the numerous motions that he has titled "motions in limine" are denied as well. Judgment will be entered against Briggs and in favor of all the defendants.

## I. Motions to Dismiss

Much of Briggs's 845-page complaint is unintelligible, but the core allegation is that his screenplay, Butterfly Driver, was stolen and used to create two movies, Avatar and Taken. Briggs also describes a vast conspiracy to hide this alleged theft—one that includes publishing fraudulent websites to falsely portray that these works predate his own; creating fake archives of the fraudulent websites to conceal the fraud; and hacking into his personal computer to stymie his preparation of this lawsuit.

(1) Copyright Claim. Butterfly Driver is clearly not substantially similar to Avatar or Taken. The test for substantial similarity on a motion to dismiss involves "assess[ing] the objective similarities of the two works, focusing only on the protectable elements of the plaintiff's expression." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1118 (9th Cir. 2018), *overruled on other grounds by Skidmore v. Zeppelin*, 952 F.3d 1051 (9th Cir. 2020). The court filters out unprotectable elements, such as ideas and concepts as well as material in the public domain. The remaining protectable elements are then compared "to assess similarities in the objective details of the works." *Id.* The test focuses on "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events" in the relevant works. *Funky Films, Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006), *overruled on other grounds by Skidmore v. Zeppelin*, 952 F.3d 1051 (9th Cir. 2020).

Many, if not all, of the asserted similarities between Butterfly Driver and Avatar or Taken are unprotectable elements, such the primacy of family and the horror of corporate greed. After filtering out those elements, an analysis of the "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events" shows that neither Avatar and Butterfly Driver nor Taken and Butterfly Driver are remotely similar. Avatar is the story of a man who is sent to a different

2

planet as part of a mining operation to enrich a corporation on earth. He transforms into a genetically engineered alien body, falls in love with another alien, and helps prevent the corporation from destroying the alien planet. Taken is the story of a father searching for his teenage daughter, who was kidnapped by a human trafficking ring during her trip to Europe with a friend. The father, an ex-CIA operative, uses his skills to infiltrate that human trafficking ring and save her from a sex-slave auction. Butterfly Driver depicts a man who is wrongly accused of a crime, escapes custody, goes on a mission to find medicine for his sick child, and destroys a satellite city that is controlled by a corrupt politician. For the reasons set forth in Twentieth Century Fox's Motion to Dismiss, which includes a more in-depth analysis of the plot, dialogue, mood, setting, pace, and characters of these three works, the complaint fails to pass the substantial similarity test.

Dismissal with prejudice is proper when, like here, "[n]othing disclosed during discovery could alter the fact that the allegedly infringing works are as a matter of law not substantially similar." *Rentmeester*, 883 F.3d at 1123; *see also Masterson v. Walt Disney Co.*, 821 F. App'x 779, 780 n.1 (9th Cir. 2020) (listing cases). This lack of substantial similarity is a "defect [that] cannot be cured by amendment[.]" *Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1116 (N.D. Cal. 2010). Thus, Briggs's copyright claim is dismissed with prejudice. His claims of vicarious copyright infringement and contributory copyright infringement are also dismissed with prejudice, as they are precluded by the absence of copyright infringement.

(2) Intentional Misrepresentation and Breach of Contract. Briggs fails to allege the necessary elements for an intentional misrepresentation claim against Twentieth Century Fox, News Corp, Lightstorm, Cameron, Pierce, and Internet Archives. For example, the complaint lacks allegations that these defendants made a relevant representation to Briggs. Briggs does allege that he had communications with ZGM, such as when he submitted Butterfly Driver to the agency, but he does not clearly allege that pertinent representations from the other defendants

were made to him.[1]

Briggs's misrepresentation claim against Google is different in nature, but it must also be dismissed because Briggs has not alleged facts that support his theory of misrepresentation. The claim is premised on an alleged Google statement: "We provide our Services using a commercially reasonable level of skill and care." The complaint, however, does not allege that Google provided any "Service" with inadequate "skill and care." Instead, Briggs claims that Google engaged in hacking and other actions outside of its normal provision of "Services." Furthermore, Briggs states that he was harmed by Google's representation because it was the basis for him joining Gmail. But Google's alleged wrongdoing, according to the complaint, involved search results on Google Search and the display of URLs in Google Chrome—not Gmail. Thus, the factual allegations do not adequately support Briggs's intentional misrepresentation theory, and this mandates dismissal.

