**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE K. WILSON BRIGGS, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JAMES CAMERON; et al., <br><br> Defendants-Appellees. | No. 20-17229 <br><br> D.C. No. 3:20-cv-01596-VC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted October 12, 2021**

Before:   TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges

   Steve K. Wilson Briggs appeals pro se from the district court's judgment dismissing his action alleging copyright infringement and other related claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim. *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2016). We affirm.

The district court properly dismissed Briggs's direct, vicarious, and contributory copyright infringement claims because Briggs failed to allege facts sufficient to state a plausible claim. See *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff fails to show he is entitled to relief if the complaint's factual allegations "do not permit the court to infer more than the mere possibility of [the alleged] misconduct"); see also *Skidmore ex rel. Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (setting forth elements of direct copyright infringement); *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019-22 (9th Cir. 2001) (vicarious copyright infringement and contributory copyright infringement claims require direct copyright infringement).

The district court properly dismissed Briggs's remaining claims because they lacked any arguable basis in law or fact. See *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a "frivolous" claim lacks an arguable basis either in law or in fact; the "term 'frivolous' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

The district court did not abuse its discretion by denying Briggs's motion to disqualify the district judge because Briggs failed to establish extrajudicial bias or prejudice. See *United States v. McTiernan*, 695 F.3d 882, 891-92 (9th Cir. 2012) (setting forth standard of review and circumstances requiring disqualification).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

No further filings will be entertained in this closed case.

**AFFIRMED.**