The complaint similarly fails to state a claim for breach of contract or confidence. Indeed, Briggs's breach of contract claim contains only direct allegations relating to ZGM. His references to Twentieth Century Fox and News Corp are insufficient. Meanwhile, Briggs's breach of confidence claim is also legally deficient. Briggs makes no relevant allegations regarding Twentieth Century Fox or News Corp.[2]

These claims for intentional misrepresentation as well as breach of contract and confidence are dismissed with prejudice. Viewed in insolation, the factual and legal assertions underlying these claims appear frivolous. But now that the copyright claim has been adjudicated definitively against Briggs, it becomes even more clear that he cannot possibly prevail on these ancillary claims. It is implausible that a complex web of intentional misrepresentations, breaches of contract, and breaches of confidence occurred in concealing the use of Briggs's screenplay

---

[1] Even the more concrete allegations against ZGM fail to state a claim. Briggs himself claims that the "actual harm" from ZGM's misrepresentations is the alleged copyright infringement, which did not occur.

[2] Even as to ZGM, these claims lack merit since there is no underlying copyright infringement. *See, e.g.*, *Ryder v. Lightstorm Entertainment Inc.*, 246 Cal. App. 4th 1064, 1074 (2016); *Spinner v. American Broadcasting Co.*, 215 Cal. App. 4th 172, 184-185 (2013).

when there was clearly no copyright infringement that required hiding.[3]

## II. Motions for Default Judgment

Brigg's motions for default judgment against the defendants that have not responded to the complaint are denied. As discussed above, the allegations in the complaint fail to state a claim, which precludes Briggs from obtaining a default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir.1980).

Furthermore, these claims are dismissed with prejudice because there is no conceivable set of circumstances under which Briggs could obtain relief. *Sparling v. Hoffman Construction Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir.1981); *see Aldabe*, 616 F.2d; *In re Chavez*, 2006 WL 6810920, at *4 (B.A.P. 9th Cir. June 19, 2006), *affirmed*, 286 F. App'x 527 (9th Cir. 2008); *Capital One Auto Finance, Inc. v. Bosch Auto Center, Inc.*, 2010 WL 11507586, at *5 (C.D. Cal. July 29, 2010). The court is not required to give notice when, as is the case here, the plaintiff cannot possibly win relief. *See, e.g.*, *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir.1987). Because these claims against the defendants that have not responded are dismissed with prejudice, Briggs's motion for service by publication is denied as moot.

## III. Motion to Disqualify

Briggs's motion to disqualify is denied because it is based on this Court's rulings in prior cases. This is insufficient to constitute "bias or prejudice" under 28 U.S.C. sections 144 and 455. Litigants who do not like the way a judge has ruled in the past do not have grounds to disqualify that judge. *See, e.g.*, *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987).

---

[3] Furthermore, even if Briggs were to attempt to reassert these claims as stand-alone claims that did not depend on the alleged copyright violation, this Court would have no jurisdiction over them because those claims are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974); *see, e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir.1984); *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983); *Franklin v. Oregon Welfare Division*, 662 F.2d 1337, 1342-43 (9th Cir.1981).

IV. Motions in Limine

Briggs has brought five "motions in limine" in which he invokes Federal Rules of Evidence 401 and 402. These motions are procedurally improper, but in any event, they are denied as moot. The Court notes, however, that it has considered these motions in assessing whether there are any allegations Briggs could conceivably add to the complaint to state a claim, and they only confirm that he could not.

**IT IS SO ORDERED.**

Dated: October 16, 2020

VINCE CHHABRIA
United States District Judge